UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elan Klein, Adam Klein, Leah Weaver, and Arissa Paschalidis, | Case No. 17-cv-1884 (PAM/SER) |
| Plaintiffs, | |
| v. | ORDER |
| Prime Therapeutics, LLC, Express Scripts, Inc., Express Scripts Holding Company, CVS Health Corporation, Medco Health Solutions, Inc., Caremark, L.L.C., Caremark Rx, L.L.C., and CaremarkPCS Health, L.L.C., | |
| Defendants. | |

    Kathleen M. Donovan-Maher, Esq., Berman Tabacco, Boston, Massachusetts, for Plaintiffs.

    Kristen G. Marttila, Esq., Lockridge Grindal Nauen, P.L.L.P, Minneapolis, Minnesota, for Plaintiffs.

    Jaime Stilson, Esq., Dorsey & Whitney LLP, Minneapolis, Minnesota, for Defendant Prime Therapeutics.

    Jessica J. Nelson, Esq., Felhaber Larson, Minneapolis, Minnesota, for Defendant Express Scripts.

    Daniel M. Dockery, Esq., Williams & Connolly, LLP, Washington, DC, for Defendant CVS, Medco Health, and Caremark.

    Steven L. Severson, Esq., Faegre Baker Daniels LLP, Minneapolis, Minnesota, for Defendants.

STEVEN E. RAU, United States Magistrate Judge

    This matter comes before the undersigned on Defendants Express Scripts Inc., Express Scripts Holding Co., and Medco Health Solution, Inc.'s (collectively, "Express Scripts") Motion for Further Consideration of Sealing [Doc. No. 154], Defendant Prime Therapeutic LLC's

("Prime") Motion for Further Consideration of Sealing [Doc. No. 160], and Defendants CVS Health Corporation, Caremark, L.L.C., Caremark RX, L.L.C., and CaremarkPCS Health, L.L.C.'s (collectively, "CVS") Motion for Further Consideration of Sealing [Doc. No. 166] (collectively, "Motions for Continued Sealing"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court grants Defendants' Motions for Continued Sealing.

## I. BACKGROUND

The underlying litigation involves Plaintiffs Elan Klein, Adam Klein, Leah Weaver, and Arissa Paschalidis's (collectively, "Plaintiffs") allegations that Defendants, pharmacy benefit managers ("PBMs"), violated the Employee Retirement Income Security Act of 1974 ("ERISA") in the manner in which the Defendants negotiated out-of-pocket costs for EpiPens for individuals covered by the Defendants' health plans.[1] *See generally* (Am. Compl.) [Doc. No. 107]. Currently before the Court are Defendants' Motions for Further Consideration of Sealing regarding Document Numbers 53, 58, 59, 60, 61, 63, 67, 70, 71, 74, 75, 76, 81, 84, originally filed under seal in support of the Defendants' respective Motions to Dismiss [Doc. No. 51, 56, 79]. The Motions to Dismiss were vacated as part of the Court's Order granting Plaintiffs' leave to file an amended complaint. *See* (Order Dated Aug. 24, 2017) [Doc. No. 94]. Plaintiffs filed their Amended Complaint on September 27, 2017, and Defendants renewed their respective motions to dismiss [Doc. Nos. 142, 145, 149]. Defendants renewed motions to dismiss are still pending and no memorandum or supporting documents have yet been filed on these motions to dismiss.[2]

---

[1] The Defendants' Motions for Continued Sealing were filed before the cases 17-cv-1884, 17-cv-5154, and 18-cv-18 were consolidated adding additional plaintiffs and defendants. *See* (Order Dated Feb. 1, 2018) [Doc. No. 190] (consolidating cases).

[2] The Court does not expect that supporting documents will be filed for these motions to dismiss; these motions to dismiss are likely moot in light of consolidation that has occurred in

As required under the Local Rules, the parties first submitted a Joint Motion Regarding Continued Sealing ("Joint Motion") [Doc. No. 115]. The parties agreed that the listed documents should remain sealed, but disagreed as to why. *See generally* (Joint Mot.). In particular, the Defendants asserted the documents in question contained proprietary business information. *See generally* (*id.*). Three entries in the Joint Motion specified that certain nonparties considered specific documents confidential. *See* (*id.* at 8–10). The remaining entries in the Joint Motion did not include an affirmative statement that a nonparty considered the document confidential. *See* (*id.* at 1–7, 11–17). Plaintiffs did not concede that the information Defendants wanted to seal was proprietary,

> but given the fact that the underlying motion has been mooted by Plaintiffs' filing of an Amended Complaint on September 27, 2017, the public's interest in a common-law right of access is minimal, and an in-depth analysis of Defendants' confidentiality claims are not warranted in light of the efficiency considerations embodied in Rule 1.

*See, e.g.*, (*id.* at 2–3). The Court denied the parties' Joint Motion. (Text Only Order Dated October 27, 2017) [Doc. No. 153]. The Defendants' filed their respective Motions for Continued Sealing and memoranda in support and Plaintiffs filed an omnibus opposition brief thereafter. *See* (Mots. for Continued Sealing); (Defs.' Express Scripts Inc., Express Scripts Holding Company, & Medco Health Solution, Inc.'s Mem. of Law in Supp. of Mot. for Further Consideration of Sealing, "Express Scripts' Mem. in Supp.") [Doc. No. 156]; (Def. Prime Therapeutics LLC's Mem. in Supp. of its Mot. for Further Consideration of Sealing, "Prime's Mem. in Supp.") [Doc. No. 162]; (Mem. in Supp. of Defs. CVS Health Corporation, Caremark,

---

this case. Specifically, the Honorable Paul Magnuson ordered Plaintiffs to file a Consolidated Complaint with plaintiffs in case numbers 17-cv-5154 and 18-cv-18 on or before April 2, 2018, and the consolidated Defendants may move to dismiss within 60 days of the filing of the Consolidated Complaint. *See* (Order Dated Feb. 1, 2018) [Doc. No. 190]; *see also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (stating the filing of an amended complaint may render moot a motion to dismiss the original complaint).

3

L.L.C, Caremark RX, L.L.C., & CaremarkPCS Health, L.L.C.'s Mot. for Further Consideration of Sealing, "CVS's Mem. in Supp.") [Doc. No. 168]; (Pls.' Omnibus Mem. of Law in Opp'n to Defs.' Mots. for Further Consideration of Sealing, "Pls.' Mem. in Opp'n") [Doc. No. 173].

Defendants argue generally that the documents should remain sealed because to the extent they are judicial records, the information they seek to seal is highly confidential and the public interest is minimal and outweighed by their respective interests in nondisclosure. *See* (Express Scripts' Mem. in Supp. at 7–11); (Prime's Mem. in Supp. at 6–11, 21); (CVS's Mem. in Supp. at 6–11). Prime also argues that to the extent the documents are not judicial records, they have established good cause under Rule 26 of the Federal Rules of Civil Procedure for the documents continued sealing. *See* (Prime's Mem. in Supp. at 12–20).

Oral argument was heard by the undersigned and the matter is fully briefed and ripe for consideration. *See* (Minute Entry Dated Jan 23, 2018) [Doc. No. 186].

## II. DISCUSSION

### A. Legal Standard

"There is a common law right of access to judicial records, which includes the public's right to access documents that are submitted to the Court and that form the basis for judicial decisions." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016) (Wright, J.) (internal quotation marks omitted). "This right of access is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Specifically, this Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

**B.** **Analysis**

Ultimately, because the dispositive motions have been vacated, none of the information filed by Defendants is currently being considered by the Court. As a result, the Court grants Defendants' Motions for Continued Sealing. That said, because the parties are likely to be confronted with similar issues related to sealing of other documents filed in conjunction with Defendants' renewed motions to dismiss, the Court addresses the sealing issues presented in Defendants' Motions for Continued Sealing.

In particular, the Court is concerned with Defendants' showing under the Local Rules. The purpose of Local Rule 5.6 is to **limit** the amount of sealed material by placing the onus on the filer to demonstrate that sealing is warranted. This is particularly relevant in the instant case where Defendants filed hundreds of pages of commercial contracts. Portions of these contracts would generally be considered "stock" or "boilerplate" language. *See, e.g.*, (Ex. A) [Doc. No. 58 §§ 9, 13] (a "Force Majeure" section and a "General" section that specifies: how amendments are to be made to the agreement; the governing law that controls; enforceability of the contract; and the impact of section headings on interpretation of the contract provisions). In other places, the contracts contain pages of definitions that on their face are not confidential. *See, e.g.*, (*id.* § 1) (defining such terms as "COBRA" and "ERISA," which are acronyms for federal legislation). In at least some of the contracts, arguably the most sensitive information was included as exhibits, attachments, or schedules. *See, e.g.*, (*id.*) (agreement that includes an "Exhibit A" attachment containing the most sensitive information); (Ex. B) [Doc. No. 75] (agreement that includes various schedules attached to the contract). Yet Defendants assert that redacting these contracts would be impracticable or that the entire document is confidential. *See, e.g.*, (Statement that

Entire Doc. is Confidential or Impracticable to Redact) [Doc. No. 64]; (Statement Instead of Redated [sic] Doc.) [Doc. No. 68]; (Statement Instead of Redated [sic] Docs.) [Doc. No. 72].

This approach is both unhelpful and inappropriate under the Local Rules. Critically, Plaintiffs provided similar contracts issued by Defendants to third-parties that are available online and that contain redactions. *See* (Pls.' Mem. in Opp'n at 11 nn.9–10). Plaintiffs' argument that the entire contract should be unsealed because there are versions of similar contracts that are publically available is not persuasive. Importantly, the publically available versions of these similar contracts contain redactions to prevent disclosure of confidential information. *See, e.g.*, PBM Services Agreement, https://www.sec.gov/Archives/edgar/data/885721/000095012310016 370/c54821exv10w30.htm (a 2009 agreement between Express Scripts and WellPoint, Inc.) (last visited Apr. 2, 2018). Nonetheless, Plaintiffs' argument demonstrates that Defendants' assertions that redactions were impracticable or that the entire document is confidential are not true. In fact, the contracts available online include only small redactions; the vast majority of these contracts appear in unredacted form. The publically available documents contain provisions similar to those in the documents before the Court. *Compare, e.g.*, *id.*, *with* (Ex. D) [Doc. No. 63] (A PBM agreement signed in 2017 between Express Scripts and U.S. Bankcorp, filed under seal). That is, Defendants' assertions related to the amount of confidential information contained in the contracts here are undermined by the lack of confidential information present in similar contracts. Furthermore, the Joint Motion makes it difficult for this Court to assess Defendants' claims that these contracts are confidential. Specifically, many of the contracts at issue were not

designated as being confidential in parts of the Joint Motion, while simultaneously being asserted as subject to a non-disclosure agreement in other parts of the Joint Motion.[3]

Finally, the parties' arguments related to whether the documents at issue are judicial records are largely a distraction from the larger question of whether sealing is appropriate under the Local Rules. That is, instead of arguing whether something is a judicial record through motion practice, it behooves the party seeking the sealing of documents (Defendants in this case) to provide the necessary showing up-front under the Local Rules. If the Defendants had met their initial burden to establish what should be sealed and why under the Local Rules, the Court would not need to engage in the additional motion practice that has occurred here. Regardless, a determination as to whether the documents at issue are judicial records is irrelevant under the circumstances. That is, the Court concludes the documents at issue should be sealed regardless of whether they are judicial records; either the documents are judicial records that should be sealed because the public right of access is *de minimis* when compared to Defendants' interests of nondisclosure, or they are not judicial records and they should be sealed because the Defendants have established good cause under Federal Rule of Civil Procedure 26(c). *See Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM), 2014 WL 12597948, at *11 (D. Minn. Oct. 14, 2014) (Mayeron, Mag. J.) (articulating the different burdens of proof for the sealing of judicial and non-judicial records), *adopted by* 2015 WL 224705 (Jan. 15, 2015) (Nelson, J.).

To be clear, the Court does not envy the parties as they navigate the new sealing rules. It is not the Court's intention to create a litigation side-show with respect to sealing, but the Local

---

[3] Many entries do not list a nonparty as designating the contract as confidential, but in Defendants' positions as to why the document should remain sealed, they state that the document is subject to a non-disclosure agreement. It is impossible from the Joint Motion to determine whether the failure to state a nonparty in the Joint Motion is an error of omission, or whether the affirmative statement that the contract is subject to a non-disclosure agreement is an unintentional copy-paste error. *See generally* (Joint Mot.).

Rules contemplate a burden that filers must meet in order to substantiate that sealing is warranted. For the Court to be able to meet its own obligations under the Local Rules, parties cannot simply dump hundreds of pages of documents on the Court, state that redactions are impracticable, and wait for the Court to rule. In situations like this where the documents at issue clearly contain large quantities of information that is already publically disclosed or otherwise appears to be non-confidential in nature, it is incumbent on the party seeking to seal documents that it provide a strong showing regarding what should be sealed and why. That is, "[i]f Defendants have a factual basis for requiring this information to be sealed, it is Defendants' duty to present that basis; the Court will not speculate based on broad, unsupported attorney advocacy." *Skky, LLC*, 191 F. Supp. 3d at 981. In some respects, Defendants were able to cure deficiencies in their burden of production with the statements made at oral argument, but that does not change the fact that their initial showings left something to be desired.

At bottom, none of the information filed by Defendants is currently being considered by the Court in addressing Defendants' renewed motions to Dismiss, and Defendants Motions for Continued Sealing are granted. The next time the parties seek to seal information filed with the Court, more robust efforts in determining what aspects of the documents should be sealed from public disclosure and articulating those reasons will be necessary.

### III. CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Express Scripts Inc., Express Scripts Holding Co., and Medco Health Solution, Inc.'s Motion for Further Consideration of Sealing [Doc. No. 154] is **GRANTED**;

2. Defendant Prime Therapeutic LLC's Motion for Further Consideration of Sealing [Doc. No. 160] is **GRANTED**;

3. Defendant CVS Health Corporation, Caremark, L.L.C., Caremark RX, L.L.C., and CaremarkPCS Health, L.L.C.'s Motion for Further Consideration of Sealing [Doc. No. 166] is **GRANTED**; and

4. The following documents shall remain sealed: Document Numbers 53, 58, 59, 60, 61, 63, 67, 70, 71, 74, 75, 76, 81, 84.

Dated: April 2, 2018

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge