**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| In re EpiPen ERISA Litigation, | Case No. 0:17-1884-PAM-HB |

## <u>JOINT MOTION REGARDING CONTINUED SEALING</u>

Pursuant to Local Rule 5.6(c), documents were filed under temporary seal in connection with the following motions:

- Defendants CVS Health Corp., CaremarkPCS Health L.L.C., Caremark, L.L.C., and Caremark Rx, L.L.C.'s  Motion to Dismiss [Dkt. 209];

- Defendants Express Scripts Holding Co., Express Scripts, Inc., and Medco Health Solutions, Inc.'s Motion to Dismiss [Dkt. 210];

- Defendants Optum, Inc., OptumRx Holdings, LLC, OptumRx, Inc., United HealthCare Services, Inc. and UnitedHealth Group Inc.'s Motion to Dismiss [Dkt. 211]; and

- Defendant Prime Therapeutics LLC's Motion to Dismiss [Dkt. 212].

Pursuant to Local Rule 5.6(d), the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 214 | Unredacted copy of Defendants' Combined Memorandum of Law in Support of Their Motions to Dismiss the Consolidated Class Action Complaint | X | | | | A redacted copy of this brief was filed at Dkt. 215. Defendants assert that redacted portions of the brief contain citations to limited excerpts of non-public, highly competitive, proprietary and/or commercially sensitive contractual terms contained in Defendants' business contracts that have been marked Highly Confidential pursuant to the Protective Order [Dkt. 249]. In addition, the underlying documents which are cited were designated as confidential under a non-disclosure agreement between the contracting partners. Because Defendants are the designating parties, Plaintiffs |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 217 | Excerpts of Pharmacy Benefit Management Agreement between Prime Therapeutics LLC ("Prime") and Horizon Healthcare Services, Inc. ("Horizon"), dated November 2012<br><br>(Ex. A to O'Hara Decl.) | X | | | | Defendant Prime Therapeutics LLC ("Prime") asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  In addition, the terms of this agreement were designated as confidential under a non-disclosure agreement between the contracting partners.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249]. Finally, this document has no relevance to the pending Motions to Dismiss given Ms. Paschalidis' voluntary dismissal [Dkt. 247], and should remain sealed pursuant to Magistrate Judge Rau's April 2 Order [Dkt. 195].<br><br>Because Prime is the designating party, Plaintiffs take no position on whether this |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | document should remain under seal pursuant to Rule 5.6. |
| 218 | Excerpts of Pharmacy Benefit Management Agreement between Prime and Blue Cross and Blue Shield of Florida, Inc. ("Florida Blue"), entered into as of January 1, 2013<br><br>(Ex. B to O'Hara Decl.) | X | | | | Prime asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  In addition, the terms of this agreement were designated as confidential under a non-disclosure agreement between the contracting partners.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because Prime is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 219 | Excerpts of Pharmacy Benefit Management Agreement between Prime and Florida Blue, entered into as of January 1, 2016<br><br>(Ex. C to O'Hara Decl.) | X | | | | Prime asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  In addition, the terms of this agreement were designated as confidential under a non-disclosure agreement between |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | the contracting partners.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because Prime is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 226 | Unredacted Declaration of Hillary Timmons-Tejeda | X | | | | A redacted copy of this declaration was filed at Dkt. 227.<br><br>Prime asserts that redacted portions of this declaration contain references to HIPAA Protected Health Information of now-dismissed Named Plaintiff Arissa Paschalidis.  *See* 45 C.F.R. § 160.103.  In addition, this document has no relevance to the pending Motions to Dismiss given Ms. Paschalidis' voluntary dismissal [Dkt. 247], and should remain sealed for the same reasons set forth in Magistrate Judge Rau's April 2 Order [Dkt. 195]. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Because Prime is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 228 | Report of all prescription drug purchases shown in Prime's Records for (now-dismissed) Named Plaintiff Arissa Paschalidis<br><br>(Ex. A to Timmons-Tejada Decl.) | X | | | | Prime asserts that this document contains HIPAA Protected Health Information of now-dismissed Named Plaintiff Arissa Paschalidis  *See* 45 C.F.R. § 160.103.  In addition, this document has no relevance to the pending Motions to Dismiss given Ms. Paschalidis' voluntary dismissal [Dkt. 247], and should remain sealed for the same reasons set forth in Magistrate Judge Rau's April 2 Order [Dkt. 195].<br><br>Because Prime is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 229 | Report of (now-dismissed) Named Plaintiff Arissa Paschalidis insurance coverage | X | | | | Prime asserts that this document contains HIPAA Protected Health Information of now-dismissed Named Plaintiff Arissa Paschalidis.  *See* 45 |

| | | | | | |
|---|---|---|---|---|---|
| | (Ex. B to Timmons-Tejada Decl.) | | | | | C.F.R. § 160.103.  In addition, this document has no relevance to the pending Motions to Dismiss given Ms. Paschalidis' voluntary dismissal [Dkt. 247], and should remain sealed for the same reasons set forth in Magistrate Judge Rau's April 2 Order [Dkt. 195].<br><br>Because Prime is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 232 | Excerpts of Participating Group Services Agreement between CaremarkPCS Health, L.L.C. and U.S. Bancorp, entered into as of January 1, 2015<br><br>(Ex. 1 to Oesterle Decl.) | X | | | | Defendant CaremarkPCS Health, L.L.C. ("CaremarkPCS Health") asserts that the excerpted document contains the non-public, highly competitive, and proprietary business information of CVS and/or its subsidiaries, and the terms of agreements designated as confidential under non-disclosure agreements between U.S. Bancorp and a subsidiary of CVS.  This document has been designated as Highly Confidential pursuant to the Protective Order [Dkt. 249]. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Because CaremarkPCS Health is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 233 | Amended and Restated Pharmacy Benefit Management Subcontract Agreement by and between Aetna Health Management, LLC and CaremarkPCS Health, L.L.C., dated as of October 2, 2013 (Ex. 2 to Oesterle Decl.) | X | | | | CaremarkPCS Health asserts that the excerpted document contains the non-public, highly competitive, and proprietary business information of CVS and/or its subsidiaries, and the terms of agreements designated as confidential under non-disclosure agreements between Aetna Health Management and a subsidiary of CVS.  This document has been designated as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because CaremarkPCS Health is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |

| 236 | Excerpts of the Integrated Prescription Drug Program Master Agreement entered into on January 1, 2009 by U.S. Bancorp and Medco Health Solutions, Inc.<br><br>(Ex. A to Hart Decl.) | X | | | | Defendant Medco Health Solutions, Inc. ("Medco") asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  Additionally, U.S. Bancorp and Medco Health Solutions, Inc. agreed to keep the terms of this agreement confidential.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because Medco is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 237 | Excerpts of the Amendment to the Integrated Prescription Drug Program Master Agreement entered into on January 1, 2011 by U.S. Bancorp and Medco Health Solutions, Inc.<br><br>(Ex. B to Hart Decl.) | X | | | | Medco asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  Additionally, U.S. Bancorp and Medco Health Solutions, Inc. agreed to keep the terms of this agreement confidential.  This document has been marked as |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because Medco is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 238 | Excerpts of an amendment to the Integrated Prescription Drug Program Master Agreement entered into on February 4, 2013 by U.S. Bancorp and Medco Health Solutions, Inc.<br><br>(Ex. C to Hart Decl.) | X | | | | Medco asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms. Additionally, U.S. Bancorp and Medco Health Solutions, Inc. agreed to keep the terms of this agreement confidential.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because Medco is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 239 | Excerpts of the Prescription Drug Program Agreement | X | | | | Defendant Express Scripts Inc. ("ESI") asserts that excerpts of this document contain non- |

| | | | | | |
|---|---|---|---|---|---|
| | entered into on January 1, 2017 by U.S. Bancorp and Express Scripts Inc.<br><br>(Ex. D to Hart Decl.) | | | | | public, highly competitive, proprietary and/or commercially sensitive contractual terms. Additionally, U.S. Bancorp and ESI agreed to keep the terms of this agreement confidential. This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because ESI is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 242 | Excerpts of the Agreement for Health Care Plan Services entered into on January 1, 2001 (as amended and restated January 1, 2004) between Delta Air Lines, Inc., Delta Benefits Management, Inc., the Delta Family-Care Medical Plan, the Delta Pilots Medical Plan and United Healthcare Insurance Company. | X | | | | Defendant UnitedHealthcare Services, Inc. asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  In addition, the contracting parties agreed to keep the terms of this agreement confidential.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249]. |

| | | | | | |
|---|---|---|---|---|---|
| | (Ex. A to Nguyen Decl.) | | | | | Because UnitedHealthcare Services, Inc. is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 243 | Excerpts of the Sixth Amendment to the Agreement For Health Care Plan Services (as amended and restated January 1, 2004) made by and between United HealthCare Insurance Company and Delta Air Lines, Inc., Delta Benefits Management, Inc., Delta Family-Care Medical Plan, Delta Account-Based Healthcare Plan, and Delta Pilots Medical Plan<br><br>(Ex. B to Nguyen Decl.) | X | | | | United HealthCare Services, Inc. asserts that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  In addition, the contracting parties agreed to keep the terms of this agreement confidential.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because United HealthCare Services, Inc. is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 244 | Excerpts of the Twelfth Amendment to the Agreement For Health Care Plan Services (as | X | | | | United HealthCare Services, Inc. asserts that excerpts of this document contain non-public, highly competitive, proprietary |

| | | | | | |
|---|---|---|---|---|---|
| | amended and restated January 1, 2004) made by and between United HealthCare Services, Inc. and Medica Self-Insured and Delta Air Lines, Inc., Delta Family-Care Medical Plan, Delta Account-Based Healthcare Plan, Northwest Healthcare Plan and Delta Pilots Medical Plan.<br><br>(Ex. C to Nguyen Decl.) | | | | | and/or commercially sensitive contractual terms.  In addition, the contracting parties agreed to keep the terms of this agreement confidential.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because United HealthCare Services, Inc. is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 245 | Excerpts of the Prescription Drug Benefit Administration Agreement entered into on January 1, 2013 by and between United HealthCare Services, Inc. and OptumRx, Inc.<br><br>(Ex. D to Nguyen Decl.) | X | | | | United HealthCare Services, Inc. and OptumRx, Inc. assert that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  In addition, the contracting parties agreed to keep the terms of this agreement confidential.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249]. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Because United HealthCare Services, Inc. and OptumRx are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 246 | Excerpts of the Second Amendment to the Prescription Drug Benefit Administration Agreement entered into on September 1, 2015, by and between OptumRx, Inc. f/k/a RxSolutions, Inc., d/b/a Prescriptions Solutions, and United HealthCare Services, Inc.<br><br>(Ex. E to Nguyen Decl.) | X | | | | | United HealthCare Services, Inc. and OptumRx, Inc. assert that excerpts of this document contain non-public, highly competitive, proprietary and/or commercially sensitive contractual terms.  In addition, the contracting parties agreed to keep the terms of this agreement confidential.  This document has been marked as Highly Confidential pursuant to the Protective Order [Dkt. 249].<br><br>Because United HealthCare Services, Inc. and OptumRx are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |

| 258 | Unredacted copy of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss | X | | | | A redacted copy of this brief was filed at Dkt. 259.<br><br>Defendants assert that redacted portions of this brief contain citations to non-public, highly competitive, proprietary and/or commercially sensitive contractual terms contained in Defendants' business contracts that have been marked Highly Confidential pursuant to the Protective Order [Dkt. 249].  In addition, the underlying documents which are cited were designated as confidential under a non-disclosure agreement between the contracting partners.<br><br>Because Defendants are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
| 262 | Pharmacy Benefit Management Agreement between Prime and Blue Cross and Blue Shield of Florida, Inc. ("Florida | X | | | | Plaintiffs filed this document in its entirety in support of their opposition to Defendants' motion to dismiss. |

| | | | | | |
|---|---|---|---|---|---|
| Blue"), entered into as of January 1, 2013<br><br>(Ex. 1 to Obrist Decl.) | | | | | Prime asserts that in order to protect its confidential information, either (a) the entire document should remain under seal or (b) Plaintiffs should file under seal a version of the document that only includes excerpts of the information that Plaintiffs cited in their opposition.  This position is supported on multiple grounds, including but not limited to the fact that the document contains non-public, highly competitive, proprietary and/or commercially sensitive contractual terms, including pricing terms and ancillary terms affecting prices, and terms revealing the proprietary packaging of certain services, which are non-public, and specific and confidential to the contracting partners, all of which are not relevant to Plaintiffs' citation [Dkt. 258 at 64, fn. 41]; because the contract is designated as confidential under a non-disclosure agreement between the contracting parties; and because |

| | | | | | | specifically with respect to subpart (b), although Magistrate Judge Rau's April 2 Order directed that the "filer" must "limit the amount of sealed material" [Dkt. 195 at 5], Plaintiffs filed the entire 63-page contract while only citing two definitional sentences.<br><br>Because Prime is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6.  If the Court finds sealing is appropriate under Rule 5.6, Plaintiffs agree with Prime, as outlined in subpart (a) above, that the document should remain under seal in its entirety.  Plaintiffs do not agree to the approach outlined by Prime in subpart (b); it is inappropriate for Prime to substantively alter Plaintiffs' motion to dismiss response through a Rule 5.6 filing. Plaintiffs do not agree with Prime's relevance claims above, and as explained in |
|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs' MTD Opposition brief (ECF No. 258), submission of mere excerpts of contracts is inappropriate and misleading because neither the Court nor the parties can understand excerpts without their full context. If the Court does not seal the entire document as submitted as outlined in subpart (a) above, then Plaintiffs propose the alternative of publicly filing a redacted full version that redacts everything not cited or relied upon in the MTD briefing. |
| 263 | Pharmacy Benefit Management Agreement between Prime and Florida Blue, entered into as of January 1, 2016 (Ex. 2 to Obrist Decl.) | X | | | | Plaintiffs filed this document in its entirety in support of their opposition to Defendants' motion to dismiss.<br><br>Prime asserts that in order to protect its confidential information, either (a) the entire document should remain under seal or (b) Plaintiffs should file under seal a version of the document that only includes excerpts of the |

| | | | | | | information that Plaintiffs cited in their opposition.  This position is supported on multiple grounds, including but not limited to the fact that the document contains non-public, highly competitive, proprietary and/or commercially sensitive contractual terms, including pricing terms and ancillary terms affecting prices, and terms revealing the proprietary packaging of certain services, which are non-public, and specific and confidential to the contracting partners, all of which are not relevant to Plaintiffs' citation [Dkt. 258 at 64, fn. 41]; because the contract is designated as confidential under a non-disclosure agreement between the contracting parties; and because specifically with respect to subpart (b), although Magistrate Judge Rau's April 2 Order directed that the "filer" must "limit the amount of sealed material" [Dkt. 195 at 5], Plaintiffs filed the entire 73- |

| | | | | | | page contract while only citing two definitional sentences.<br><br>Because Prime is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6.  If the Court finds sealing is appropriate under Rule 5.6, Plaintiffs agree with Prime, as outlined in subpart (a) above, that the document should remain under seal in its entirety.  Plaintiffs do not agree to the approach outlined by Prime in subpart (b); it is inappropriate for Prime to substantively alter Plaintiffs' motion to dismiss response through a Rule 5.6 filing. Plaintiffs do not agree with Prime's relevance claims above, and as explained in Plaintiffs' MTD Opposition brief (ECF No. 258), submission of mere excerpts of contracts is inappropriate and misleading because neither the Court nor the parties can understand excerpts without |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | their full context. If the Court does not seal the entire document as submitted as outlined in subpart (a) above, then Plaintiffs propose the alternative of publicly filing a redacted full version that redacts everything not cited or relied upon in the MTD briefing. |
| 269 | Unredacted copy of Defendants' Combined Reply in Support of Their Motions to Dismiss | X | | | | A redacted copy of this brief was filed at Dkt. 270.<br><br>Defendants assert that redacted portions of the brief contain citations to limited excerpts of highly sensitive, proprietary business information contained in Defendants' documents that have been marked Highly Confidential pursuant to the Protective Order [Dkt. 249].  In addition, the underlying documents which are cited were designated as confidential under a non-disclosure agreement between the contracting partners. |

| | | | | | | Because Defendants are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. |
|---|---|---|---|---|---|---|

[*Remainder of this page intentionally left blank*]

Dated:  September 20, 2018

LOCKRIDGE GRINDAL
NAUEN P.L.L.P.

By:    */s Kate M. Baxter-Kauf*
      Karen Hanson Riebel, #219770
      David W. Asp, #344850
      Kate M. Baxter-Kauf, #0392037
      Arielle S. Wagner, #0398332
      100 Washington Avenue South
      Minneapolis, MN  55401
      Telephone:  (612) 339-6900
      Facsimile:  (612) 339-0981
      khriebel@locklaw.com
      dwasp@locklaw.com
      kmbaxter-kauf@locklaw.com
      aswagner@locklaw.com

*Attorneys for Plaintiffs*

BERMAN TABACCO
  Kathleen M. Donovan-Maher (*pro hac vice*)
  Patrick T. Egan (*pro hac vice*)
  Justin N. Saif (*pro hac vice*)
  Steven L. Groopman (*pro hac vice*)
  Marc J. Greenspon (*pro hac vice*)
  One Liberty Square, 8th Floor
  Boston, MA 02109
  Telephone:  (617) 542-8300
  Facsimile:  (617) 542-1194
  kdonovanmaher@bermantabacco.com
  pegan@bermantabacco.com
  jsaif@bermantabacco.com
  sgroopman@bermantabacco.com
  mgreenspon@bermantabacco.com

BERMAN TABACCO
  Christopher Heffelfinger (*pro hac vice*)
  44 Montgomery Street, Suite 650
  San Francisco, CA 94104
  Telephone:  (415) 433-3200
  cheffelfinger@bermantabacco.com

THE MAUL FIRM, P.C.
  Anthony F. Maul (*pro hac vice*)
  68 Jay Street, Suite 201
  Brooklyn, NY 11201
  Telephone:  (781) 395-4918
  afmaul@maulfirm.com

*Attorneys for Plaintiffs Elan and Adam Klein, Leah Weaver, and Susan Illis*

ZIMMERMAN REED LLP
>   Charles Zimmerman, #0120054
>   Carolyn Anderson, #0275712
>   1100 IDS Center
>   80 South 8[th] Street
>   Minneapolis, MN  55402
>   Telephone:  (612) 341-0400
>   Facsimile:  (612) 641-0844
>   charles.zimmerman@zimmreed.com
>   carolyn.anderson@zimmreed.com

REX SHARP, P.A.
>   Rex A. Sharp (*pro hac vice*)
>   Ryan C. Hudson (*pro hac vice*)
>   Scott B. Goodger (*pro hac vice*)
>   5301 W. 75th Street
>   Prairie Village, KS  66209
>   Telephone: (913) 901-0505
>   Facsimile:  (913) 901-0419
>   rsharp@midwest-law.com
>   rhudson@midwest-law.com
>   sgoodger@midwest-law.com

ROBBINS GELLER RUDMAN
& DOWD LLP
>   Paul J. Geller (*pro hac vice*)
>   Stuart A. Davidson (*pro hac vice*)
>   120 East Palmetto Park Road, Suite 500
>   Boca Raton, FL 33432
>   Telephone: (561) 750-3000
>   Facsimile:  (561) 750-3364
>   pgeller@rgrdlaw.com
>   sdavidson@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
>   Arthur L. Shingler, III (*pro hac vice*)
>   Brian O. O'Mara (*pro hac vice*)
>   655 West Broadway, Suite 1900
>   San Diego, CA 92101
>   Telephone:  (619) 231-1058
>   Facsimile:  (619) 231-7423
>   ashingler@rgrdlaw.com
>   bomara@rgrdlaw.com

KELLER ROHRBACK, L.L.P.
>   Matthew Gerend (*pro hac vice*)
>   Lynn Lincoln Sarko (*pro hac vice*)
>   Gretchen Freeman Cappio (*pro hac vice*)
>   Gretchen S. Obrist (*pro hac vice*)
>   Cari C. Laufenberg (*pro hac vice*)
>   1201 Third Avenue, Suite 3200
>   Seattle, WA 98101
>   Telephone:  (206) 623-1900
>   Facsimile:  (206) 623-3384
>   mgerend@kellerrohrback.com
>   lsarko@kellerrohrback.com
>   gcappio@kellerrohrback.com
>   gobrist@kellerrohrback.com
>   claufenberg@kellerrohrback.com

THE LANIER LAW FIRM
>   W. Mark Lanier (*pro hac vice*)
>   Regan E. Bradford (*pro hac vice*)
>   6810 FM 1960 West
>   Houston, TX 77069
>   Telephone:  (713) 659-5200
>   wml@lanierlawfirm.com
>   reagan.bradford@lanierlawfirm.com

THE LANIER LAW FIRM
>   Cristina Delise (*pro hac vice*)
>   Tower 56
>   126 East 56th Street, 6[th] Floor
>   New York, NY 10022
>   Telephone:  (212) 421-2800
>   cristina.delise@lanierlawfirm.com

BURNS CHAREST LLP
>   Warren T. Burns  (*pro hac vice*)
>   500 North Akard, Suite 2810
>   Dallas, TX 75201
>   Telephone: (469) 904-4550
>   Facsimile:  (469) 444-5002
>   wburns@burnscharest.com

*Attorneys for Plaintiffs Traci Brannon, Lindsey Rizzo, and James Herr*

Dated:  September 20, 2018             DORSEY & WHITNEY LLP

By:    /s Jaime Stilson
        Stephen P. Lucke, #0154210
        Paul Heiring, #0175808
        Andrew Brantingham, #0389952
        Jaime Stilson, #0392913
        Nicholas J. Bullard, #0397400
        Suite 1500, 50 South Sixth Street
        Minneapolis, MN 55402-1498
        Telephone:  (612) 340-2600
        Facsimile:  (612) 340-2868
        stoeri.bill@dorsey.com
        lucke.steve@dorsey.com
        heiring.paul@dorsey.com
        brantingham.andrew@dorsey.com
        stilson.jamie@dorsey.com
        bullard.nick@dorsey.com

        *Attorneys for Defendant Prime Therapeutics
        LLC*

Dated:  September 20, 2018

FELHABER LARSON

By: ___*/s Jessica Nelson*_____
    Donald G. Heeman, #286023
    Jessica J. Nelson, #347358
    220 South Sixth Street, Suite
    2200
    Minneapolis, MN  55402-4504
    Telephone:  (612) 339-6321
    Facsimile:  (612) 338-0535
    dheeman@felhaber.com
    jnelson@felhaber.com

STEPTOE & JOHNSON LLP
    Paul J. Ondrasik, Jr. (*pro hac
    vice*)
    Eric G. Serron, #169778
    1330 Connecticut Avenue NW
    Washington, DC 20036
    Telephone: (202) 429-3000
    pondrasik@steptoe.com
    eserron@steptoe.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
    Michael Lyle (*pro hac vice*)
    Jonathan Cooper (*pro hac vice*)
    1300 I Street, NW, Suite 900
    Washington, D.C. 20005
    Telephone:  (202) 538-8000
    Facsimile:  (202) 538-8100
    mikelyle@quinnemanuel.com
    jonathancooper@quinnemanuel.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
    Andrew S. Corkhill (*pro hac vice*)
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Telephone:  (212) 849-7000
    Facsimile:  (212) 849-7100
    andrewcorkhill@quinnemanuel.com

*Attorneys for Defendants Express Scripts Holding Co., Express Scripts, Inc.,
and Medco Health Solutions, Inc.*

Dated:  September 20, 2018

FAEGRE BAKER DANIELS LLP  WILLIAMS & CONNOLLY LLP

 Steven L. Severson, #152857  By: */s Daniel M. Dockery*
 Isaac B. Hall, #0395398   Enu Mainigi (*pro hac vice*)
 2200 Wells Fargo Center   Paul Boehm (*pro hac vice*)
 90 South Seventh Street   Daniel M. Dockery (*pro hac vice*)
 Minneapolis, MN 55402   725 Twelfth Street, N.W.
 Telephone:  (612) 766-7000   Washington, DC 20005
 steven.severson@faegrebd.com   Telephone:  (202) 434-5000
 isaac.hall@faegrebd.com   Facsimile:  (202) 434-5029
  emainigi@wc.com
  pboehm@wc.com
  ddockery@wc.com

*Attorneys for Defendants CVS Health Corp., Caremark, L.L.C.,*
*Caremark Rx, L.L.C., and CaremarkPCS Health, L.L.C.*


Dated:  September 20, 2018

STINSON LEONARD STREET  ALSTON & BIRD LLP

 Donald T. Campbell, #026217
 Kadee J. Anderson, #0389902  By: */s Elizabeth Broadway Brown*
 50 South Sixth Street, Suite 2600   Brian D. Boone (*pro hac vice*)
 Minneapolis, MN 55402   Elizabeth Broadway Brown (*pro hac*
 Telephone:  (612) 335-1500   *vice*)
 donald.campbell@stinson.com   Jordan E. Edwards (*pro hac vice*)
 kadee.anderson@stinson.com   William H. Jordan (*pro hac vice*)
  Emily C. McGowan (*pro hac vice*)
  101 S. Tryon Street, Suite 4000
  Charlotte, NC 28280
  Telephone:  (704) 444-1100
  Facsimile:  (704) 444-1111
  brian.boone@alston.com
  liz.brown@alston.com
  jordan.edwards@alston.com
  bill.jordan@alston.com
  emily.mcgowan@alston.com

*Attorneys for Defendants Optum, Inc., OptumRX Holdings, LLC, OptumRx, Inc.,*
*United HealthCare Services, Inc. and UnitedHealth Group Inc.*