

DONALD G. HEEMAN
DIRECT DIAL: 612.268.7005
dheeman@spencerfane.com

March 18, 2019

**VIA ECF**

The Honorable Hildy Bowbeer, U.S.M.J
United States District Court
734 Federal Building
316 N. Robert Street
St. Paul, MN 55101
bowbeer_chambers@mnd.uscourts.gov

Re:   *In re EpiPen ERISA Litigation*, Case No. 17-cv-01884 (PAM-HB)

Dear Judge Bowbeer,

In accordance with the Court's Order Regarding Case Management Conferences (ECF No. 333), we write on behalf of all Defendants to address the items on the parties' Proposed Joint Agenda (ECF No. 365) for the Case Management Conference on March 21, 2019.

As it stands, the Parties have no ripe disputes regarding any agenda items.

**1.   Status of Discovery**

   **a.   Plaintiffs' Requests to Defendants**

Our previous status letter (ECF 350) detailed, as of February 19, 2019, Plaintiffs' discovery requests to Defendants, Defendants' responses, and the meet and confers between the Parties.

As of March 18, 2019, Defendants have collectively held over a dozen meet and confers with Plaintiffs about their discovery requests, and the meet and confers are ongoing as the Parties attempt to work through the issues cooperatively.

March 18, 2019

### i. Status of Defendants' production to date

Defendants are making rolling productions to Plaintiffs. As of March 18, 2019, Defendants have collectively produced to Plaintiffs tens of thousands of documents and millions of data records.

### ii. Meet and Confer Status

#### 1. Search Terms, Custodians, and ESI Sources

The Parties' ongoing meet and confers are covering the issues of search terms, custodians, and ESI sources.

#### 2. Disputes That May Require Court Intervention, But Are Not Yet Ripe For Resolution: Time Period, Government Inquiries, Formulary Committee Members' Identities

The Parties have exchanged proposals regarding the applicable time period for purposes of discovery and have exchanged views regarding the propriety of discovery requests concerning government inquiries and the identities of certain formulary committee members.

The Parties are continuing to meet and confer on these issues in an attempt to resolve them amicably. Defendants will continue to report on the status of these meet and confers and will, if a ripe dispute emerges, notify the Court.

### b. Plaintiffs' Requests to Third Parties

#### 1. Mylan

Mylan made its first production of documents in response to Plaintiffs' subpoenas on February 15, 2019; a second production on February 20, 2019; and a third production on March 15, 2019.

Defendants anticipate that Plaintiffs may further update the Court on the status of Mylan's response to Plaintiffs' subpoenas for documents.

#### 2. Sanofi

On or about February 25, 2019, Plaintiffs served non-party Sanofi-Aventis U.S. LLC with a subpoena to produce documents, setting a date of compliance of March 11, 2019.

Defendants anticipate that Plaintiffs may update the Court on the status of this subpoena.

### c. Defendants' Requests to Plaintiffs

On January 23, 2019, Prime served document requests and interrogatories on named Plaintiffs Adam and Elan Klein. On March 1, 2019, Plaintiffs Adam and Elan Klein provided

March 18, 2019

responses and answers to those document requests and interrogatories. Prime is currently evaluating the sufficiency of Plaintiffs' responses and answers, but anticipates that it will require additional information from Plaintiffs and expects it will request a meet-and-confer shortly.

On February 18, 2019, Defendants served on Plaintiffs their first set of common requests for production. Plaintiffs' responses are due on March 20, 2019.

On February 19, 2019, Optum and UnitedHealth Group served document requests and interrogatories on named Plaintiff Susan Illis. On March 15, Illis asked Optum and United for (and Optum and United agreed to) a one-week extension to respond to the document requests and interrogatories. Illis's responses are now due March 28.

### d. Defendants' Requests to Third Parties

On February 14, 2019, Mylan provided a written proposal for responding to Defendants' subpoenas. Defendants have accepted Mylan's proposal, subject to two caveats. Mylan has stated that it expects to complete production of the materials responsive to Defendants' subpoenas by the end of March. Defendants have provided Plaintiffs with the terms of Mylan's proposal, Defendants' two caveats, and Mylan's anticipated production schedule.

Our previous status letter (ECF 350) detailed, as of February 19, 2019, Defendant Prime's subpoenas to certain third parties that have relevant information about Plaintiffs Adam and Elan Klein. Prime is currently engaged in meet-and-confers with counsel for one of those entities, Blue Sea Capital, to determine whether Prime's concerns regarding Blue Sea Capital's responses can be resolved. On February 22, 2019, Prime also served a subpoena for documents on Paychex Insurance Agency, Inc., to which Paychex was to respond by March 15, 2019. Prime has yet to receive a response.

## 2. Mediation

### a. April 29-30, Hon. Jeffrey Keyes

The Parties have scheduled a mediation session with Judge Keyes for April 29–30, 2019.

Respectfully submitted,

*/s/ Donald G. Heeman*

Donald G. Heeman

cc:   All parties of record via ECF