# EXHIBIT L

Filed Under Seal

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re EpiPen ERISA Litigation

Case No. 0:17-1884-PAM-HB

**OBJECTIONS AND RESPONSES OF DEFENDANTS EXPRESS SCRIPTS HOLDING COMPANY, EXPRESS SCRIPTS, INC., AND MEDCO HEALTH SOLUTIONS, INC., TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendants Express Scripts Holding Company ("**ESHC**"), Express Scripts, Inc. ("**ESI**"), and Medco Health Solutions, Inc. ("**Medco**") (collectively for these discovery responses, "**Express Scripts**") hereby object and respond to Plaintiffs' First Set of Requests for Production.

## Objections to Definitions

"**Defendant**," "**You**," and "**Your**": Express Scripts objects to the definitions of "Defendant", "You", and "Your" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case. Express Scripts construes "Defendant," "You," and "Your"  to refer only to ESHC, ESI, and Medco.

"**EAI Device**": Express Scripts objects to the definition of "EAI Device" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case. Express Scripts construes "EAI Device" to refer to Adrenaclick (formerly known as Twinject), the Adrenaclick authorized generic, Auvi-Q (formerly known as e-Cue), EpiPen, EpiPen Jr., and the EpiPen authorized generic.

"**Exclusive Coverage**": Express Scripts objects to the definition of "Exclusive Coverage" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.  Express Scripts construes "Exclusive Coverage" to refer to "Exclusive" for purposes of "Formulary Positioning," and to have the same meaning as in Express Scripts' contracts relevant to this case, as reflected, for example, in ESI's 2016 commercial rebate agreement with Mylan (ES_000000018).

"**Formulary Committee**": Express Scripts objects to the definition of "Formulary Committee" as vague, ambiguous, irrelevant, unduly burdensome, disproportionate to the

1

needs of the case.   Express Scripts construes "Formulary Committee" to refer to the committees involved in formulary development at Express Scripts—the National Pharmacy & Therapeutics Committee ("**P&T Committee**"), the Therapeutic Assessment Committee ("**TAC**"), and the Value Assessment Committee ("**VAC**")—as described in the White Paper on Formulary Development at Express Scripts, ES_000000157–ES_000000161 ("**White Paper**").

"**Formulary**": Express Scripts objects to the definition of "Formulary" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case. Express Scripts construes "Formulary" to have the same meaning as in Express Scripts' contracts relevant to this case, as reflected, for example, in ESI's 2016 commercial rebate agreement with Mylan (ES_000000002).

"**Formulary Status**": Express Scripts objects to the definition of "Formulary Status" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.   Express Scripts construes "Formulary Status" to have the same meaning as in Express Scripts' contracts relevant to this case, as reflected, for example, in ESI's 2016 commercial rebate agreement with Mylan (ES_000000004).

"**Inquiry**" and "**Inquiries**": Express Scripts objects to the definition of "Inquiry" and "Inquiries" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.   Express Scripts construes these terms to cover a proceeding, investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a

governmental entity concerning both Manufacturer Payments connected to EAI Devices and ERISA.

"**Manufacturer Payment**": Express Scripts objects to the definition of "Manufacturer Payment" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.   Express Scripts construes "Manufacturer Payment" to refer to any monies (such as rebates and administrative fees) that Express Scripts receives from EAI Device Manufacturers in connection with EAI Devices.

"**Mylan**": Express Scripts objects to the definition of "Mylan" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.   Express Scripts construes "Mylan" to refer to Mylan, N.V., Mylan Inc., Mylan Specialty, L.P., Dey, L.P., and Dey Pharma L.P.

"**PBM**" and "**Pharmacy Benefit Manager**": Express Scripts objects to the definitions of "PBM" and "Pharmacy Benefit Manager" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.   Express Scripts construes these terms to refer to entities, such as ESI and Medco, that provide pharmacy benefit management services to third-party clients.

"**Plan**": Express Scripts objects to the definition of "Plan" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.   Express Scripts construes "Plan" to have the same meaning as in Express Scripts' contracts relevant to this case, as reflected, for example, in ESI's 2016 commercial rebate agreement with Mylan (ES_000000002–000000003).

"**Savings Coupon**": Express Scripts objects to the definition of "Savings Coupon" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.

"**Self-Insured Employer**": Express Scripts objects to the definition of "Self-Insured Employer" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.

"**Third-Party Payor**": Express Scripts objects to the definition of "Third-Party Payor" as vague, ambiguous, irrelevant, unduly burdensome, and disproportionate to the needs of the case.

### Objections to Relevant Time Period

Express Scripts objects to the definition of "Relevant Time Period" as "January 1, 2007 to the present." Such a lengthy timeframe seeks information that is irrelevant, unduly burdensome to provide, and disproportionate to the needs of the case. In Plaintiffs' Consolidated Class Action Complaint, ECF 196 ("**Complaint**"), all of the named plaintiffs' claims—and, in particular, the claims of Leah Weaver, the only named plaintiff with claims against Express Scripts—concern EpiPen purchases from no earlier than April 2013 and no later than May 2017. Complaint ¶¶ 11–29. To provide sufficient context, Express Scripts will agree to a timeframe of January 1, 2013, through December 31, 2017.

Furthermore, the conduct of Express Scripts that is complained about in the Complaint is alleged to have occurred in or after 2013. *E.g.*, Complaint ¶ 81 ("in 2014, Express Scripts made its standard closed formulary an opt-out formulary"), ¶ 120 ("In 2014 and 2015, Express Scripts excluded Auvi-Q from its standard formulary, while EpiPen

remained. . . .   Express Scripts excluded Auvi-Q again in 2017 and made EpiPen the preferred auto-injector.").   For similar reasons, the Court in the MDL Action held that Express Scripts need not produce documents predating 2013 in response to a subpoena served by class plaintiffs in that MDL Action (who were represented by many of the same class counsel as in this Action).   *See In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, 2018 WL 3240981, at *2 (D. Kan. July 3, 2018) ("Neither the allegations of Plaintiffs' consolidated amended complaint nor Plaintiffs' arguments in this motion support a compelling basis for Express Scripts to produce documents in response to the subpoena that predate 2013.").   Accordingly, Express Scripts construes the Relevant Time Period as January 1, 2013, through December 31, 2017.

## Objections to Instructions

Express Scripts objects to each of Plaintiffs' Instructions to the extent they purport to alter Express Scripts' obligations from what is required by the Federal Rules of Civil Procedure, the orders of this Court (including the Protective Order, ECF 249), and the agreements between the parties (including the agreed-upon portions of the electronic discovery protocol).   Express Scripts will respond to these discovery requests in accordance with the applicable rules, orders, and agreements.

## Objections and Responses to Requests for Production

### Request for Production No. 1

Produce all "contracts or agreements between Mylan and any PBM Defendant relating to the EpiPen or epinephrine drugs or devices" including all exhibits and addenda.

5

**Objections and Responses to Request for Production No. 1**

As Plaintiffs note in their discovery requests, they previously submitted this Request by letter dated February 8, 2018, and Express Scripts previously objected and responded to this Request on March 12, 2018, and in follow-up correspondence dated June 22, 2018. Furthermore, this Request is duplicative of Request No. 8

. Accordingly, Express Scripts responds to this Request by referring back to its prior objections and responses and to its objections and responses to Request No. 8.

**Request for Production No. 2**

Produce all Documents You produced in the MDL Action or in connection with any litigation concerning Manufacturer Payments You Received from Mylan or any other EAI Device Manufacturer concerning any EAI Device.

**Objections and Responses to Request for Production No. 2**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents produced in the MDL Action.  The MDL Action differs from this Action, and Express Scripts produced materials in the MDL Action that are irrelevant to this Action, such as documents about non-EAI Devices.  Express Scripts will not produce in this Action documents that were produced in the MDL Action that do not pertain to EAI Devices.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents produced in connection with "any" litigation concerning Manufacturer Payments from EAI Device Manufacturers concerning EAI Devices.

Express Scripts further objects that the phrase "produced . . . in connection with any litigation" is vague and ambiguous.   Express Scripts construes this phrase to mean "produced in any lawsuits."

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Manufacturer Payments made as a result of utilization by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose (such as confidential contracts between ESI and its clients) or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   Subject to these objections, Express Scripts will produce documents produced in the MDL Action, except (1) documents that do not pertain to EAI devices; (2) documents outside the Relevant Time Period; and (3) confidential client contracts. With respect to the issue of client contracts, Express Scripts refers to its objections and responses to Request No. 19.

Express Scripts further states that, aside from the MDL Action, it is not aware of producing documents in any other litigation concerning Manufacturer Payments received

from EAI Device Manufacturers concerning any EAI Device during 2013–2017. Accordingly, it is not aware of any documents in its possession that are responsive to that part of this Request.

**Request for Production No. 3**

Produce all Documents You produced or otherwise made available to any governmental entity or third parties in connection with any Inquiry.

**Objections and Responses to Request for Production No. 3**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents produced or otherwise made available in connection with any "Inquiry."  As explained above, Express Scripts construes "Inquiry" to refer to a proceeding, investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a governmental entity concerning both Manufacturer Payments connected to EAI Devices and ERISA.  Express Scripts will limit its response to this Request accordingly.

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts states that it is not aware of any proceeding, investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a governmental entity concerning both Manufacturer Payments connected to EAI Devices and ERISA during the Relevant Time Period.  Accordingly, it is not aware of any documents in its possession that are responsive to this Request.

## Request for Production No. 4

Produce all Documents concerning subpoenas or requests for Documents or information, whether formal or informal, in connection with any Inquiry, including without limitation:

a) All subpoena or requests for Documents or information;

b) All responses to any subpoena or request for Documents or information; and

c) All Communications concerning subpoenas or requests for Documents or information.

## Objections and Responses to Request for Production No. 4

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning subpoenas or requests for Documents or information in connection with any Inquiry.  As explained above, Express Scripts construes "Inquiry" to refer to a proceeding,

investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a governmental entity concerning both Manufacturer Payments connected to EAI Devices and ERISA.  Express Scripts will limit its response to this Request accordingly.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts states that it is not aware of any proceeding, investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a governmental entity concerning both Manufacturer Payments connected to EAI Devices and ERISA during the Relevant Time Period.  Accordingly, it is not aware of any documents in its possession that are responsive to this Request.

**Request for Production No. 5**

Produce all Documents, including Communications, that You received from any governmental entity or third parties in connection with any Inquiry, including any report of information obtained, or conclusions reached, by such Inquiry.

**Objections and Responses to Request for Production No. 5**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly

burdensome, and disproportionate to the needs of the case in seeking "all" documents

received from any governmental entity or third parties in connection with any Inquiry.  As

explained above, Express Scripts construes "Inquiry" to refer to a proceeding,

investigational complaint subpoena, or formal request for documents, information, or

testimony directed to or against Express Scripts that was initiated or conducted by a

governmental entity concerning both Manufacturer Payments connected to EAI Devices

and ERISA.  Express Scripts will limit its response to this Request accordingly.

*Objection—Timeframe*.  As explained above, Express Scripts construes the

Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it

seeks materials containing information shielded from disclosure by attorney-client

privilege, the work-product doctrine, or any other applicable privilege or protection.

Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent

that it seeks materials containing information that Express Scripts has legal or contractual

obligations with third parties not to disclose or information about third parties whose

privacy interests are protected by federal or state law.

***Response***.  Subject to these objections, Express Scripts states that it is not aware of any proceeding, investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a governmental entity concerning both Manufacturer Payments connected to EAI Devices and ERISA during the Relevant Time Period.  Accordingly, it is not aware of any documents in its possession that are responsive to this Request.

**Request for Production No. 6**

Produce all transcripts from depositions taken of You or your current or former employees in the MDL Action or in connection with any litigation concerning Manufacturer Payments You Received from Mylan or any other EAI Device Manufacturer.

**Objections and Responses to Request for Production No. 6**

***Objection—Scope***.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" transcripts from depositions taken of Express Scripts employees in connection with "any" litigation concerning Manufacturer Payments from EAI Device Manufacturers.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials concerning payments from EAI Device Manufacturers, even if they are not connected to EAI Devices (*e.g.*, rebates from Sanofi for utilization of drugs other than Auvi-Q).  As explained above, Express Scripts construes "Manufacturer Payments" to refer to any monies (such as rebates and administrative fees) that Express Scripts receives from EAI Device Manufacturers in connection with EAI Devices.  Express Scripts will limit its response to this Request accordingly.

12

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Manufacturer Payments made as a result of utilization by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks transcripts containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

Express Scripts further objects to this Request for seeking confidential transcripts protected from disclosure by a protective order in another case.  Express Scripts will not produce any confidential transcripts in violation of another court's protective order.

*Response*.  Express Scripts responds that one responsive deposition has been taken in the MDL Action and the transcript of that deposition has been designated highly confidential under the operative protective order in the MDL Action, which prohibits Express Scripts from producing transcripts of the deposition in this case.  Accordingly, Express Scripts will not produce the transcripts of the one responsive deposition in the MDL Action.  Express Scripts is willing to meet and confer with Plaintiffs about this Request if Plaintiffs desire.

Express Scripts further states that, aside from the MDL Action, it is not aware of any of its employees being deposed in any other litigation concerning Manufacturer Payments received from EAI Device Manufacturers concerning any EAI Device during the

Relevant Time Period.  Accordingly, it is not aware of any documents in its possession that are responsive to that part of this Request.

**Request for Production No. 7**

Produce all transcripts from testimony, statements, or depositions taken of You or your current or former employees as part of any government investigation relating to Manufacturer Payments You Received from Mylan or any other EAI Device Manufacturer.

**Objections and Responses to Request for Production No. 7**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" transcripts from testimony, statements, or depositions taken of Express Scripts employees as part of "any" government investigation relating to Manufacturer Payments from EAI Device Manufacturers.  As with the term "Inquiry," Express Scripts construes the phrase "government investigation relating to Manufacturer Payments You Received from Mylan or any other EAI Device Manufacturer" to refer to a proceeding, investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a governmental entity concerning both Manufacturer Payments connected to EAI Devices and ERISA.  Express Scripts will limit its response to this Request accordingly.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials concerning payments from EAI Device Manufacturers, even if they are not connected to EAI Devices (*e.g.*, rebates from Sanofi for utilization of drugs other than Auvi-Q).  As explained above, Express Scripts construes "Manufacturer Payments" to refer to any monies (such as rebates

and administrative fees) that Express Scripts receives from EAI Device Manufacturers in connection with EAI Devices.  Express Scripts will limit its response to this Request accordingly.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Manufacturer Payments made as a result of utilization by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts states that it is not aware of any proceeding, investigational complaint subpoena, or formal request for documents, information, or testimony directed to or against Express Scripts that was initiated or conducted by a governmental entity concerning both Manufacturer Payments connected to

EAI Devices and ERISA during the Relevant Time Period.  Accordingly, it is not aware of

any documents in its possession that are responsive to this Request.

**Request for Production No. 8**

Produce all Documents concerning actual or potential agreements between You and
any EAI Device Manufacturer, including, but not limited to, any executed or draft contracts,
agreements, understandings, term sheets, pricing grids, bid grids, and amendments to the
same, including, but not limited to, all agreements concerning Manufacturer Payments.

**Objections and Responses to Request for Production No. 8**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly

burdensome, and disproportionate to the needs of the case in seeking "all" documents

concerning actual or potential agreements between Express Scripts and any EAI Device

Manufacturer.  Express Scripts will not produce documents concerning agreements that do

not pertain to EAI Devices.  Express Scripts will also produce only those responsive

documents that it locates after a reasonable, good-faith search.

*Objection—Timeframe*.   As explained above, Express Scripts construes the

Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it

seeks materials containing information shielded from disclosure by attorney-client

privilege, the work-product doctrine, or any other applicable privilege or protection.

Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent

that it seeks materials containing information that Express Scripts has legal or contractual

obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) concern actual or potential agreements with an EAI Device Manufacturer that pertain to an EAI Device; (2) are dated between January 1, 2013, and December 31, 2017; and (3) are located after a reasonable, good-faith search.

**Request for Production No. 9**

Produce all Documents concerning Manufacturer Payments, including without limitation:

a) Documents concerning the amounts of Manufacturer Payments You Received (*e.g.*, invoices, balance statements, spreadsheets, utilization reports, etc.);

b) Documents describing the different types or forms of Manufacturer Payments You Received (*e.g.*, utilization rebates, administrative fees, formulary rebates, additional rebates, price protection rebates, purchase order discounts, etc.);

c) Documents concerning the purpose of, or rationale for, each type or form of Manufacturer Payment that you Received, including any alternative proposals at issue in the negotiation;

d) Documents concerning how You or the EAI Device Manufacturer determine the amount of each type or form of Manufacturer Payment, including with respect to any alternative proposals at issue in the negotiations;

e) Documents concerning Your negotiation or solicitation of Manufacturer Payments from any EAI Device Manufacturer, including documents concerning the factors you considered in proposing or accepting any proposed Manufacturer Payments and any alternative proposals at issue in the negotiation;

f) Documents concerning offers, bids, or proposals, whether formal or informal, by any EAI Device Manufacturer regarding Manufacturer Payments, including any alternatives of the same; and

g) Documents concerning the negotiation, calculation, payment, or receipt of Manufacturer Payments related in any way to the EpiPen or other EAI Devices, including, but not limited to, Manufacturer Payments received as a result of or in conjunction with

the Formulary Status of the EpiPen or other EAI Devices, including any alternative proposals at issue in the negotiation.

**Objections and Responses to Request for Production No. 9**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning Manufacturer Payments.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials concerning payments from EAI Device Manufacturers, even if they are not connected to EAI Devices (*e.g.*, rebates from Sanofi for utilization of drugs other than Auvi-Q).  As explained above, Express Scripts construes "Manufacturer Payments" to refer to any monies (such as rebates and administrative fees) that Express Scripts receives from EAI Device Manufacturers in connection with EAI Devices.  Express Scripts will limit its response to this Request accordingly.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Manufacturer Payments made as a result of utilization by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) concern Manufacturer Payments that Express Scripts receives from EAI Device Manufacturers in connection with EAI Devices for the Relevant Time Period; and (2) are located after a reasonable, good-faith search.

**Request for Production No. 10**

Produce all Documents concerning both EAI Devices and any Formulary, including without limitation:

a) Documents concerning the Formulary Status of any EAI Device on any Formulary, including documents sufficient to show the Formulary Status, if any, of any EAI Devices on any Formulary during the Relevant Time Period;

b) Documents concerning Exclusive Coverage for EAI Devices;

c) Documents that You or Your Formulary Committee considered in determining the Formulary Status of any EAI Device on any Formulary;

d) Documents concerning any factors or alternative proposals You or Your Formulary Committee considered in determining the Formulary Status of any EAI Device on any Formulary;

e) Communications by, with, between, or to Your Formulary Committee (or any member thereof) regarding EAI Devices; and

f) Communications by, with, between, or to any EAI Device Manufacturer regarding any EAI Device's Formulary Status on any Formulary.

**Objections and Responses to Request for Production No. 10**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning both EAI Devices and any Formulary.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects that this Request is unduly burdensome and disproportionate to the needs of the case in seeking "all" documents concerning the Formulary Status of "any" EAI Device on "any" formulary.  Express Scripts contracts with thousands of clients, many of whom maintain their own customized formularies.  It is infeasible to search for, review, and produce every document concerning the formulary status of every EAI Device on every formulary over a multi-year period.  Accordingly, to respond to sub-categories (a) and (b) of this Request, Express Scripts will produce claims data sufficient to show the formulary status of paid claims processed by Express Scripts for an EAI Device dispensed during the Relevant Time Period.

Express Scripts further objects to the extent that this Request is unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning "any" formulary.  To respond to sub-categories (c), (d), (e), or (f), Express Scripts will produce documents concerning Express Scripts' three standard formularies:  the National Preferred Formulary, the High Performance Formulary, and the Basic Formulary.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks communications by, with, between, or to members of the P&T Committee, or any other documents that identify members of the P&T Committee.  As explained in the White Paper, "The Express Scripts' National P&T Committee is a group of independent, actively practicing physicians and pharmacists who are not employed by Express Scripts.  The P&T Committee is tasked to review medications from a purely clinical perspective.  *The Committee does not have access to, nor does it consider, any information regarding Express Scripts' rebates/negotiated discounts, or the net cost of the drug after application of all discounts.  The Committee does not use price, in any way, to make formulary placement decisions.*"  ES_000000158 (emphasis in original).  To ensure that the formulary-development process is not tainted by improper lobbying by pharmaceutical companies or others with a vested interest, the identities of the members of the P&T Committee are kept strictly confidential.  Indeed, even within Express Scripts, virtually no one is permitted to know the identities of the P&T Committee members.  As recognized by the Court in the MDL Action, the P&T Committee is made up of "outside independent board members whose identity Express Scripts keeps from virtually all of its employees" and "the identity of the external P & T Committee members is not relevant on its face."  *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, 2018 WL 3240981, at *3 n.18 (D. Kan. July 3, 2018).  Accordingly, Express Scripts will not produce any communications by, with, between, or to members of the P&T Committee, and it will redact the identities of any P&T

Committee members in any other responsive documents that it does produce (such as any responsive P&T Committee meeting minutes).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) concern both EAI Devices and Express Scripts' standard formularies; (2) are responsive to sub-categories (c), (d), (e), or (f) of this Request; (3) are not communications by, with, between, or to members of the P&T Committee; (4) are dated between January 1, 2013, and December 31, 2017; and (5) are located after a reasonable, good-faith search.  Additionally, to respond to sub-categories (a) and (b) of this Request, Express Scripts will produce claims data sufficient to show the formulary status of paid claims processed by Express Scripts for an EAI Device dispensed during the Relevant Time Period.

**Request for Production No. 11**

Produce all Communications by, with, between, or to any government agency regarding any EAI Device or Manufacturer Payments.

**Objections and Responses to Request for Production No. 11**

***Objection—Duplicative***.  Express Scripts objects to this Request as duplicative of

Request Nos. 3, 4, 5, and 7 insofar as it seeks communications related to Inquiries.  Express

Scripts accordingly incorporates its objections and responses to those Requests.

***Objection—Scope***.  Express Scripts objects to this Request as irrelevant, unduly

burdensome, and disproportionate to the needs of the case in seeking  "all" communications

with any governmental entity regarding any EAI Device or Manufacturer Payments.  Such

materials have no bearing on the ERISA claims and defenses at issue in this case.

Express Scripts further objects that this Request is unduly burdensome and

disproportionate to the needs of the case in seeking materials concerning "any"

Manufacturer Payments, even if they are not connected to EAI Devices (*e.g.*, rebates from

Sanofi for utilization of drugs other than Auvi-Q).  As explained above, Express Scripts

construes "Manufacturer Payments" to refer to any monies (such as rebates and

administrative fees) that Express Scripts receives from EAI Device Manufacturers in

connection with EAI Devices.  Express Scripts will limit its response to this Request

accordingly.

Express Scripts further objects that this Request is irrelevant, unduly burdensome,

and disproportionate to the needs of the case in seeking materials about Manufacturer

Payments made as a result of utilization by persons outside the class definition proposed

in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not respond to this Request beyond its responses to Request Nos. 3, 4, 5, and 7, which it incorporates by reference.

**Request for Production No. 12**

Produce all Documents, including Communications by, with, between, or to Mylan regarding business plans, economic forecasts, strategy, or analysis concerning the manufacture, marketing, sale, distribution, or pricing of any EAI Device, including, but not limited to, EpiPen.

**Objections and Responses to Request for Production No. 12**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents by, with, between, or to Mylan regarding business plans, economic forecasts, strategy, or

analysis concerning the manufacture, marketing, sale, distribution, or pricing of any EAI Device. Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

*Objection—Timeframe*. As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*. Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*. Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*. Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) are responsive to this Request; (2) are dated between January 1, 2013, and December 31, 2017; and (3) are located after a reasonable, good-faith search.

**Request for Production No. 13**

Produce all Documents concerning potential or actual changes to the list price, WAC, AWP, or other price or benchmark/reference price of any EAI Device, including without limitation:

a) All Documents addressing or analyzing future sales, revenues, costs, profits, and Manufacturer Payments in connection with any such price changes;

b) All Documents concerning the reasons for any such price changes; and

c) All Documents concerning any effect(s) of increases in the list price, WAC, AWP, or other price of EpiPen on Plans, Third-Party Payers, or participants and beneficiaries of Plans, regardless of participant/beneficiary cost-sharing structure or formula.

## Objections and Responses to Request for Production No. 13

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning potential or actual changes to the list price, WAC, AWP, or other price or benchmark/reference price of any EAI Device.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects to this Request to the extent that it seeks documents concerning changes to the list price of EAI Devices.  Such documents are more directly and easily obtainable from EAI Device Manufacturers like Mylan and publicly-available sources.  In particular, Mylan sets the list price for EpiPen, and so documents concerning the pricing of EpiPen should be obtained directly from Mylan.

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.  Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual

obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) are responsive to this Request; (2) are dated between January 1, 2013, and December 31, 2017; and (3) are located after a reasonable, good-faith search.

## Request for Production No. 14

Produce all Documents concerning any relationship or connection between the list price, WAC, AWP, or other price of any EAI Device and any Manufacturer Payments.

## Objections and Responses to Request for Production No. 14

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning any relationship or connection between the list price, WAC, AWP, or other price of any EAI Device and any Manufacturer Payments.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects that this Request is unduly burdensome and disproportionate to the needs of the case in seeking materials concerning "any" EAI Device and "any" Manufacturer Payments, even if they are not connected to EAI Devices (*e.g.*, rebates from Sanofi for utilization of drugs other than Auvi-Q).  As explained above, Express Scripts construes "Manufacturer Payments" to refer to any monies (such as rebates and administrative fees) that Express Scripts receives from EAI Device Manufacturers in

connection with EAI Devices.   Express Scripts will limit its response to this Request accordingly.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Manufacturer Payments made as a result of utilization by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

***Objection—Timeframe***.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

***Objection—Privilege***.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

***Objection—Confidentiality***.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

***Response***.   Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) are responsive to this Request; (2) concern Manufacturer Payments that Express Scripts receives from EAI Device Manufacturers in connection with EAI Devices; (3) are dated between January 1, 2013, and December 31, 2017; and (4) are located after a reasonable, good-faith search.

**Request for Production No. 15**

Produce all Documents concerning any relationship or connection between the list price, WAC, AWP, or other price of any EAI Device and the Formulary Status of any EAI Device(s).

**Objections and Responses to Request for Production No. 15**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning any relationship or connection between the list price, WAC, AWP, or other price of any EAI Device and the Formulary Status of any EAI Device.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects that this Request is unduly burdensome and disproportionate to the needs of the case in seeking "all" documents concerning the Formulary Status of "any" EAI Device on any formulary.  Express Scripts contracts with thousands of clients, many of whom maintain their own customized formularies.  It is infeasible to search for, review, and produce every document concerning the formulary status of every EAI Device on every formulary over a multi-year period.  To respond to this Request, Express Scripts will produce documents concerning Express Scripts' three standard formularies:  the National Preferred Formulary, the High Performance Formulary, and the Basic Formulary.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) are responsive to this Request; (2) are dated between January 1, 2013, and December 31, 2017; (3) concern Express Scripts' standard formularies; and (4) are located after a reasonable, good-faith search.

**Request for Production No. 16**

Produce all Communications by, with, between, or to Mylan referencing or concerning any EAI Device other than EpiPen.

**Objections and Responses to Request for Production No. 16**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" communications by, with, between, or to Mylan referencing or concerning any EAI Device other than EpiPen.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) are responsive to this Request; (2) are dated between January 1, 2013, and December 31, 2017; and (3) are located after a reasonable, good-faith search.

**Request for Production No. 17**

Produce all Documents that You provided to any Plan, Plan administrator, or Third-Party Payer regarding the Formulary Status of any EAI Device on any Formulary.

**Objections and Responses to Request for Production No. 17**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents provided to any Plan, Plan administrator, or Third-Party Payer regarding the Formulary

Status of any EAI Device on any Formulary.   Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects to the extent that this Request is unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning the formulary status of "any" EAI Device on "any" formulary.   It is neither feasible nor proportionate to the needs of the case for Express Scripts to search for, review, and produce every document provided to a Plan, Plan administrator, or Third-Party Payer concerning the formulary status of every EAI Device on every formulary over a multi-year period.

Furthermore, not every Plan is governed by ERISA.  Express Scripts thus further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking documents relating to non-ERISA Plans.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

32

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request as written.   Express Scripts proposes to meet and confer with Plaintiffs to negotiate a reasonable scope for this Request.

## Request for Production No. 18

Produce all Communications to, with, between, or by any Plan, Plan administrator, or Third-Party Payer regarding the Formulary Status of any EAI Device on any Formulary.

## Objections and Responses to Request for Production No. 18

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" communications to, with, between, or by any Plan, Plan administrator, or Third-Party Payer regarding the Formulary Status of any EAI Device on any Formulary.   Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects to the extent that this Request is unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning "any" formulary.   Express Scripts contracts with thousands of clients.   It is neither feasible nor proportionate to the needs of the case for Express Scripts to search for, review, and produce every communication to, with, between, or by every Plan, Plan administrator, or Third-Party Payer concerning the formulary status of every EAI Device on every formulary over a multi-year period.

Furthermore, not every Plan is governed by ERISA.   Express Scripts thus further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking documents relating to non-ERISA Plans.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request as written.   Express Scripts proposes to meet and confer with Plaintiffs to negotiate a reasonable scope for this Request.

**Request for Production No. 19**

Produce all Documents concerning agreements between You and any Plan, Plan administrator, or Third-Party Payer related to Manufacturer Payments, Formularies, and/or EAI Devices.

**Objections and Responses to Request for Production No. 19**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning the agreements sought in this Request.   Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

It would also be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to respond to this Request as written. Express Scripts contracts with thousands of clients. It is neither feasible nor proportionate to the needs of the case for Express Scripts to search for, review, and produce every document concerning every agreement sought in this Request.

Furthermore, not every Plan is governed by ERISA. Express Scripts thus further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking documents relating to non-ERISA Plans.

*Objection—Timeframe*. As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*. Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*. Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*. For these reasons, Express Scripts will not produce documents in response to this Request as written. Express Scripts proposes to meet and confer with Plaintiffs to negotiate a reasonable scope for this Request.

**Request for Production No. 20**

Produce all Documents concerning agreements between You and any Plan, Plan administrator, or Third-Party Payer related to the net price the Plan, Plan administrator, or Third-Party Payer paid or would pay for any EAI Device after Manufacturer Payments, if any, were credited or passed through to the Plan, Plan administrator, or Third-Party Payer.

**Objections and Responses to Request for Production No. 20**

*Objection—Duplicative*.  Express Scripts objects that this Request is duplicative of Request No. 19, which also seeks Express Scripts' contracts with its clients.  Contracts between Express Scripts and its clients related to Manufacturer Payments (Request No. 19) also relate to the net cost that Plans pay for EAI Devices (this Request).

*Objection—Scope.*  Express Scripts objects to this Request to the extent it refers to "Manufacturer Payments" that were "passed through to the Plan, Plan administrator, or Third-Party Payer."  Express Scripts contracts for its own account with manufacturers to obtain formulary rebates attributable to the utilization of certain brand drugs and supplies (and possibly certain authorized generics marketed under a brand manufacturer's new drug application).  Express Scripts often pays an amount equal to all or a portion of the formulary rebates it receives to a client based on the terms of the client's pharmacy benefit management agreement.

*Response*.  Express Scripts accordingly responds to this Request by referring to its objections and responses to Request No. 19.

**Request for Production No. 21**

Produce Documents sufficient to show (a) costs to participants and beneficiaries related to Manufacturer Payments, Formularies, and/or EAI Devices or their pricing; (b) the impact on cost to participants and beneficiaries related to Manufacturer Payments, EAI Device pricing or price changes, or Formulary placement decisions or any negotiations

or agreements related thereto, including changes to the foregoing during the Relevant Time Period; and (c) analysis regarding (a) or (b) above.

**Objections and Responses to Request for Production No. 21**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, disproportionate to the needs of the case, vague, and ambiguous.  It is unclear what is meant by "(a) costs to participants and beneficiaries *related to* Manufacturer Payments, Formularies, and/or EAI Devices or their pricing" or by "(b) the impact on cost to participants and beneficiaries *related to* Manufacturer Payments, EAI Device pricing or price changes, or Formulary placement decisions or any negotiations or agreements related thereto, including changes to the foregoing during the Relevant Time Period" or by "(c) *analysis regarding* (a) or (b) above."  It is also unclear what would constitute documents "sufficient to show" these things.  Express Scripts will respond to this Request by producing claims data for EAI Devices for the Relevant Time Period.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about participants and beneficiaries outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client

privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will respond to this Request by producing claims data for EAI Devices for the Relevant Time Period.

### Request for Production No. 22

Produce all Documents that You contend require You to remit or otherwise pass on some or all Manufacturer Payments to an affiliate, Plan, Third-Party Payer, or other entity.

### Objections and Responses to Request for Production No. 22

*Objection—Duplicative*.  This Request is duplicative of Request No. 19.  The documents that require Express Scripts to remit or otherwise pass on Manufacturer Payments to its clients are its client contracts, which are also sought in Request No. 19.

*Objection—Scope.*  Express Scripts objects to this Request to the extent it seeks documents that "You contend require You to remit or otherwise pass on some or all Manufacturer Payments to an affiliate, Plan, Third-Party Payer, or other entity."  Express Scripts contracts for its own account with manufacturers to obtain formulary rebates attributable to the utilization of certain brand drugs and supplies (and possibly certain authorized generics marketed under a brand manufacturer's new drug application). Express Scripts often pays an amount equal to all or a portion of the formulary rebates it

receives to a client based on the terms of the client's pharmacy benefit management agreement.

*Response*.  Express Scripts accordingly responds to this Request by referring to its objections and responses to Request No. 19.

## Request for Production No. 23

Produce all of the following Documents, as defined by the National Council for Prescription Drug Programs, that you submitted to, received from, or exchanged with any EAI Device Manufacturer:

a) Utilization Flat Files;

b) Plan Flat Files;

c) Formulary Flat Files;

d) Market Basket Flat Files; and

e) Reconciliation Flat Files.

## Objections and Responses to Request for Production No. 23

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" of the specified documents submitted to, received from, or exchanged with any EAI Device Manufacturer. Express Scripts further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking the files listed in subcategories (a) through (e).

Express Scripts further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks the requested documents for non-EAI Devices.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request as written.   Express Scripts proposes to meet and confer with Plaintiffs to negotiate a reasonable scope for this Request.

**Request for Production No. 24**

With respect to each Plan for which You administer/administered or manage/managed pharmacy benefits or otherwise served as a PBM, produce all Documents reflecting transaction-specific sales data for the EpiPen, including:

a) Customer name, address, and Plan(s);

b) Transaction date;

c) Transaction type (*e.g.*, sale, return, adjustment, etc.);

d) Transaction amount;

e) The NDC code for the EpiPen and the number of units involved;

f) Amount paid by Plan participant or beneficiary;

g) Amount Plan reimbursed pharmacy;

h) Amount Plan received from You; and

i) All other Manufacturer Payments You Received related to the transaction.

**Objections and Responses to Request for Production No. 24**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents reflecting the requested transaction-specific sales data.  Express Scripts will produce data sufficient to show the requested transaction-specific information to the extent that Express Scripts possesses such transaction-specific data.

Express Scripts does not maintain transaction-specific sales data covered by sub-category (f).  Instead, Express Scripts will produce data sufficient to show the amount for which the member is responsible.  Express Scripts further objects to the extent that sub-category (g) seeks amounts that a Plan reimburses a pharmacy, because Plans do not reimburse pharmacies.  Express Scripts will produce data sufficient to show the amount that ESI reimbursed the pharmacy.  Express Scripts does not maintain transaction-specific sales data covering sub-categories (h) and (i) of this Request.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking transaction-specific data for purchases of the EpiPen by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   Subject to these objections, Express Scripts will respond to this Request by producing transaction-specific claims data for EpiPen for the Relevant Time Period.

**Request for Production No. 25**

Produce all Documents concerning the disclosure or non-disclosure, and any decision related thereto, of any Manufacturer Payment, including without limitation:

a) Documents reflecting Your disclosure of the amount of Manufacturer Payments You Received from Mylan to any Plan, Plan administrator, Third-Party Payer, or Plan participant or beneficiary;

b) Documents reflecting Your disclosure of the types of Manufacturer Payments You Received from Mylan to any Plan, Plan administrator, Third-Party Payer, or Plan participant or beneficiary;

c) Documents reflecting how You disclosed the Manufacturer Payments You Received from Mylan to Plans, Plan administrators, Third-Party Payers, or Plan participants and beneficiaries; and

d) Documents reflecting when and the frequency with which you disclosed the Manufacturer Payments You Received from Mylan to Plans, Plan administrators, Third-Party Payers, or Plan participants and beneficiaries.

**Objections and Responses to Request for Production No. 25**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning the disclosure or non-disclosure, and any decision related thereto, of any Manufacturer Payment.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

It would also be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to respond to this Request as written.  Express Scripts contracts with thousands of clients.  It is neither feasible nor proportionate to the needs of the case for Express Scripts to search for, review, and produce every document disclosing Manufacturer Payments to every Plan, Plan administrator, or Third-Party Payer concerning the formulary status of every EAI Device over a multi-year period.

Furthermore, not every Plan is governed by ERISA.  Express Scripts thus further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking documents relating to non-ERISA Plans.

Express Scripts further objects that this Request is unduly burdensome and disproportionate to the needs of the case in seeking materials concerning "any" Manufacturer Payments, even if they are not connected to EAI Devices (*e.g.*, rebates from Sanofi for utilization of drugs other than Auvi-Q).  As explained above, Express Scripts construes "Manufacturer Payments" to refer to any monies (such as rebates and

administrative fees) that Express Scripts receives from EAI Device Manufacturers in connection with EAI Devices.  Express Scripts will limit its response to this Request accordingly.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Manufacturer Payments made as a result of utilization by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request as written.  Express Scripts proposes to meet and confer with Plaintiffs to negotiate a reasonable scope for this Request.

**Request for Production No. 26**

Produce Documents sufficient to show the total number of Savings Coupons applied to EAI Devices purchased under the Plans You administered, the total amount by which Plan participants' out-of-pocket costs were reduced due to Savings Coupons and, for each Savings Coupon use, whether You counted it towards the participants' deductible or out-of-pocket maximum obligations.

**Objections and Responses to Request for Production No. 26**

*Objection—Scope*.  Express Scripts objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about purchases of EAI Devices by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

Express Scripts further objects that this Request seeks documents outside its possession, custody or control.  Express Scripts does not possess documents sufficient to show "the total number" of Savings Coupons applied to EAI Devices purchased under the Plans Express Scripts administered, or "the total amount" by which Plan participants' out-of-pocket costs were reduced due to Savings Coupons.

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Express Scripts does not possess documents sufficient to show the information sought in this Request.  Accordingly, Express Scripts will not produce documents in response to this Request.

**Request for Production No. 27**

Produce Documents sufficient to show Your revenues, costs, gross margins, net margins, and Manufacturer Payments for EAI Devices on a monthly, quarterly, and annual basis.

**Objections and Responses to Request for Production No. 27**

*Objection—Scope*.  Express Scripts objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Express Scripts' revenues, costs, gross margins, and net margins.  Such materials have no bearing on the ERISA claims or defenses in this case.

Express Scripts further objects that this Request is vague and ambiguous with respect to "Your . . . Manufacturer Payments for EAI Devices."  Express Scripts construes this Request to seek documents sufficient to show the Manufacturer Payments that Express Scripts received from EAI Device Manufacturers for EAI Devices.

Accordingly, Express Scripts limits this Request to documents sufficient to show Manufacturer Payments that Express Scripts received from EAI Device Manufacturers for EAI Devices.

46

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will respond to this Request by producing data on the Manufacturer Payments (such as rebates and fees) received from EAI Device Manufacturers for EAI Devices for 2013–2017.

**Request for Production No. 28**

Produce Documents sufficient to show on a monthly, quarterly, and annual basis the revenues, costs, gross margins, net margins, and Manufacturer Payments for EAI Devices You dispensed from your retail, specialty, and mail order pharmacies.

**Objections and Responses to Request for Production No. 28**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking documents regarding revenues, costs, gross margins, net margins, and Manufacturer Payments of EAI Devices dispensed from Express Scripts' pharmacies.  Such materials have no bearing on the ERISA claims or defenses in this case.  It would also be unduly burdensome and disproportionate

to the needs of the case for Express Scripts to attempt to locate materials responsive to this Request.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request.

**Request for Production No. 29**

Produce Documents sufficient to show how and with what labels or descriptions You accounted for each Manufacturer Payment on Your annual financial statements or disclosures or in reports to Your owners.

**Objections and Responses to Request for Production No. 29**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking documents sufficient to show "how and with what labels or descriptions You accounted for each Manufacturer

Payment on Your annual financial statements or disclosures or in reports to Your owners."
Such materials have no bearing on the ERISA claims or defenses in this case.

*Objection—Timeframe*.   As explained above, Express Scripts construes the
Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it
seeks materials containing information shielded from disclosure by attorney-client
privilege, the work-product doctrine, or any other applicable privilege or protection.
Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent
that it seeks materials containing information that Express Scripts has legal or contractual
obligations with third parties not to disclose or information about third parties whose
privacy interests are protected by federal or state law.

*Response*.   Subject to these objections, Express Scripts will respond to this Request
by producing (1) the annual reports of ESHC for 2013–2017 and (2) the 2017
correspondence between ESHC and the SEC regarding the quantification of rebates in
ESHC's annual reports referenced in the Complaint, ¶ 92.

**Request for Production No. 30**

Produce Documents sufficient to show which types of Manufacturer Payments for
EAI Devices You remitted or passed on through to any affiliate, Plan, Third-Party Payer,
or other entity (*e.g.*, administrative fee, utilization rebate, etc.), the amount of each type of
Manufacturer Payment for EAI Devices You remitted or passed on through, and to whom
You remitted or passed on through each type of Manufacturer Payment for EAI Devices.

**Objections and Responses to Request for Production No. 30**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "each type" of Manufacturer Payment that Express Scripts remitted or passed on through to "any" affiliate, Plan, Third-Party Payer, or other entity.

Express Scripts objects that it would be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to respond to this Request as written. Express Scripts contracts with thousands of clients.  It is neither feasible nor proportionate to the needs of the case for Express Scripts to search for, review, and produce documents sufficient to show the types of Manufacturer Payments remitted or passed on through to every Plan, Plan administrator, or Third-Party Payer concerning the formulary status of every EAI Device on every formulary over a multi-year period.

Express Scripts further objects to this Request to the extent it seeks documents sufficient to show "the amount of each type of Manufacturer Payment for EAI Devices you remitted or passed on through."  Express Scripts contracts for its own account with manufacturers to obtain formulary rebates attributable to the utilization of certain brand drugs and supplies (and possibly certain authorized generics marketed under a brand manufacturer's new drug application).  Express Scripts often pays an amount equal to all or a portion of the formulary rebates it receives to a client based on the terms of the client's pharmacy benefit management agreement.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials about Manufacturer

Payments made as a result of utilization by persons outside the class definition proposed in the Complaint (*e.g.*, persons not in ERISA plans, persons in copayment plans, and persons who purchased EAI Devices other than EpiPen).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request as written.   Express Scripts proposes to meet and confer with Plaintiffs to negotiate a reasonable scope for this Request.

**Request for Production No. 31**

Produce Documents sufficient to show the amounts of Manufacturer Payments related to the EpiPen, including, but not limited to, Manufacturer Payments received as a result of or in conjunction with the Formulary Status of the EpiPen, that You retained (*i.e.*, that You did not remit or pass on through to any other entity, including any affiliate) on a quarterly and annual basis.

**Objections and Responses to Request for Production No. 31**

*Objection—Scope*.  Express Scripts objects to this Request to the extent it refers to "Manufacturer Payments" that Express Scripts "did not remit or pass on through to any other entity."  Express Scripts contracts for its own account with manufacturers to obtain formulary rebates attributable to the utilization of certain brand drugs and supplies (and possibly certain authorized generics marketed under a brand manufacturer's new drug application).  Express Scripts often pays an amount equal to all or a portion of the formulary rebates it receives to a client based on the terms of the client's pharmacy benefit management agreement.

*Objection—Duplicative*.  Express Scripts objects that this Request is duplicative of Request Nos. 27 and 30, which seek documents sufficient to show the Manufacturer Payments for EpiPen that Express Scripts received and that it remitted or passed on to any other entity.

*Response*.  Express Scripts accordingly responds to this Request by referring to its objections and responses to Request Nos. 27 and 30.

**Request for Production No. 32**

Produce all presentations, statements, speeches, talking points, handouts, or demonstratives, including drafts of each, that were provided to Your board of directors, officers, or upper management, or Formulary Committee concerning EpiPen or other EAI Devices.

**Objections and Responses to Request for Production No. 32**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" presentations,

statements, speeches, talking points, handouts, or demonstratives, including drafts of each, that were provided to Express Scripts' board of directors, officers, or upper management, or Formulary Committee concerning EpiPen or other EAI Devices.  Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking materials provided to Express Scripts' board of directors, officers, or upper management.  Express Scripts will limit this Request to materials provided to members of Express Scripts' Formulary Committees.

Express Scripts further objects that this Request is irrelevant, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks materials that identify members of the P&T Committee.  As explained in the White Paper, "The Express Scripts' National P&T Committee is a group of independent, actively practicing physicians and pharmacists who are not employed by Express Scripts.  The P&T Committee is tasked to review medications from a purely clinical perspective.  *The Committee does not have access to, nor does it consider, any information regarding Express Scripts' rebates/negotiated discounts, or the net cost of the drug after application of all discounts. The Committee does not use price, in any way, to make formulary placement decisions.*" ES_000000158 (emphasis in original).  To ensure that the formulary-development process is not tainted by improper lobbying by pharmaceutical companies or others with a vested interest, the identities of the members of the P&T Committee are kept strictly confidential. Indeed, even within Express Scripts, virtually no one is permitted to know the identities of

the P&T Committee members.  As recognized by the Court in the MDL Action, the P&T Committee is made up of "outside independent board members whose identity Express Scripts keeps from virtually all of its employees" and "the identity of the external P & T Committee members is not relevant on its face." *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, 2018 WL 3240981, at *3 n.18 (D. Kan. July 3, 2018).  Accordingly, Express Scripts will redact the identities of any P&T Committee members in any other responsive documents that it does produce.

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will produce non-privileged and non-protected presentations, statements, speeches, talking points, handouts, or demonstratives, including drafts, that (1) were provided to members of Express Scripts' Formulary Committees; (2) are dated between January 1, 2013, and December 31, 2017; and (3) are located after a reasonable, good-faith search.

54

**Request for Production No. 33**

Produce all Documents concerning any knowledge, actual or constructive, of any potential or actual ERISA or other legal violations or ramifications related to (1) Manufacturer Payments; or (2) EpiPen or other EAI Devices.

**Objections and Responses to Request for Production No. 33**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning "any" knowledge, actual or constructive, of "any" potential or actual ERISA or other legal violations or ramifications related to (1) Manufacturer Payments; or (2) EpiPen or other EAI Devices.  To the extent this Request seeks documents about purported ERISA violations other than those alleged in this case, such materials are irrelevant, as they have no bearing on the ERISA claims or defenses in this case.  It would also be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to locate materials responsive to this Request.

Express Scripts further objects that this Request is vague and ambiguous.  It is unclear what is meant by "any knowledge, actual or constructive, of any potential or actual ERISA or other legal violations or ramifications."

Express Scripts further objects to the extent that this Request seeks documents concerning "any potential or actual ERISA or other legal violations or ramifications," because this Request calls for a legal conclusion.  Express Scripts objects that Express Scripts is not obligated to prove the Class Plaintiffs' case.

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  For these reasons, Express Scripts will not produce documents in response to this Request.

**Request for Production No. 34**

Produce all Documents reflecting or concerning any issue or concern raised by any of Your employees, consultants, or agents regarding Your conduct and the price of any EAI Device(s).

**Objections and Responses to Request for Production No. 34**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents reflecting or concerning any issue or concern raised by any employee, consultant or agent regarding Express Scripts' conduct and the price of any EAI Device(s).  Such materials have no bearing on the ERISA claims or defenses in this case.  It would also be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to locate materials responsive to this Request.

Express Scripts further objects that this Request is vague and ambiguous.  It is unclear what is meant by "Documents reflecting or concerning any issue or concern . . . regarding Your conduct and the price of any EAI Device(s)."

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  For these reasons, Express Scripts will not produce documents in response to this Request.

## Request for Production No. 35

Produce all Documents reflecting or concerning any issue or concern raised by any Plan, Plan administrator, Third-Party Payer, or Plan participant or beneficiary regarding Your conduct and the price of any EAI Device(s) or their cost to participants or beneficiaries.

## Objections and Responses to Request for Production No. 35

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents

reflecting or concerning any issue or concern raised by any Plan, Plan administrator, Third-Party Payer, or Plan participant or beneficiary regarding Express Scripts' conduct and the price of any EAI Device(s) or their cost to participants or beneficiaries.  Such materials have no bearing on the ERISA claims or defenses in this case.  It would also be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to locate materials responsive to this Request.  *See In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, 2018 WL 5884589, at *4 (D. Kan. Nov. 9, 2018) (concluding that "Express Scripts has provided sufficient information to demonstrate undue burden" in responding to similar requests).

Express Scripts further objects that this Request is vague and ambiguous.  It is unclear what is meant by "Documents reflecting or concerning any issue or concern . . . regarding Your conduct and the price of any EAI Device(s) or their cost to participants or beneficiaries."

***Objection—Timeframe***.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

***Objection—Privilege***.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

***Objection—Confidentiality***.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual

obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request.

**Request for Production No. 36**

Produce All Documents concerning any Plaintiff.

**Objections and Responses to Request for Production No. 36**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents concerning any named Plaintiff.   Express Scripts will produce only those responsive documents that it locates after a reasonable, good-faith search.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will produce non-privileged and non-protected documents that (1) are responsive to this Request; (2) are dated between January 1, 2013, and December 31, 2017; and (3) are located after a reasonable, good-faith search.

**Request for Production No. 37**

Produce all Documents that You contend provide a basis for, contradicts, or otherwise concerns any claim or defense asserted in this Action, including claims and Your defenses on the merits, as well as any of Your defenses or bases for any opposition to class certification.

**Objections and Responses to Request for Production No. 37**

*Objection—Scope*.  Express Scripts objects to this Request as outside the scope of Rule 26, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks documents that Express Scripts contends provides a basis for Plaintiffs' claims in this Action or that Express Scripts contends contradicts its defenses.  Express Scripts construes this Request to seek only the documents that Express Scripts intends to rely on to support its defenses in this Action.

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.  Subject to these objections, Express Scripts will produce documents that it intends to rely on to support its defenses in this Action.

**Request for Production No. 38**

Produce all Communications with counsel in connection with the administration of pharmacy benefits relating to any EAI Device.

**Objections and Responses to Request for Production No. 38**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" communications with counsel in connection with the administration of pharmacy benefits relating to any EAI Device.  Such materials have no bearing on the ERISA claims or defenses in this case. It would also be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to locate materials responsive to this Request.

*Objection—Timeframe*.  As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Indeed, in explicitly seeking communications with counsel, this entire Request is targeted

at privileged attorney-client communications.   Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request.

**Request for Production No. 39**

Produce all Documents or disclosures related to any proposed or completed strategic alternative, merger, and/or acquisition that discuss or reflect Manufacturer Payments You Received relating to any EAI Device, including, but not limited to:

• Cigna Corporation's transaction with Express Scripts Holding Company;

• CVS Health Corporation's transaction with Aetna Inc.;

• UnitedHealth Group Incorporated's transaction(s) with Catamaran Corporation, Optum, Inc., and/or OptumRx, Inc.

**Objections and Responses to Request for Production No. 39**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents or disclosures related to any proposed or completed strategic alternative, merger, and/or acquisition that discuss or reflect Manufacturer Payments Express Scripts Received relating to any EAI Device.   Such materials have no bearing on the ERISA claims or defenses in this case.   It would also be unduly burdensome and disproportionate to the

needs of the case for Express Scripts to attempt to locate materials responsive to this Request.

Express Scripts further objects that this Request seeks documents outside of its possession, custody, or control insofar as it seeks documents about transactions involving parties other than Express Scripts (*e.g.*, CVS's transaction with Aetna).

***Objection—Timeframe***.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

***Objection—Privilege***.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

***Objection—Confidentiality***.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

***Response***.   For these reasons, Express Scripts will not produce documents in response to this Request.

## Request for Production No. 40

Produce all Documents regarding inquiries, complaints, or Communications to, with, between, or by participants, beneficiaries, consumers, government agencies, members of Congress, or Congress regarding EAI Devices and their Formulary Status or Manufacturer Payments.

**Objections and Responses to Request for Production No. 40**

*Objection—Scope*.  Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents regarding inquiries, complaints, or Communications to, with, between, or by participants, beneficiaries, consumers, government agencies, members of Congress, or Congress regarding EAI Devices and their Formulary Status or Manufacturer Payments.  Such materials have no bearing on the ERISA claims or defenses in this case.  It would also be unduly burdensome and disproportionate to the needs of the case for Express Scripts to attempt to locate materials responsive to this Request.  *See In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, 2018 WL 5884589, at *4 (D. Kan. Nov. 9, 2018) (concluding that "Express Scripts has provided sufficient information to demonstrate undue burden" in responding to similar requests).

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.  Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.  Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

64

*Response*.   For these reasons, Express Scripts will not produce documents in response to this Request.

**Request for Production No. 41**

Produce all Documents, including Communications, reflecting Your Document and ESI retention policies, including all steps taken on Your behalf to search for, locate, preserve, restore, or produce all Documents and ESI concerning the allegations in the Complaint.

**Objections and Responses to Request for Production No. 41**

*Objection—Scope*.   Express Scripts objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case in seeking "all" documents reflecting retention policies for documents and electronically stored information.   Such materials have no bearing on the claims or defenses in this case.

*Objection—Timeframe*.   As explained above, Express Scripts construes the Relevant Time Period as 2013–2017.

*Objection—Privilege*.   Express Scripts objects to this Request to the extent that it seeks materials containing information shielded from disclosure by attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Express Scripts will withhold or redact responsive materials that are privileged or protected.

*Objection—Confidentiality*.   Express Scripts objects to this Request to the extent that it seeks materials containing information that Express Scripts has legal or contractual obligations with third parties not to disclose or information about third parties whose privacy interests are protected by federal or state law.

***Response***.   For these reasons, Express Scripts will not produce documents in response to this Request.

Dated:  January 11, 2019

SPENCER FANE LLP

By: */s/ Randi J. Winter*
    Donald G. Heeman, #286023
    Jessica J. Nelson, #347358
    Randi J. Winter, #0391354
    100 South Fifth Street, Suite 1900
    Minneapolis, MN  55402
    Telephone:  (612) 268-7000
    Facsimile:  (612) 268-7001
    dheeman@spencerfane.com
    jnelson@spencerfane.com
    rwinter@spencerfane.com

STEPTOE & JOHNSON LLP
    Paul J. Ondrasik, Jr. (*pro hac vice*)
    Eric G. Serron, #169778
    1330 Connecticut Avenue NW
    Washington, DC 20036
    Telephone: (202) 429-3000
    pondrasik@steptoe.com
    eserron@steptoe.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
    Michael Lyle (*pro hac vice*)
    Jonathan Cooper (*pro hac vice*)
    1300 I Street, NW, Suite 900
    Washington, D.C. 20005
    Telephone:  (202) 538-8000
    Facsimile:  (202) 538-8100
    mikelyle@quinnemanuel.com
    jonathancooper@quinnemanuel.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
    Andrew S. Corkhill (*pro hac vice*)
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Telephone:  (212) 849-7000
    Facsimile:  (212) 849-7100
    andrewcorkhill@quinnemanuel.com

*Attorneys for Defendants Express Scripts Holding Co., Express Scripts, Inc., and Medco Health Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2019, a copy of the foregoing document was served via email and U.S. Mail to the following.

| Counsel for Plaintiffs | |
| --- | --- |
| LOCKRIDGE GRINDAL NAUEN PLLP<br><br>Karen Hanson Riebel<br>David W. Asp<br>Kate Baxter-Kauf<br>Arielle S. Wagner<br>100 Washington Ave. S., Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Facsimile: (612) 339-0981<br>khriebel@locklaw.com<br>dwasp@locklaw.com<br>kgmarttila@locklaw.com<br>aswagner@locklaw.com | KELLER ROHRBACK L.L.P.<br><br>Lynn Lincoln Sarko<br>Gretchen Freeman Cappio<br>Gretchen S. Obrist<br>Cari C. Laufenberg<br>Matthew M. Gerend<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Telephone: (206) 623-1900<br>Facsimile: (206) 623-3384<br>lsarko@kellerrohrback.com<br>gcappio@kellerrohrback.com<br>gobrist@kellerrohrback.com<br>claufenberg@kellerrohrback.com<br>mgerend@kellerrohrback.com |

| BERMAN TABACCO | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| Kathleen M. Donovan-Maher<br>Patrick T. Egan<br>Justin N. Saif<br>Steven L. Groopman<br>Marc J. Greenspon<br>One Liberty Square, 8th Floor<br>Boston, MA 02109<br>Telephone: (617) 542-8300<br>Facsimile: (617) 542-1194<br>kdonovanmaher@bermantabacco.com<br>pegan@bermantabacco.com<br>jsaif@bermantabacco.com<br>sgroopman@bermantabacco.com<br>mgreenspon@bermantabacco.com<br><br>Christopher Heffelfinger<br>44 Montgomery Street, Suite 650<br>San Francisco, CA 94104<br>Telephone: (415) 433-3200<br>cheffelfinger@bermantabacco.com | Paul J. Geller<br>Stuart A. Davidaon<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Telephone: (561) 750-3000<br>Facsimile: (561) 750-3364<br>pgeller@rgrdlaw.com<br>sdavidson@rgrdlaw.com<br><br>Brian O. O'Mara<br>Arthur L. Shingler III<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058<br>Facsimile: (619) 231-7423<br>bomara@rgrdlaw.com<br>ashingler@rgrdlaw.com |
| *Attorneys for Defendant Prime Therapeutics, LLC* ||
| DORSEY & WHITNEY LLP<br><br>Stephen P. Lucke (#0154210)<br>lucke.steve@dorsey.com<br>Paul Heiring (#0175808)<br>heiring.paul@dorsey.com<br>Nicholas J. Bullard (#0397400)<br>bullard.nick@dorsey.com<br>Suite 1500, 50 South Sixth Street<br>Minneapolis, MN 55402-1498<br>Telephone:  (612) 340-2600<br>Facsimile:  (612) 340-2868<br><br>*Attorneys for Prime Therapeutics LLC* | |

| Attorneys for Defendants Optum, Inc., OptumRx, Inc., OptumRx Holdings, LLC, United HealthCare Services, Inc. and UnitedHealth Group Incorporated | |
|---|---|
| STINSON LEONARD STREET<br><br>Donald T. Campbell (MN Bar No. 026217)<br>Kadee J. Anderson (MN Bar No. 0389902)<br>50 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>Phone: (612)335-1500<br>E-mail: donald.campbell@stinson.com<br>E-mail:  kadee.anderson@stinson.com | ALSTON & BIRD LLP<br><br>Brian D. Boone (*Pro Hac Vice*)<br>Bank of America Plaza<br>101 South Tryon Street, Suite 4000<br>Charlotte, NC 29280-400<br>704-444-1000<br>brian.boone@alston.com<br><br>William H. Jordan (*Pro Hac Vice*)<br>Elizabeth Broadway Brown (*Pro Hac Vice*)<br>Jordan E. Edwards (*Pro Hac Vice*)<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>404-881-7000<br>bill.jordan@alston.com<br>liz.brown@alston.com<br>jordan.edwards@alston.com |
| Attorneys for Defendants CVS Health Corp., Caremark, L.L.C., Caremark Rx, L.L.C., and CaremarkPCS Health, L.L.C. | |
| FAEGRE BAKER DANIELS LLP<br><br>Steven L. Severson, #152857<br>Isaac B. Hall, #0395398<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Telephone:  (612) 766-7000<br>steven.severson@faegrebd.com<br>isaac.hall@faegrebd.com | WILLIAMS & CONNOLLY LLP<br><br>Enu Mainigi (*pro hac vice*)<br>Paul Boehm (*pro hac vice*)<br>Daniel M. Dockery (*pro hac vice*)<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Telephone:  (202) 434-5000<br>Facsimile:  (202) 434-5029<br>emainigi@wc.com<br>pboehm@wc.com<br>ddockery@wc.com |

*/s/ Randi J. Winter*
Randi J. Winter