## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

In re EpiPen ERISA Litigation                    Court File No. 17-cv-1884 (PAM/HB)

---

## <u>JOINT MOTION REGARDING CONTINUED SEALING</u>

Pursuant to Local Rule 5.6(c), documents have been filed under temporary seal in connection with the following motions:

- Plaintiffs' Motion to Compel CVS Defendants Responses to Plaintiffs' Request for Production of Documents and Interrogatories [Doc. No. 407]; and

- Plaintiffs' Motion to Compel Defendant Express Scripts' Responses to Plaintiffs' Request for Production of Documents and Interrogatories [Doc. No. 413].

Pursuant to Local Rule 5.6(d), the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DKT NO. OF REDACTED DOCUMENT (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 409 | 410 | Unredacted copy of Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery from the CVS Defendants | Plaintiffs and Defendants CVS Health Corporation, CaremarkPCS Health, L.L.C., Caremark, L.L.C., and Caremark Rx, L.L.C. (collectively "CVS Caremark Defendants") do not oppose unsealing. | Mylan designated some of the underlying documents as Highly Confidential | |

| 415 | 416 | Unredacted copy of Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery from the Express Scripts Defendants | Defendants Express Scripts Inc., Express Scripts Holding Co., and Medco Health Solutions, Inc. (collectively "Express Scripts") assert that the redacted portions of the brief should remain under seal. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | Mylan designated some of the underlying documents as Highly Confidential | Express Scripts asserts that redacted portions of the brief contain references or quotations to limited excerpts of non-public, highly competitive, proprietary and/or commercially sensitive information contained in documents that have been marked Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan. |
| 418-1 | Public Version filed at 417-7 | MYERISA-00073906 (Ex. H to Obrist Decl.) | The Parties agree this document was sealed in error and a public version was filed with non-party | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | Mylan's permission. | | |
| 418-2 | | MYERISA-00059330 (Ex. I to Obrist Decl.) | The CVS Caremark Defendants assert that the entire document should remain under seal because it was designated as confidential by a third party in its entirety and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited.<br><br>Because Mylan is the designating party, Plaintiffs take no position on whether this document should remain under seal | Mylan designated as Highly Confidential | The CVS Caremark Defendants assert that the document contains non-public information and that the third party which produced the document, Mylan, has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |

| | | | | | |
|---|---|---|---|---|---|
| | | | pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
| 418-3 | | MYERISA-00073627 (Ex. J to Obrist Decl.) | The CVS Caremark Defendants assert that the entire document should remain under seal because it was designated as confidential by a third party in its entirety and it was filed in connection with a | Mylan designated as Highly Confidential | The CVS Caremark Defendants assert that the document contains non-public information and that the third party which produced the document, Mylan, has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |

|  |  |  | discovery motion rather than a dispositive motion, so the public's interest in the document is limited.

Because Mylan is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in |  |  |

| | | | this action. *See* ECF No. 195. | | |
|---|---|---|---|---|---|
| 418-4 | | MYERISA-00073632 (Ex. K to Obrist Decl.) | The CVS Caremark Defendants assert that the entire document should remain under seal because it was designated as confidential by a third party in its entirety and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited.<br><br>Because Mylan is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule | Mylan designated as Highly Confidential | The CVS Caremark Defendants assert that the document contains non-public information and that the third party which produced the document, Mylan, has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |

| | | | | | |
|---|---|---|---|---|---|
| | | | 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
| 418-5 (filed in error); 424 (refiled) | 450-3 | ESI Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production to All Defendants, served January 11, 2019 (Ex. L to Obrist Decl.) | Express Scripts asserts that the redacted portions of the document should remain under seal. Because Express Scripts is the designating party, Plaintiffs take no position on whether this document should remain under seal | | Express Scripts asserts that the redacted portions of the document contains non-public, highly competitive, proprietary and/or commercially sensitive information. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |

| | | | pursuant to Rule 5.6 | | |
|---|---|---|---|---|---|
| 418-6 | 450 | ESI Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to All Defendants, served January 18, 2019 (Ex. R to Obrist Decl.) | Express Scripts asserts that the redacted portions of the document should remain under seal. Because Express Scripts is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | | Express Scripts asserts that the redacted portions of the document contains non-public, highly competitive, proprietary and/or commercially sensitive information. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |
| 418-7 | | MYERISA-00008505 (Ex. T to Obrist Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential, it | Mylan designated as Highly Confidential | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information and contractual terms between Express Scripts and Mylan, as well as Mylan and its other clients.  Express Scripts has designated the document as Highly |

| | | | was designated as confidential by a third party, and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, | | Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, the document was designated as Highly Confidential by non-party Mylan. |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
| 418-8 | | MYERISA-00016801 (Ex. V to Obrist Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential, it was designated as confidential by a third party, and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because | Mylan designated as Highly Confidential | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information and contractual terms between Express Scripts and Mylan. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, the document was designated as Highly Confidential by non-party Mylan. |

| | | | | | |
|---|---|---|---|---|---|
| | | | Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
| 418-9 | 450-1 | ES_000050041 (Ex. W to Obrist Decl.) | Express Scripts asserts that the redacted portions of the document should remain | | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially |

| | | | under seal. Because Express Scripts is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | | sensitive information. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |
|---|---|---|---|---|---|
| 418-10 | | MYERISA-00038194 (Ex. X to Obrist Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential, it was designated as confidential by a third party, and it was filed in connection with a discovery motion rather than a | Mylan designated as Highly Confidential | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information and contractual terms between Express Scripts and Mylan. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, the document was designated as Highly Confidential by non-party Mylan. |

| | | | | | |
|---|---|---|---|---|---|
| | | | dispositive motion, so the public's interest in the document is limited. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |

| 418-11 | | MYERISA-00018796 (Ex. Y to Obrist Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential, it was designated as confidential by a third party, and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should | Mylan designated as Highly Confidential | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information and contractual terms between Express Scripts and Mylan. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, the document was designated as Highly Confidential by non-party Mylan. |

| | | | | | |
|---|---|---|---|---|---|
| | | | remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
| 418-12 | | MYERISA-00018798 (Ex. Z to Obrist Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential, it | Mylan designated as Highly Confidential | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information and contractual terms between Express Scripts and Mylan. Express Scripts has designated the document as Highly Confidential pursuant to the Protective |

| | | | | | |
|---|---|---|---|---|---|
| | | | was designated as confidential by a third party, and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, | | Order [Doc. No. 249]. In addition, the document was designated as Highly Confidential by non-party Mylan. |

| | | | is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
|---|---|---|---|---|---|
| 418-13 | 450-2 | ES_000103916 (Ex. AA to Obrist Decl.) | Express Scripts asserts that the redacted portions of the document should remain under seal. Because Express Scripts is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |
| 420-1 | 421-1 | Unredacted copy of CVS Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to All Defendants, served January 18, | Plaintiffs and the CVS Caremark Defendants do not oppose unsealing. | | |

| | | | | | |
|---|---|---|---|---|---|
| | | 2019 (Ex. C to Obrist Decl.) | | | |
| 427 | 428 | Unredacted copy of Defendants Express Scripts, Inc., Express Scripts Holding Co., and Medco Health Solutions, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery | Express Scripts asserts that the redacted portions of the document should remain under seal. Because Express Scripts is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | Mylan designated some of the underlying documents as Highly Confidential | Express Scripts asserts that redacted portions of the brief contain references or quotations to limited excerpts of non-public, highly competitive, proprietary and/or commercially sensitive information contained in documents that have been marked Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan. |
| 432-1 | 433-1 | Unredacted copy of ES_0000030231 (Ex. 1 to Cooper Decl.) | Express Scripts asserts that the redacted portions of the document should remain under seal. Because Express Scripts is the designating party, | | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information. Express Scripts has designated the document as Highly Confidential |

| | | | Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | | pursuant to the Protective Order [Doc. No. 249]. |
|---|---|---|---|---|---|
| 432-2 | 433-2 | Unredacted copy of Supplemental Objections and Responses of Defendants Express Scripts Holding Company, Express Scripts, Inc., and Medco Health Solutions, Inc., to Interrogatory No. 3 (Ex. 2 to Cooper Decl.) | Express Scripts asserts that the redacted portions of the document should remain under seal. Because Express Scripts is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |
| 432-3 | | ES_000138538—ES_000138544 (Ex. 4 to Cooper Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the | | Express Scripts asserts that the document contains non-public, commercially sensitive information.  Express Scripts has designated the document as Highly |

| | | | reasons outlined in the last column, the entire document is confidential and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because Express Scripts is the designating party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and | | Confidential pursuant to the Protective Order [Doc. No. 249]. |

| | | | | | |
|---|---|---|---|---|---|
| | | | whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
| 432-4 | | ES_000138545—ES_000138547 (Ex. 5 to Cooper Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because Express Scripts is the designating | | Express Scripts asserts that the document contains non-public, commercially sensitive information.  Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. |

| | | | party, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
|---|---|---|---|---|---|
| 432-5 | | MYERISA-00044723 (Ex. 7 to Cooper Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined | Mylan designated as Confidential | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information. Express Scripts has designated the document as |

| | | | in the last column, the entire document is confidential, it was designated as confidential by a third party, and it was filed in connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, | | Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, the document was designated as Confidential by non-party Mylan. |
|---|---|---|---|---|---|

| | | | including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in this action. *See* ECF No. 195. | | |
|---|---|---|---|---|---|
| 432-6 | | ES_000012994 (Ex. 8 to Cooper Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential, it was designated as confidential by a third party, and it was filed in connection with a discovery motion rather than a dispositive | Mylan designated the same document as Highly Confidential. *See* MYERISA-00048935. | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information and contractual terms between Express Scripts and Mylan. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, the same document was designated as Confidential by non-party Mylan at MYERISA-00048935. |

| | | | | | |
|---|---|---|---|---|---|
| | | | motion, so the public's interest in the document is limited. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. | | |
| 432-7 | | MYERISA-00023823 (Ex. 9 to Cooper Decl.) | Express Scripts asserts that the entire document should remain under seal because, in addition to the reasons outlined in the last column, the entire document is confidential, it was designated as confidential by a third party, and it was filed in | Mylan designated as Highly Confidential | Express Scripts asserts that the document contains non-public, highly competitive, proprietary and/or commercially sensitive information. Express Scripts has designated the document as Highly Confidential pursuant to the Protective Order [Doc. No. 249]. In addition, the document was designated as Highly Confidential by non-party Mylan. |

|  |  |  | connection with a discovery motion rather than a dispositive motion, so the public's interest in the document is limited. Because Express Scripts and Mylan are the designating parties, Plaintiffs take no position on whether this document should remain under seal pursuant to Rule 5.6. Plaintiffs contend that the blanket designation of documents as under seal, including boilerplate language and whole documents, is inconsistent with the prior order regarding sealing entered in |  |  |

| | | | this action. *See* ECF No. 195. | | |
|---|---|---|---|---|---|

Dated July 19, 2019

LOCKRIDGE GRINDAL NAUEN PLLP

/s/ Kate M. Baxter-Kauf
Kate M. Baxter-Kauf, #392037
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4007
kmbaxter-kauf@locklaw.com

*Plaintiffs' Interim Liaison Counsel*

KELLER ROHRBACK L.L.P.

Gretchen S. Obrist (*Pro Hac Vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
gobrist@kellerrohrback.com

*Plaintiffs' Interim Lead Class Counsel*

LOCKRIDGE GRINDAL NAUEN PLLP

Karen Hanson Riebel, #219770
David W. Asp, #344850
Arielle S. Wagner, #398332
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
dwasp@locklawcom
aswagner@locklaw.com

KELLER ROHRBACK L.L.P.

Lynn Lincoln Sarko (*Pro Hac Vice*)
Gretchen Freeman Cappio (*Pro Hac Vice*)
Cari Campen Laufenberg (*Pro Hac Vice*)
Matthew Gerend (*Pro Hac Vice*)
Garrett Heilman (*Pro Hac Vice*)
Maissa Chouraki (*Pro Hac Vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
mgerend@kellerrohrback.com
gheilman@kellerrohrback.com
mchouraki@kellerrohrback.com

ROBBINS GELLER RUDMAN & DOWD
LLP

Stuart A. Davidson (*Pro Hac Vice*)
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
sdavidson@rgrdlaw.com

*Plaintiffs' Interim Steering Committee
Member*

BERMAN TABACCO

Kathleen M. Donovan-Maher (*Pro Hac
Vice*)
1 Liberty Square, 8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
kdonovanmaher@bermantabacco.com

*Plaintiffs' Interim Steering Committee
Member*

ROBBINS GELLER RUDMAN & DOWD
LLP

Paul J. Geller (*Pro Hac Vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
pgeller@rgrdlaw.com

Brian O. O'Mara (*Pro Hac Vice*)
Arthur L. Shingler, III (*Pro Hac Vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
bomara@rgrdlaw.com
ashingler@rgrdlaw.com

BERMAN TABACCO

Patrick T. Egan (*Pro Hac Vice*)
Justin N. Saif (*Pro Hac Vice*)
Steven L. Groopman (*Pro Hac Vice*)
Marc J. Greenspon (*Pro Hac Vice*)
1 Liberty Square, 8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
pegan@bermantabacco.com
jsaif@bermantabacco.com
sgroopman@bermantabacco.com
mgreenspon@bermantabacco.com

Christopher Heffelfinger (*Pro Hac Vice*)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
cheffelfinger@bermantabacco.com

REX A. SHARP, P.A.

Rex A. Sharp (*Pro Hac Vice*)
5301 W. 75th Street
Prairie Village, KS 66208
Telephone: (913) 901-0505
rsharp@midwest-law.com

*Plaintiffs' Interim Steering Committee Member*

THE LANIER LAW FIRM, PLLC

William Mark Lanier (*Pro Hac Vice*)
6810 F.M. 1960 West
Houston, TX 77069
Telephone: (713) 659-5200
wml@lanierlawfirm.com

*Plaintiffs' Interim Steering Committee Member*

BURNS CHAREST LLP

Warren T. Burns (*Pro Hac Vice*)
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Email: wburns@burnscharest.com

*Plaintiffs' Interim Steering Committee Member*

THE MAUL FIRM PC

Anthony F. Maul (*Pro Hac Vice*)
68 Jay Street, Suite 201
Brooklyn, NY 11201
Telephone: (718) 395-4918
afmaul@maulfirm.com

*Plaintiffs' Interim Steering Committee Member*

Dated:  July 19, 2019

SPENCER FANE LLP

By:    *Jessica J. Nelson*
     Donald G. Heeman, #286023
     Jessica J. Nelson, #347358
     Randi J. Winter, #0391354
     150 South Fifth Street, Suite 1900
     Minneapolis, MN  55402
     Telephone:  (612) 268-7000
     Facsimile:  (612) 268-7001
     dheeman@spencerfane.com
     jnelson@spencerfane.com
     rwinter@spencerfane.com

STEPTOE & JOHNSON LLP
     Paul J. Ondrasik, Jr. (*pro hac vice*)
     Eric G. Serron, #169778
     1330 Connecticut Avenue NW
     Washington, DC 20036
     Telephone: (202) 429-3000
     pondrasik@steptoe.com
     eserron@steptoe.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
     Michael Lyle (*pro hac vice*)
     Jonathan Cooper (*pro hac vice*)
     Eric C. Lyttle (*pro hac vice*)
     1300 I Street, NW, Suite 900
     Washington, D.C. 20005
     Telephone:  (202) 538-8000
     Facsimile:  (202) 538-8100
     mikelyle@quinnemanuel.com
     jonathancooper@quinnemanuel.com
     ericlyttle@quinnemanuel.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
     Andrew S. Corkhill (*pro hac vice*)
     51 Madison Avenue, 22nd Floor
     New York, NY 10010
     Telephone:  (212) 849-7000
     Facsimile:  (212) 849-7100
     andrewcorkhill@quinnemanuel.com

*Attorneys for Defendants Express Scripts Holding Co., Express Scripts, Inc., and Medco Health Solutions, Inc.*

Dated:  July 19, 2019

FAEGRE BAKER DANIELS LLP

By:   *Daniel M. Dockery*
       Deborah A. Ellingboe, #26216X
       Isaac B. Hall, #0395398
       2200 Wells Fargo Center
       90 South Seventh Street
       Minneapolis, MN 55402
       Telephone:  (612) 766-7000
       Facsimile:  (612) 766-1600
       debbie.ellingboe@faegrebd.com
       isaac.hall@faegrebd.com

WILLIAMS & CONNOLLY LLP
Enu Mainigi (*pro hac vice*)
Richmond T. Moore (*pro hac vice*)
Daniel M. Dockery (*pro hac vice*)
Paul Boehm (*pro hac vice*)
Michelle Chen (*pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
emainigi@wc.com
rmoore@wc.com
ddockery@wc.com
pboehm@wc.com
mchen@wc.com

*Attorneys for Defendants CVS Health Corp., Caremark, L.L.C.,*
*Caremark Rx, L.L.C., and CaremarkPCS Health, L.L.C.*