**Kate M. Baxter-Kauf**
kmbaxter-kauf@locklaw.com
Direct: 612.596.4007

**LOCKRIDGE GRINDAL NAUEN** P.L.L.P.

Attorneys at Law
www.locklaw.com

MINNEAPOLIS
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

February 21, 2020

**VIA ECF AND EMAIL**

The Honorable Hildy Bowbeer
United States Magistrate Judge
United States District Court
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101
bowbeer_chambers@mnd.uscourts.gov

Re:   *In re EpiPen ERISA Litigation*, Case No. 17-cv-01884 (PAM-HB)

Dear Judge Bowbeer,

Plaintiffs submit this letter in accordance with the Court Minutes entered on February 6, 2020 (ECF No. 565), as well as the parties' discussion on the record at the case management conference on February 6.

*Plaintiffs' Overarching Concerns*

Plaintiffs are concerned that information central to this action will not be available to the Court for consideration in conjunction with class certification because the Defendants have refused or failed to make that information available (e.g., to identify or make available witnesses with knowledge of the facts). As indicated in the status conference and in all meet and confers with Defendants, Plaintiffs are happy to attempt to work to find mutually convenient dates and locations for all noticed fact, expert, and 30(b)(6) depositions, and to attempt to narrow or reach compromise on Defendants' objections and requests for documents in advance of the noticed 30(b)(6) depositions.

However, Plaintiffs do not think that it is reasonable that at least three Defendant groups have now indicated that their preferred scheduling for 30(b)(6) depositions is within days of or even *after* the April 15, 2020 due date for Plaintiffs' reply brief in support of class certification, and have given no indication that the unscheduled fact depositions will be completed in a similar fashion. Plaintiffs noticed these depositions in early January.

547031.3

Fact discovery closes in mid-May. Plaintiffs have a right to attempt to assemble evidence relevant to class certification and the merits at trial, and to determine the order in which they seek that discovery. That Defendants propose to delay relevant depositions until nearly three months after amended notices have been served is neither fair to Plaintiffs nor consistent with this Court's directive at the February 6 status conference to the parties to move towards resolution of any outstanding concerns. This is especially true given that Plaintiffs originally noticed the 30(b)(6) depositions in June 2019, putting all Defendants on notice that this type of testimony and evidence would be sought by Plaintiffs. As we have communicated to Defendants, Plaintiffs offered early March dates for any necessary expert depositions, and all parties seem to agree that such depositions should be completed with sufficient time before Plaintiffs' April 15 reply brief due date. Based on the time-honored principle that what is good for the goose is good for the gander, Plaintiffs believe that any and all 30(b)(6) depositions should be completed on or before April 3, 2020, and that fact depositions should be completed in approximately the same time frame. Plaintiffs have been clear about their needs in the litigation and the coming time pressures given the short window remaining for fact discovery. Defendants cannot reasonably claim surprise or a lack of knowledge that these depositions must be scheduled expeditiously.

As of this letter, Plaintiffs believe that they will be able to work out any remaining issues with regard to noticed 30(b)(6) topics and Defendants' request to identify some exhibits in advance of the deposition. However, given the amount of time remaining in fact discovery and the number of depositions left to complete, Plaintiffs hope that any lingering disputes could be decided through the Court's IDR process.

**<u>Status of Deposition Scheduling and 30(b)(6) Notices and Topics with Defendants</u>**

Plaintiffs served amended notices for five 30(b)(6) depositions on Defendants on January 10, 2020.

Plaintiffs noticed the depositions of 13 party fact witnesses on January 14, 2020.

The depositions were noticed to begin in early February 2020.

*Express Scripts Defendants*

On January 22, prior to the February 6 case management conference, Plaintiffs met and conferred with the Express Scripts Defendants regarding the 30(b)(6) notice and scheduling of fact witnesses. Plaintiffs also received written objections to the 30(b)(6) topics and a proposal for document exchange prior to the 30(b)(6) deposition from the Express Scripts Defendants via letter on February 1.

After the case management conference, on February 7, the parties further met and conferred on the Express Scripts Defendants' objections, including with regard to topics

for which the Express Scripts Defendants indicated they would not provide testimony, certain definitional objections, the relevant time period, and the possibility of Plaintiffs providing documents in advance of the deposition. Plaintiffs are open to providing certain documents in advance to the extent it aids the Express Scripts Defendants in preparing a witness or witnesses but would oppose any attempt to limit the scope of the topics or testimony, or the preparation obligations, to those identified documents. Plaintiffs hope that they will be able to resolve the issues they have discussed with the Express Scripts Defendants in the near future.

As indicated in the chart below, the parties have scheduled two of the three noticed fact witness depositions for the Express Scripts Defendants. The Express Scripts Defendants have indicated that they "hope to have a further update next week"—that is, the week of February 24—on the outstanding fact witness but have not committed to a date for further information or given any sense of when such a fact deposition may occur. Yesterday, the Express Scripts Defendants proposed April 22 or April 23 for the deposition of their 30(b)(6) witness or witnesses. Plaintiffs explained today that the proposed dates are more than three months after Plaintiffs noticed the depositions and are after the date by which Plaintiffs must file their reply in support of class certification. In light of these facts, Plaintiffs asked the Express Scripts Defendants to provide dates no later than late March or the first week of April (i.e., on or before April 3). We await a response.

### *Defendant Prime*

On January 23 and 30, prior to the February 6 case management conference, Plaintiffs met and conferred with Defendant Prime regarding the 30(b)(6) notice and scheduling of fact witnesses.

After the case management conference, on February 9, Defendant Prime served Plaintiffs with its written objections to Plaintiffs' Rule 30(b)(6) deposition notice. On February 18, the parties met and conferred on Defendant Prime's objections, including with regard to certain topics on which Defendant Prime indicated it would not provide testimony, the relevant time period, and the possibility of Plaintiffs providing documents in advance of the deposition. Plaintiffs are open to providing certain documents in advance to the extent it aids Defendant Prime in preparing a witness or witnesses but would oppose any attempt to limit the scope of the topics or testimony to those identified documents or counsel's obligation to prepare a witness. Plaintiffs hope to resolve the issues they have discussed with Defendant Prime in the near future.

As indicated in the chart below, the parties have scheduled two of the three noticed fact witness depositions for Defendant Prime. Defendant Prime has not proposed dates for the remaining fact witness. Additionally, Defendant Prime has not yet proposed dates for the deposition of its 30(b)(6) witness or witnesses, but has indicated that it believes that

"late March or early April" is the timeframe it anticipates proposing. Plaintiffs requested today that Defendant Prime provide dates no later than late March or the first week of April (i.e., on or before April 3). We await a response.

### *Optum and United Defendants*

On February 5, the day before the February 6 case management conference, Plaintiffs met and conferred with the Optum and United Defendants regarding the 30(b)(6) notice and scheduling of fact witnesses on January 23. Plaintiffs also received formal objections to the 30(b)(6) topics and a proposal for document exchange prior to the 30(b)(6) deposition for the Optum Defendants. On February 7 and 8, the United Defendants served Plaintiffs with their written objections to Plaintiffs' Rule 30(b)(6) deposition notice. On February 12, the parties met and conferred on the Optum and United Defendants' objections, including with regard to specific topics on which the Optum and United Defendants indicated they would not provide testimony, the relevant time period, and the possibility of Plaintiffs providing documents in advance of the deposition. Plaintiffs are open to providing certain documents in advance to the extent it aids the Optum and United Defendants in preparing a witness or witnesses but would oppose any attempt to limit the scope of the topics or testimony to those identified documents or to limit counsel's obligation to prepare the witness for the full time period. Plaintiffs hope that they will be able to resolve any outstanding issues in the near future.

As indicated in the chart below, the parties have scheduled two of the four noticed fact witness depositions for the Optum and United Defendants. The Optum and United Defendants have not proposed dates for the remaining two fact witnesses. The Optum Defendants have proposed April 2, 2020, in Irvine, California, for the deposition of their 30(b)(6) witness or witnesses, but a previous proposed date (March 26) for the deposition of the United Defendants' 30(b)(6) witness or witnesses was retracted and no new date has yet been proposed. The United Defendants have indicated that they would be looking at "April dates" for their next proposal; in confirming receipt of the information that March 26 would no longer work for the United Defendants' 30(b)(6) witness or witnesses, Plaintiffs requested that the United Defendants propose dates between now and late March.

### *CVS Caremark Defendants*

On January 27, prior to the February 6 case management conference, Plaintiffs met and conferred with the CVS Caremark Defendants regarding the 30(b)(6) notice and scheduling of fact witnesses.

After the case management conference, on February 12, Plaintiffs received formal objections to the 30(b)(6) topics and a request that documents be provided prior to the 30(b)(6) deposition from the CVS Caremark Defendants. On February 19, 20, and 21, the parties further met and conferred on the CVS Caremark Defendants' objections, including

the relevant time period, topics for which CVS Caremark indicated it would not provide testimony, a proposal from the CVS Caremark Defendants regarding a "hybrid" 30(b)(1) and 30(b)(6) deposition, and the possibility of Plaintiffs providing documents in advance of the deposition.  Plaintiffs are open to providing certain documents in advance to the extent it aids the CVS Caremark Defendants in preparing a witness or witnesses but would oppose any attempt to limit the scope of the topics or testimony to those identified documents or to limit counsel's obligation to prepare their witness on the full timeframe. Plaintiffs hope that they will be able to resolve the issues they have discussed with the CVS Caremark Defendants in the near future.

As indicated in the chart below, the parties have scheduled one of the three noticed fact witness depositions for the CVS Caremark Defendants.  The CVS Caremark Defendants proposed a date for an additional fact witness of April 23, but has not proposed a dates for the remaining fact witness deposition.  Additionally, the CVS Caremark Defendants have not yet proposed dates for the deposition of their 30(b)(6) witness or witnesses, but have indicated that they anticipate proposing dates the week of April 6, April 13, or April 22.  Plaintiffs explained today that the proposed dates are more than three months after Plaintiffs noticed the depositions, and are after the date by which Plaintiffs must file their reply in support of class certification.  In light of these facts, Plaintiffs asked the CVS Caremark Defendants to provide dates no later than late March or the first week of April (i.e., on or before April 3).  We await a response.

**Status of Deposition Scheduling and 30(b)(6) Notices and Topics with Mylan**

Prior to the February 6 case management process, on December 20, 2019, Plaintiffs served a subpoena for one 30(b)(6) Deposition on non-Party Mylan, N.V., Mylan, Inc., Mylan Specialty L.P., and Mylan Pharmaceuticals, Inc. ("Mylan"), and on January 14, 2020, Plaintiffs served subpoenas for four fact witnesses of Mylan employees.  On January 31, 2020, the Defendants collectively served subpoenas on Mylan to produce the transcripts for several witnesses that were taken in the MDL litigation in Kansas.  Plaintiffs met and conferred with Mylan regarding its subpoenas on January 23 and 31, during which Mylan indicated that it would prefer to work with the parties jointly in order to limit burdens to its witnesses.  To that end, Plaintiffs met and conferred with Defendants on February 4.

After the case management conference, Plaintiffs, Defendants, and Mylan all met and conferred on February 7.  During that discussion, Plaintiffs relayed the Court's sentiment from the Court Minutes that Mylan's presence would be welcome at the upcoming case management conference.  After that conference, Mylan's counsel served a letter objecting to Defendants' transcript subpoenas on February 14.  In that letter, Mylan wrote that "Mylan is willing to meet and confer with Defendants regarding an appropriate scope of discovery as to Mylan in the ERISA litigation, but only if Defendants provide

February 21, 2020
Page 6

Mylan with the names of the individuals whose deposition Defendants intend to seek." As a result, it is Plaintiffs' understanding that the next steps required to break the logjam that seems to be holding up scheduling requires that Defendants provide additional information to Mylan, which, as of this letter, Defendants have not done. While Defendants have indicated that they intend to cross-notice both the 30(b)(6) and the fact witness deposition subpoenas served by Plaintiffs, they have not served formal notices, and have not given any indication as to which, if any, additional Mylan fact witnesses they might seek to depose.

Plaintiffs understand Mylan's concerns and are willing to work to attempt to minimize the burden on Mylan as a third party. However, Plaintiffs believe that Defendants have unreasonably undermined Plaintiffs' ability to seek clearly relevant discovery by unduly delaying their responses to Mylan and by failing to diligently meet and confer. Plaintiffs have indicated to Mylan and Defendants that, notwithstanding their ability to cross-notice any fact witnesses that Defendants may seek testimony from, Plaintiffs have provided Mylan with the complete universe of fact discovery yet to be sought from Mylan of which Plaintiffs are aware at this time.

As indicated on the chart below, no depositions for either 30(b)(6) or fact witnesses for Mylan have been scheduled.

**Status of Deposition Scheduling for Defendants' Expert Witnesses**

Defendants offered six expert witnesses in support of their opposition to Plaintiffs' motion for class certification. Plaintiffs have requested dates in the first few weeks of March to depose those experts. The status of negotiations for dates for any depositions of those witnesses is summarized in the chart below, and Plaintiffs anticipate finalizing necessary dates after assessing work papers in the next few days.

**Noticed Deposition Chart**

As of this letter, the parties have noticed, but not completed, the following depositions. Information added since the status conference on February 6 is highlighted.

| Noticed Deponent | Affiliated With | Noticing Party | Noticed Date | Confirmed Date & Time |
|---|---|---|---|---|
| 30(b)(6) of Express Scripts | | Plaintiffs | 2/3 | |
| Ed Adamcik | Express Scripts | Plaintiffs | 2/11 | |

547031.3                                   6

February 21, 2020
Page 7

| Noticed Deponent | Affiliated With | Noticing Party | Noticed Date | Confirmed Date & Time |
|---|---|---|---|---|
| Anthony Grillo | Express Scripts | Plaintiffs | 2/12 | 2/25 at 9 a.m. CST |
| Thomas Abson | Express Scripts | Plaintiffs | 2/13 | 3/5 at 8 a.m. CST |
| 30(b)(6) of Prime | | Plaintiffs | 2/6 | |
| Sue Scheid | Prime | Plaintiffs | 2/4 | |
| Chris Moen | Prime | Plaintiffs | 2/5 | 3/13 at 9 a.m. CST |
| Amy Olson | Prime | Plaintiffs | 2/7 | 2/27 at 9 a.m. CST |
| 30(b)(6) of United | | Plaintiffs | 2/4 | |
| 30(b)(6) of Optum | | Plaintiffs | 2/5 | 4/2 at 11 a.m. CST |
| Heather Dibblee | Optum | Plaintiffs | 2/10 | 3/13 at 11 a.m. CST |
| Robert Lahman | Optum | Plaintiffs | 2/11 | 4/3 at 11 a.m. CST |
| Frederick Curtiss | Optum | Plaintiffs | 2/12 | |
| Tim Schwartz | United | Plaintiffs | 2/13 | |
| 30(b)(6) of CVS | | Plaintiffs | 2/7 | |
| James Cichowski | CVS | Plaintiffs | 2/18 | 3/20 at 9 a.m. CST |
| Patricia Doruff | CVS | Plaintiffs | 2/19 | |
| Gary Loeber | CVS | Plaintiffs | 2/20 | |
| 30(b)(6) of Mylan | | Plaintiffs | 1/23 | |
| Bruce Foster | Mylan | Plaintiffs | 2/18 | |
| Nicole Willing | Mylan | Plaintiffs | 2/19 | |
| Scott Sussman | Mylan | Plaintiffs | 2/20 | |

February 21, 2020
Page 8

| Noticed Deponent | Affiliated With | Noticing Party | Noticed Date | Confirmed Date & Time |
|---|---|---|---|---|
| Thomas Theiss | Mylan | Plaintiffs | 2/21 | |
| LeeMore S. Dafny, PhD | Prime Expert | | None | |
| Thomas M. Donlon, F.S.A., M.A.A.A., F.C.A. | Prime Expert | | None | |
| David Dranove, Ph.D. | Express Scripts | | None | |
| Dr. Daniel P. Kessler | Optum/United | | None | |
| Eric M. Gaier, Ph.D. | CVS | | None | |
| Ernst R. Berndt, PHD | ESI/Optum/United/CVS | | None | |

**Completed Depositions**

As of this letter, no additional depositions have been conducted beyond those noted in connection with the February 6, 2020 status conference.  *See* ECF No. 562 at 12.

Please let us know if you have any questions.  As you can see, Plaintiffs believe there are several outstanding issues that may need to be resolved before the scheduled March 19, 2020 status conference.  If those issues cannot be resolved by the parties in a reasonable timeframe, Plaintiffs believe they are most appropriately resolved through the Court's IDR process.

Very truly yours,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Kate M. Baxter-Kauf