

DONALD G. HEEMAN
DIRECT DIAL: 612.268.7005
dheeman@spencerfane.com

May 28, 2020

**VIA ECF**

The Honorable Hildy Bowbeer
United States Magistrate Judge
United States District Court
734 Federal Building
316 N. Robert Street
St. Paul, MN 55101
bowbeer_chambers@mnd.uscourts.gov

Re:   *In re EpiPen ERISA Litigation*, Case No. 17-cv-01884 (PAM-HB)

Dear Judge Bowbeer,

     In accordance with the Court's Second Amended Third Order Regarding Case Management Conferences (ECF No. 564), we write on behalf of all Defendants to address the items on the parties' Proposed Joint Agenda (ECF No. 701).

     Additionally, we write at the Court's direction provided at the telephonic case management conference held on April 29, 2020 and the Court Minutes (ECF No. 673) to provide an update on the agreements reached and remaining areas of dispute about the 30(b)(6) depositions of Mylan, including any disputes or agreements about topics, total number of hours, and allocation of time between Plaintiffs and Defendants.  Plaintiffs and Defendants have agreed to split the time for the 30(b)(6) depositions of Mylan equally between Plaintiffs and Defendants.  The only remaining 30(b)(6) issues are (i) the total time for the 30(b)(6) deposition of Mylan (described in the Section 1(b)(ii) below), and (ii) the Defendants' topic regarding rebate negotiations (described in Section 1(b)(iii) below).

May 28, 2020

1. **Status of Discovery**

    a. **Plaintiffs' Motion for Class Certification**

        i. **Joint Motion Regarding Continued Sealing**

   The parties' joint motion regarding continued sealing related to Plaintiffs' motion for class certification was originally due May 15, 2020. The parties agreed to jointly request an extension of the parties' time to file the motion for continued sealing, due to the number of documents that the joint motion must address and the need for the parties to coordinate with one another as well as with non-parties in connection with that joint motion. On May 15, 2020, the parties jointly contacted the Court's chambers to request that extension.

   The parties have proposed that the joint motion be due on or around July 31, unless the Court prefers that the motion be filed in advance of the hearing on class certification, in which case the parties would propose the joint motion be due on or around June 26. The parties seek the Court's guidance about the timing of the joint motion.

    b. **Plaintiffs' Requests to Defendants**

        i. **Notices for 30(b)(6) and Fact Depositions**

   On January 10, 2020, the Plaintiffs served amended notices to depose Defendants' corporate representatives under Rule 30(b)(6).[1] On January 14, 2020, the Plaintiffs served notices for fact depositions of individuals.

   With respect to these notices of the 30(b)(6) and fact depositions, Defendants' status letter of April 27, 2020 (ECF No. 668) describes the parties' meet and confer efforts up to that date, the disputes between the parties, and the scheduling of fact depositions. Since then, the parties have met and conferred further with respect to the scope of the 30(b)(6) depositions. To the extent that those disputes are not resolved, Defendants intend to file motions for protective orders by May 29, 2020.

    c. **Requests to Third Parties**

        i. **Plaintiffs' Subpoena to McKesson Corporation**

   On or about February 19, 2020, Plaintiffs served non-party McKesson Corporation with a subpoena for documents, with a date of compliance of March 12, 2020. At the prior Case Management Conference on April 29, 2020, Plaintiffs informed the Court that they expected an update from McKesson by April 28, 2020, but had not yet received one. Defendants expect that Plaintiffs will update the Court on the status of that subpoena.

---

[1] On April 30, 2020, Plaintiffs served a second amended notice to depose Express Scripts' corporate representative.

May 28, 2020

### ii. Plaintiffs' Subpoenas to Mylan, N.V., Mylan, Inc., Mylan Specialty L.P., Mylan Pharmaceuticals, Inc., and Mylan Fact Witnesses for Deposition Testimony

On or about December 20, 2019, Plaintiffs served Mylan with a subpoena for a 30(b)(6) deposition and set the date of compliance as January 23, 2020. On or about January 14, 2020, Plaintiffs also served Mylan with notices to depose several Mylan employees.

Plaintiffs have advised the Court that the only remaining dispute between Plaintiffs and Mylan regarding the 30(b)(6) testimony concerns the total number of hours the parties will have for such testimony. The interim status update letter from Plaintiffs and Mylan (ECF No. 687) outlines the positions of Plaintiffs and Mylan.

Since that update letter, the parties subsequently met and conferred on May 21, 2020 concerning the number of hours for all parties for the Mylan 30(b)(6) deposition. On May 26, 2020, Mylan sent the parties a proposal on the total number of hours for the parties' 30(b)(6) deposition of Mylan and the designation of certain 30(b)(6) witnesses, contingent on limiting the number of additional individual depositions of Mylan current or former employees. Plaintiffs responded to Mylan's proposal on May 28, 2020. Defendants are considering Mylan's proposal and Plaintiffs' response, and are optimistic that they will reach agreement with Mylan soon. Plaintiffs and Defendants have otherwise agreed that they will equally split the total number of hours of any Mylan 30(b)(6) testimony.

### iii. Defendants' Subpoenas to Mylan Inc., Mylan Specialty L.P., and Mylan Pharmaceuticals Inc.

As this Court is aware from past case management conferences, Defendants served two subpoenas on Mylan—one for deposition transcripts of certain Mylan witnesses in the MDL, and one for 30(b)(6) testimony. Defendants and Mylan have met and conferred multiple times about the EpiPen MDL deposition transcripts and about the anticipated depositions and 30(b)(6) topics in this case.

As reflected in the interim update letter from Defendants and Mylan concerning the status of Defendants' document subpoena to Mylan (ECF No. 684), the Defendants and Mylan met and conferred concerning the Defendants' subpoena for documents on May 1 and May 6, 2020. The parties have resolved nearly all of their disputes concerning this subpoena, and the timing of Mylan's production is the only issue that remains in dispute. On May 27, 2020, counsel for Defendants had a further conversation with Mylan's counsel about the timing of production, and Defendants are optimistic that they will reach agreement with Mylan soon.

As reflected in the interim update letter from Defendants and Mylan concerning the scope of their 30(b)(6) subpoena to Mylan (ECF No. 686), the Defendants and Mylan met and conferred on May 6 and May 14, 2020, and there were only three outstanding issues as of May 15, 2020. Since then, the parties have reached agreement on the second of those issues (the scope of testimony Mylan will provide about certain specified public statements) and the third of those

May 28, 2020

issues (the timeframe), so all that remains is the first issue (whether Mylan will provide testimony about its rebate negotiations and internal communications regarding such negotiations). Defendants and Mylan have discussed that issue further and are optimistic that they will be able to reach agreement. Mylan has indicated that it will send a letter memorializing the final agreement among Plaintiffs, Defendants, and Mylan on all issues related to the scope of the parties' 30(b)(6) subpoenas.

### d. Letter Regarding Schedule for Certain Contention Interrogatories and Requests for Supplemental Data

As discussed during the May 22 pre-motion conference, the parties have agreed that certain discovery issues may be raised at a later date. First, the parties reserved the right to supplement responses to certain contention interrogatories by the end of discovery, and the parties agree that any motions to compel regarding the sufficiency of those responses would be filed by October 30, 2020. Second, Plaintiffs have requested that the Defendants supplement the data already produced by Defendants in this case to cover through present day (or through any class period defined by the Court), and the parties agree that any dispute related to the supplementation of data through the duration of the class period should be resolved after the Court rules on Plaintiffs' pending motion for class certification. Third, the Defendants agreed to produce certain documents or data requested by Plaintiffs concerning plan location information by a certain date. Finally, the parties have agreed to defer certain 30(b)(6) topics from any motions for protective orders filed by Defendants on May 29, 2020, given the parties' anticipation that the parties will reach agreement on how to resolve any issues with respect to those topics in advance of the depositions. The parties are preparing a letter to the Court on these issues.

### 2. Noticed Depositions Yet to be Completed

The Proposed Joint Agenda (ECF No. 701) accurately reflects the noticed depositions that have not yet been completed.

### 3. Completed Depositions

The Proposed Joint Agenda (ECF No. 701) accurately reflects the completed depositions that have occurred to date.

Respectfully Submitted,

*/s/ Donald G. Heeman*

Donald G. Heeman

cc:   All parties of record via ECF