

**Kate M. Baxter-Kauf**
kmbaxter-kauf@locklaw.com
Direct: 612.596.4007

**MINNEAPOLIS**
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

May 28, 2020

<u>**VIA ECF AND EMAIL**</u>

The Honorable Hildy Bowbeer
United States Magistrate Judge
United States District Court
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101
bowbeer_chambers@mnd.uscourts.gov

     **Re:**   *In re EpiPen ERISA Litigation*, Case No. 17-cv-01884 (PAM-HB)

Dear Judge Bowbeer,

     Plaintiffs submit this letter in accordance with the Court's Orders Regarding Case Management Conferences (ECF Nos. 333, 390, 505, and 564) to address the items on the parties' Proposed Joint Agenda (ECF No. 701) for the case management conference scheduled telephonically for Monday, June 1, 2020.

     As indicated in the Proposed Joint Agenda, Plaintiffs' position is that the parties do not have any ripe disputes that require Court intervention at this time, with the exception of the discovery disputes previously discussed with the Court during the May 22 Pre-Motion Call, some of which will be the subject of non-dispositive motions to be filed on May 29.  This letter describes Plaintiffs' perspective on the progress the parties have made on all of the topics identified on the agenda.  Plaintiffs are happy to answer questions and are committed to working to resolve any outstanding issues, whether through agreement or court resolution.

    **1. Status of Discovery**

        **a. Plaintiffs' Motion for Class Certification**

May 28, 2020
Page 2

### i. Joint Motion Regarding Continued Sealing

Plaintiffs submitted their motion for class certification on December 16, 2020.  *See* ECF No. 517.  In conjunction with that motion, the opposition filed by Defendants on February 14, 2020 (ECF No. 618), and the reply filed by Plaintiffs (ECF No. 658), all of the parties filed memoranda, exhibits and other documents under temporary seal pursuant to LR 5.6(c) and LR 5.6(d).  Under the procedure contemplated by Local Rule 5.6(d)(2), the parties were required to file a completed Joint Motion Regarding Continued Sealing Form on May 15, 2020.  Plaintiffs completed their portion of the form and forwarded it to Defendants on May 7, 2020.  After discussions with Defendants regarding the voluminous nature of the form, the need for additional time, and the efficiencies that could be gained through the process, the parties called chambers to request an extension for a deadline to file the Joint Motion Regarding Continued Sealing Form, which was granted.

Plaintiffs would appreciate the Court's guidance into the appropriate mechanism for ensuring the timely but efficient completion of the Joint Motion for Continued Sealing.  On the one hand, under the standard deadlines for dispositive and non-dispositive motions in the District of Minnesota, the ordinary course of Joint Motions for Continued Sealing are often due after the hearing for the motion for which documents were temporarily sealed. There may be efficiencies to be gained from this approach. For example, many documents supporting or opposing Plaintiffs' motion for class certification were produced by third-parties who will need to be notified under the Amended Protective Order regarding the use of their documents at the class certification hearing to be held July 15.  *See* ECF No. 463 at 15 ¶ 12(b).  Negotiating whether documents should remain under seal or be unsealed simultaneously with whether such documents may be referenced at a public hearing and in what manner will avoid duplication.  On the other hand, Plaintiffs understand that the class certification hearing is not for another six weeks and that prolonging the filing beyond that date is a substantial extension.

As of this letter, Plaintiffs understand that the two dates contemplated for filing the Joint Motion Regarding Continued Sealing Form are either July 31 (two weeks after the class certification hearing) or June 26 (sufficiently after current filings are due).  Plaintiffs are amenable to those dates but are also amenable to following a different schedule should the Court prefer it.  Plaintiffs believe it is useful to discuss those proposed dates at the status conference, as well as whether it might make sense to establish some interim deadlines to avoid a rush on the dates immediately preceding the selected due date.

### b. Plaintiffs' Requests to Defendants

### i. Notices for 30(b)(6) and Fact Depositions

Over the course of the litigation, Plaintiffs have served notices for five 30(b)(6) Depositions on Defendants, as well as 14 party individual party fact witnesses, one third-

May 28, 2020
Page 3

party 30(b)(6) witness, and four third-party individual fact witnesses.  The parties have diligently met and conferred over the past four months in order to narrow or avoid as many disputes as possible regarding the scope of the five served 30(b)(6) notices, and believe that any remaining disputes will be the subject of motion practice or continued agreement. As a result, in order to schedule the remaining depositions before the end of fact deposition discovery on September 15, 2020, pursuant to the Order on Fourth Stipulation to Amend Pretrial Scheduling Order entered by the Court on April 8, 2020 (ECF No. 653), Plaintiffs intend to start proposing dates to Defendants and to third-party Mylan in the next week or so.

As noted in the chart below, Plaintiffs' deposition notices for five party 30(b)(6) witnesses, 11 party individual fact witnesses, one third-party 30(b)(6) witness, and four third-party individual fact witnesses remain currently pending but not completed.  Plaintiffs foresee no concerns in completing these depositions by September 15, 2020 as contemplated in that schedule and intend to "actively consider and explore remote alternatives to in-person depositions" as well as engage in "diligent and creative efforts to complete discovery," as requested by the Court.  ECF No. 653 at 2, 3.

### c. Requests to Third Parties

#### i. Plaintiffs' Subpoena to McKesson Corporation

On February 19, 2020, Plaintiffs served non-party McKesson Corporation ("McKesson") with a subpoena to produce documents, setting a date of compliance of March 12, 2020.  Having not received a response to their McKesson subpoena, Plaintiffs sent a follow-up letter on March 16, 2020.  On March 23, 2020, Plaintiffs received an email from counsel for McKesson advising that McKesson was in the process of gathering the requested data.  On Friday, April 10, 2020, Plaintiffs spoke with counsel for McKesson regarding the status of production.  Counsel for McKesson advised that McKesson had gathered the requested data but were having technical problems with the production based on its size.  On May 26, 2020, Plaintiffs received one small data set from McKesson. Plaintiffs intend to follow-up with McKesson's counsel regarding production of the remaining data.

#### ii. Plaintiffs' Subpoenas to Mylan, N.V., Mylan, Inc., Mylan Specialty L.P., Mylan Pharmaceuticals, Inc., and Mylan Fact Witnesses for Deposition Testimony

On December 20, 2019, Plaintiffs served a subpoena for one 30(b)(6) deposition on non-Party Mylan, N.V., Mylan, Inc., Mylan Specialty L.P., and Mylan Pharmaceuticals, Inc. ("Mylan"), and on January 14, 2020, Plaintiffs served subpoenas for four fact witnesses of Mylan employees.  Plaintiffs met and conferred with Mylan regarding its subpoenas on January 23 and 31, during which Mylan indicated that it would prefer to

May 28, 2020
Page 4

work with the parties jointly in order to limit burdens to its witnesses.  To that end, Plaintiffs met and conferred with Defendants on February 4.

After the February case management conference, Plaintiffs, Defendants, and Mylan all met and conferred on February 7.  After that conference, Mylan's counsel served a letter objecting to Defendants' transcript subpoenas on February 14.  The parties updated the Court as to the status of these disputes on February 21.  *See* ECF Nos. 627, 628, 629. Plaintiffs continued to meet and confer with Mylan regarding outstanding issues related to document and deposition discovery.  On February 20, 2020, Mylan sent a follow up letter regarding depositions, to which Plaintiffs responded on February 27, 2020 and to which Mylan followed up on March 14, 2020.

On April 10, 2020, Plaintiffs convened a telephone conference with counsel for Mylan and counsel for all Defendants to ascertain the lay of the land with respect to the timing of scheduling Mylan's 30(b)(6) and fact witness depositions.  At present, Plaintiffs' *only* remaining issue to be resolved with Mylan is the total number of hours for 30(b)(6) testimony.[1]  Mylan has offered a total of 10 hours for all parties to depose all of Mylan's 30(b)(6) witnesses.  Plaintiffs advised Mylan that 10 hours would be insufficient and made a counter-offer to Mylan based on the Court's guidance on using the topics of 30(b)(6) testimony as the guidepost for total hours.  Insofar as Defendants finally, on April 15, 2020, served their 30(b)(6) notice on Mylan, Plaintiffs intend to move forward as expeditiously as possible to schedule the 30(b)(6) deposition(s) of Mylan.

On May 21, 2020, the parties and Mylan held a conference call to discuss the logistics for serving written deposition questions on Mylan with respect to certain agreed topics, and also discussed trying to reach agreement with respect to 30(b)(6) deposition time and individual Mylan witness depositions.  In this regard, on May 26, 2020, Mylan made an offer to the parties to designate two Mylan employees (Roger Graham and Bruce Foster) as 30(b)(6) witnesses (limited to 1 deposition of each), and two additional Mylan employees as individual deponents.  Although Mylan did not make a counter-offer with respect to the amount of time for 30(b)(6) testimony, Plaintiffs are considering Mylan's offer and will update the Court on the status of the issue at the case management conference.

---

[1]     Plaintiffs accepted Mylan's offer to ask Mylan questions on one of their topics by written deposition questions, which Plaintiffs are currently preparing while reserving the right to take a live deposition if necessary.

May 28, 2020
Page 5

### iii. Defendants' Subpoenas to Mylan Inc., Mylan Specialty L.P., and Mylan Pharmaceuticals Inc.

On or about January 31, 2020, the Defendants collectively served subpoenas on non-parties Mylan Inc., Mylan Specialty L.P., and Mylan Pharmaceuticals Inc. to produce documents, setting a date of compliance of March 2, 2020. Mylan served objections to that subpoena on February 14, 2020, and Defendants re-served the subpoena on February 21, 2020 in order to cure flagged technical deficiencies.  Defendants served a deposition subpoena for testimony on the same Mylan entities on April 15, 2020.  It is Plaintiffs' understanding that Defendants offered Mylan a compromise regarding certain outstanding issues related to testimonial and document subpoenas via letter on April 20, 2020, to which Mylan responded via letter on April 27, 2020, and that Mylan attempted to broker a global compromise on deposition testimony on May 26, 2020.  Plaintiffs are not aware of the status of production of documents pursuant to the document subpoenas.  To the extent the Defendants have further information, Plaintiffs anticipate that the Defendants will update the Court.

### d. Letter Regarding Schedule for Certain Contention Interrogatories and Requests for Supplemental Data

On May 22, 2020, as the Court is aware, the parties held an extensive discussion regarding the parties' discovery responses.  During the May 22 discussion, the parties made the Court aware of several disputes that are not ripe for motions to compel and agreed to submit a joint letter to the Court concerning a schedule for these disputes.  Plaintiffs circulated a draft of the joint submission to Defendants and have received edits for consideration.  Plaintiffs anticipate that the joint letter will be filed with the Court on or before May 29, 2020.

### 2. Noticed Depositions Yet to be Completed

As of this letter, the parties have noticed, but not completed, the following depositions.  The only change to this chart from the April status conference is to add four third-party depositions noticed by Defendant Prime.

May 28, 2020
Page 6

| Noticed Deponent | Affiliated With | Noticing Party | Noticed Date | Confirmed[2] Date & Time |
|---|---|---|---|---|
| 30(b)(6) of Mylan | | Plaintiffs, Defendants | 1/23, 8/4 | |
| 30(b)(6) of Express Scripts | | Plaintiffs | 2/3 | |
| Sue Scheid | Prime | Plaintiffs | 2/4 | |
| 30(b)(6) of United | | Plaintiffs | 2/4 | |
| 30(b)(6) of Optum | | Plaintiffs | 2/5 | |
| Chris Moen | Prime | Plaintiffs | 2/5 | |
| 30(b)(6) of Prime | | Plaintiffs | 2/6 | |
| 30(b)(6) of CVS | | Plaintiffs | 2/7 | |
| Heather Dibblee | Optum | Plaintiffs | 2/10 | |
| Ed Adamcik | Express Scripts | Plaintiffs | 2/11 | |
| Robert Lahman | Optum | Plaintiffs | 2/11 | |
| Frederick Curtiss | Optum | Plaintiffs | 2/12 | |
| Tim Schwartz | United | Plaintiffs | 2/13 | |
| Bruce Foster | Mylan | Plaintiffs | 2/18 | |
| James Cichowski | CVS | Plaintiffs | 2/18 | |

---

[2]     On January 10 and 14, 2020, Plaintiffs served, respectively, amended notices to depose Defendants' corporate representatives and fact witnesses, along with subpoenas to certain corporate representatives and fact witnesses of third-party Mylan. Defendants served subpoenas of corporate representatives at third-party Mylan on April 15, 2020. Defendant Prime noticed four additional third-party depositions on May 15, 2020. These depositions have a completion deadline of September 15, 2020, pursuant to the Order on Fourth Stipulation to Amend Pretrial Scheduling Order entered on April 8, 2020 (ECF No. 653).

May 28, 2020
Page 7

| Noticed Deponent | Affiliated With | Noticing Party | Noticed Date | Confirmed[2] Date & Time |
|---|---|---|---|---|
| Patricia Doruff | CVS | Plaintiffs | 2/19 | |
| Nicole Willing | Mylan | Plaintiffs | 2/19 | |
| Gary Loeber | CVS | Plaintiffs | 2/20 | |
| Scott Sussman | Mylan | Plaintiffs | 2/20 | |
| Thomas Theiss | Mylan | Plaintiffs | 2/21 | |
| James R. Davis, Jr. | Blue Sea Capital | Prime | | |
| Richard J. Wandoff | Blue Sea Capital | Prime | | |
| TriNet Group Inc. | | Prime | | |
| Sanofi-Aventis U.S. LLC | | Prime | 8/18 | |

### 3. Completed Depositions

As of this letter, the parties have completed the following depositions, which include all of the named plaintiffs included in Plaintiffs' Motion for Class Certification, a third-party deposition of one named Plaintiff's employer, both of Plaintiffs' class certification experts, and three fact depositions noticed by Plaintiffs of Defendants' witnesses. This chart has not changed since the April status conference.

| Noticed Deponent | Affiliated With | Noticing Party | Date and Time Completed |
|---|---|---|---|
| 30(b)(6) of Blue Sea Capital | | Prime | 12/17 at 7 a.m. CST |
| Adam Klein | Plaintiffs | Prime | 12/17 at 12 p.m. CST |
| Elan Klein | Plaintiffs | Prime | 12/18 at 8 a.m. CST |
| Susan Illis | Plaintiffs | Optum / United | 1/15 at 8 a.m. CST |
| F. Emil Jalonen, Personal Representative of the Estate of Leah Weaver | Plaintiffs | Express Scripts / CVS | 1/21 at 9 a.m. CST |

May 28, 2020
Page 8

| Noticed Deponent | Affiliated With | Noticing Party | Date and Time Completed |
|---|---|---|---|
| Stephan M. Levy (Plaintiffs' expert) | Plaintiffs | All Defendants | 1/28–1/29 at 8 a.m. CST |
| Stephen W. Schondelmeyer (Plaintiffs' expert) | Plaintiffs | All Defendants | 1/30–1/31 at 9 a.m. CST |
| Anthony Grillo | Express Scripts | Plaintiffs | 2/25 at 9 a.m. CST |
| Amy Olson | Prime | Plaintiffs | 2/27 at 9 a.m. CST |
| Thomas Abson | Express Scripts | Plaintiffs | 3/5 at 8 a.m. CST |

Please let us know if you have any questions.

Very truly yours,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Kate M. Baxter-Kauf

KMB/dms