## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re EpiPen ERISA Litigation | Court File No. 17-cv-1884 (PAM/HB) |

---

## <u>JOINT MOTION REGARDING CONTINUED SEALING</u>

Pursuant to District of Minnesota Local Rule 5.6(c), documents have been filed under temporary seal in connection with Plaintiffs' Motion for Class Certification (ECF No. 517).  Pursuant to Local Rule 5.6(d)(2), Plaintiffs and Defendants Express Scripts, Inc., Medco Health Solutions, Inc., and Express Scripts Holding Company (collectively, "Express Scripts Defendants" or "Express Scripts"), Defendants CaremarkPCS Health L.L.C., Caremark LLC, Caremark Rx, L.L.C, and CVS Health Corporation (collectively, "CVS Caremark Defendants"), Defendants OptumRx, Inc., OptumRx Holdings, L.L.C., and Optum Inc., UnitedHealth Group Incorporated, and UnitedHealthcare Services, Inc. (collectively, the "OptumRx/United Defendants"), and Defendant Prime Therapeutics, LLC ("Prime") (collectively, "Defendants"), submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DKT NO. OF REDACTED DOCUMENT (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 518 | 519 | Unredacted copy of Memorandum of Law in Support of Plaintiffs' Motion for Class Certification | Defendants assert that the redacted portions of the brief should remain under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated some of the underlying documents as Confidential or Highly Confidential. | All Defendants assert that the unredacted version of this document should remain under seal because the redacted portions of the brief contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order (Dkt. 249) and the Amended Protective Order (Dkt No. 461) (collectively, the "**Protective Order**").  In addition, some of |

|  |  |  |  |  | the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan.<br><br>Plaintiffs have asserted several arguments throughout this and other joint motions being filed today which they reference in short form as follows:  "Plaintiffs assert that Defendants and Mylan failed to justify continued sealing"; "Plaintiffs assert a strong public interest in unsealing"; "Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed"; "Plaintiffs assert Defendants and Mylan failed to timely propose redactions"; "Plaintiffs assert Defendants' claim of highly competitive information is unfounded"; "Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts"; "Defendants and Mylan improperly rely on boilerplate assertions"; "Plaintiffs assert a strong public interest in unsealing |

|  |  |  |  |  | bids and negotiations"; and "Plaintiffs assert that this document is stale." *See infra* at pp. 21–27, 33–36.

Plaintiffs for the first time provided these arguments to Defendants on July 22, 2020, less than ten days prior to the deadline for the submission of the joint motion. Defendants object that Plaintiffs' lengthy arguments below with respect to these positions are inappropriate, because they are inconsistent with the requirement that the parties' positions in a joint motion under Rule 5.6 will be "very brief," as reflected the sample form for joint motions under Rule 5.6 (available at https://www.mnd.uscourts.gov/sit es/mnd/files/forms/Joint-Motion-Form-sample.pdf).

However, to the extent further explanation is necessary or appropriate under Local Rule 5.6, Defendants provide additional detail immediately below regarding the reasons for sealing |

| | | | | | "Client Agreements," "Mylan Agreements," and "Data Information." These positions are referred to throughout this motion as Defendants' "**Appendix A**" positions. These positions are likewise incorporated by reference in other motions being filed today as "additional arguments made in Appendix A included in the Joint Motion for Continued Sealing of Plaintiffs' Motion for Class Certification (Dkt. 517)." Defendants originally proposed to Plaintiffs attaching this Appendix A to the end of the joint motion for the Court's convenience, because doing so would shorten the motion, improve readability, and allow for a set of cross-references that would clearly and concisely identify which positions applied to which entries on the chart. Plaintiffs objected to that format, so Defendants agreed to instead incorporate it into the chart within the motion. Defendants have attempted to be forthcoming with Plaintiffs about their sealing |

| | | | | | | positions, and discussed their positions concerning Client Agreements, Mylan Agreements, and Data Information with Plaintiffs during meet and confers. |
| | | | | | | |

**(i) Client Agreement positions,** concerning contracts between a Defendant and non-party client for the provision of administrative or pharmacy benefit management services, and documents reflecting the terms of, or negotiation of, those contracts (referred to herein as "**Client Agreements**"):

The terms of contracts between the Defendants and their clients are highly confidential and proprietary.  Those contracts, as well as information reflecting contractual terms and negotiations over those contracts, should remain under seal.  The Client Agreements contain highly sensitive pricing and rebate terms, including discounts, guarantees, pricing formulas, rebate formulas, and unique fee

| | | | | | structures.  The Client Agreements also describe the proprietary methods and programs that Defendants use to provide administrative or pharmacy benefit management ("PBM") services to clients. Allowing this pricing, rebate, and program information to become public would give Defendants' competitors a significant and unfair competitive advantage in future contract bids.  The Eighth Circuit has recognized that it is proper for district courts to seal documents containing this kind of "confidential and competitively sensitive information."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1223–24 (8th Cir. 2013); *accord In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No. 15-2666 (JNE/FLN), 2018 WL 2135016, at *3 (D. Minn. May 9, 2018) (sealing "highly sensitive, commercially competitive material"); *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *12 (D. Minn. Oct. 14, 2014) |
|---|---|---|---|---|---|

| | | | | | (sealing of documents was appropriate where the disclosure of the information would place a party "at a competitive disadvantage or reveal information regarding third parties . . . who would likely consider the amounts they paid for services to be confidential as to them."). |
| | | | | | The Client Agreements merit continued sealing because releasing the terms of the Agreements to the public—and particularly to competitors—would place the Defendants at a significant and unfair competitive disadvantage in future bids for contracts, as competitors could use these Client Agreements to undercut the Defendants. *See FTC v. Exxon Corp.*, 636 F.2d 1336, 1349–50 (D.C. Cir. 1980) ("It cannot be disputed that the most critical of all protective measures is that which prevents the disclosure of competitively sensitive information of [one competitor] to [another]. Should such information be disclosed, all |

|  |  |  |  |  | other protective measures would be virtually meaningless. If [one competitor] is able to secure competitively sensitive information of the [other], either intentionally or inadvertently, the ability of the [other party] to compete effectively … would be seriously impaired."); *Goldenberg v. Indel, Inc.*, No. 09-5202 (JBS/AMD), 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace."). Defendants compete with each other, and with other PBMs, to attract the business of potential clients and retain the business of current clients, and revealing the contractual terms of the Client Agreements would place the Defendants at an unfair |
|--|--|--|--|--|--|

|  |  |  |  |  | disadvantage.  For that reason, the parties designated the documents as Highly Confidential – Attorneys' Eyes Only.  For example, under the terms of the Amended Protective Order (Dkt. 461), while the outside counsel of CVS/Caremark has access to highly confidential documents produced by Express Scripts and the other Defendants, no in-house employees have access to those documents.  If the Court ordered these materials to be made public, then anyone at CVS/Caremark, OptumRx, Prime, or any other competitors, could view Express Scripts' highly sensitive documents and use them to put Express Scripts at a competitive disadvantage in future bids.<br><br>The Client Agreements safeguard the proprietary information they contain by obligating the signatories to keep the terms of the Client Agreements confidential.  *See*, *e.g.*, ECF No. 582-8 at 18–19.  "Courts |

| | | | | | regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (granting motion to file under seal two agreements with third parties that contained proprietary information and confidentiality clauses); *accord, e.g., China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. 15-6210 (KM), 2017 WL 3718108, at *3 (D.N.J. Aug. 29, 2017) ("[T]here is a legitimate private interest in keeping confidential business agreements and sensitive pricing information confidential. Public disclosure of such materials could, in theory, damage the disclosing party's competitive standing in the marketplace."); *Stout v. Hartford Life & Accident Ins. Co.*, No. cv-11-6186 (CW), 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) ("[L]itigants may file under seal their contracts with |

| | | | | | third parties that contain proprietary and confidential business information."). |
|---|---|---|---|---|---|
| | | | | | Furthermore, the Court has previously ordered that complete or excerpted copies of Client Agreements shall remain entirely under seal.  Dkt. 334 (Order on Joint Motion Regarding Continued Sealing) (directing the Clerk to keep sealed the Client Agreements at Dkts. 217, 218, 219, 232, 233, 236, 237, 238, 239, 242, 243, 244, 245, 246, 262, and 263). |
| | | | | | Plaintiffs argue below that "Defendants' assertion of competitive harm is unfounded" because "Defendants proposed to Plaintiffs an amendment to the operative protective order that would allow in-house employees of Defendants—who purport to be fierce competitors—to view specifically the information that they now assert is competitively sensitive."  Plaintiffs omit the fact that the Defendants proposed many restrictions in their |

|  |  |  |  |  | proposed amendment, which was directed only at permitting clients to attend dispositive motion hearings:  only two designated in-house counsel from each set of Defendants would be allowed to attend dispositive motions, including the motion for class certification; the in-house counsel would not otherwise receive Highly Confidential – Attorneys' Eyes Only material (including Client Agreements) except in connection with the hearings; the in-house counsel would be required to sign a declaration preventing them from using the Highly Confidential – Attorneys' Eyes Only material or disclosing it to anyone else in the company.  Through these restrictions, the Defendants sought to keep their Client Agreements strictly confidential and ensure they could not be used by competitors for business purposes.

Plaintiffs also assert below that "there is a strong public interest in these documents in the class |
|---|---|---|---|---|---|

|  |  |  |  |  | certification context." However, Local Rule 5.6 does not "mandate a different or higher showing to maintain permanent sealing over material related to dispositive, as opposed to non-dispositive, motion practice." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 2018 WL 2135016, at *3. Where Defendants "demonstrat[e] a compelling countervailing reason" for continued sealing, including "that the material in these docket entries is related to their internal reporting, testing, analysis, and customer data and communications" and the "information is highly sensitive, commercially competitive material to which Defendants' need to maintain confidentiality over outweighs the public's right of access," then the documents should remain sealed. *Id.* (Plaintiffs also assert that the "public's interest is particularly strong in this case" because the public has a strong interest in "fiduciary misconduct" under |

ERISA.  However, at least with respect to Client Agreements, Plaintiffs have argued that client contracts and client plan design terms are entirely irrelevant to their claims. *See, e.g.*, Dkt. 518 (Class Cert Brief) at 64 ("[T]he terms of contracts between the PBMs and the thousands of employers or insurance companies that sponsor, insure, or administer the plans served by the PBMs are irrelevant to the Classes' claims.").

**(ii) Mylan Agreement positions**, concerning contracts between a Defendant and non-party Mylan, and documents reflecting the terms of, or negotiation of, those contracts (referred to herein as "**Mylan Agreements**"):

The terms of the Mylan Agreements are highly sensitive and proprietary.  Those contracts, as well as information reflecting contractual terms and negotiations over those contracts, should remain under seal.  For example, the Mylan Agreements

| | | | | | | contain highly sensitive pricing and rebate terms. The PBM Defendants negotiate with numerous pharmaceutical manufacturers for discounts and rebates. Allowing this rebate, price protection, and program information to become public would give other PBMs and payors that compete with the Defendants—including both other Defendants and non-Defendant PBMs—a significant and unfair competitive advantage in any future rebate negotiations with Mylan and other pharmaceutical manufacturers. The Eighth Circuit has recognized that it is proper for district courts to seal documents containing this kind of "confidential and competitively sensitive information." *IDT Corp.*, 709 F.3d at 1223–24; *see also Ameriprise Fin., Inc.*, 2014 WL 12597948, at *12 (recognizing that disclosure of pricing and fee information could be damaging to a party). |
|---|---|---|---|---|---|---|

| | | | | | The Mylan Agreements merit continued sealing because releasing the terms of the Agreements to the public would place the Defendants at a significant and unfair competitive disadvantage in future negotiations with pharmaceutical manufacturers, as manufacturers could use the terms of the Mylan Agreements to leverage rebate concessions or other services. *See Warner Chilcott Ltd. v. Express Scripts, Inc.*, 2017 WL 4084045, at *1–2 (E.D. Mo. Sept. 14, 2017) (denying motion to compel production of, among other things, materials about rebate agreements between Express Scripts and pharmaceutical manufacturers because the documents sought were "highly confidential and competitive trade secrets belonging to Express Scripts"). <br><br> The Mylan Agreements also safeguard the proprietary information they contain by obligating the signatories to keep the terms of the Mylan |
|---|---|---|---|---|---|

| | | | | | Agreements confidential. *See*, *e.g.*, ECF No. 582-8 at 18–19. "Courts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar*, 2015 WL 3988132, at *5 (granting motion to file under seal two agreements with third parties that contained proprietary information and confidentiality clauses). *See also supra* discussion regarding Client Agreements.<br><br>Plaintiffs assert below that Defendants have failed to show competitive harm because "Defendants proposed to Plaintiffs an amendment to the operative protective order that would allow in-house employees of Defendants—who purport to be fierce competitors—to view specifically the information that they now assert is competitively sensitive."  As explained above, Plaintiffs' assertion is baseless because the proposed amendment to the Protective Order was |

extremely narrow and would not allow their competitors to use the Mylan Agreements for business purposes.

Plaintiffs also assert below that the Mylan Agreements, and other documents, "should be unsealed because [they] contain[ ] information that is stale" in part because there is "no indication they are still in effect."  Many of these Mylan agreements, although entered into years ago, remained active for nearly a decade through amendments.  In fact, Plaintiffs argue that Express Scripts "entered into *a single* rebate and fee agreement with Mylan."  Dkt. 518 (Class Cert Brief) at 17 (citing a Mylan Agreement) (emphasis added).  Therefore, those documents are not stale because, by Plaintiffs' own admission, the Mylan Agreements reflect current practices and procedures.

**(iii) Data Information positions**, concerning information related to each Defendant's proprietary

| | | | | | data records and systems (referred to herein as "**Data Information**"): |
|---|---|---|---|---|---|
| | | | | | Information describing or summarizing Defendants' internal data and data systems, in other words Data Information, including in letters from Defendants' counsel explaining data productions and in expert reports describing data produced by Defendants, are highly sensitive and proprietary.  For example, the Data Information reveals how Defendants store, organize, and retrieve data. Furthermore, the Data Information also reflects confidential pricing, rebate, and program information, reflecting the terms of the Client Agreements and the Mylan Agreements, which are highly sensitive commercially competitive material, as explained above. |
| | | | | | Releasing the details of this data would place Defendants at a significant and unfair competitive |

|  |  |  |  |  |  | disadvantage in future bids for PBM contracts and in future negotiations with pharmaceutical manufacturers, as competitors— including Defendants—could use the information gleaned from the Data Information to infer Defendants' competitive business strategies and undercut Defendants. *See FTC*, 636 F.2d at 1349–50 ("It cannot be disputed that the most critical of all protective measures is that which prevents the disclosure of competitively sensitive information of [one competitor] to [another]. Should such information be disclosed, all other protective measures would be virtually meaningless. If [one competitor] is able to secure competitively sensitive information of the [other], either intentionally or inadvertently, the ability of the [other party] to compete effectively … would be seriously impaired."); *Goldenberg*, 2012 WL 15909, at *3 ("Courts have recognized that the confidentiality of business agreements, trade secrets or |

| | | | | | commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.").  For those reasons, Data Information should remain under seal. |
| | | | | | Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information. |
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Courts in the District of Minnesota have "previously emphasized for [parties] the importance of supporting requests for continued sealing with sufficient particularity." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2018 WL 10440735, at *7 (D. Minn. June |

| | | | | | | 20, 2018).  Defendants and Mylan have not met their burden for asserting that the underlying documents should remain under seal based on this standard or the terms previously set out by this Court or in the MDL action.  *See In re EpiPen Marketing, Sales Practices and Antitrust Litig.*, Case No. 2:17-md-02785, ECF No. 2025 (D. Kan. Mar. 10, 2020); *In re EpiPen ERISA Litigation*, Case No. 17-cv-1884, ECF No. 195 (D. Minn. Apr. 2, 2018).  (This objection is hereinafter referred to as "**Plaintiffs assert that Defendants and Mylan failed to justify continued sealing**.")<br><br>In addition, there is a strong public interest in these documents in the class certification context. "There is a common-law right of access to judicial records[.]" *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). And the "public's interest in filings that underlie a dispositive decision in a case is greater than its interest in filings |
|---|---|---|---|---|---|---|

| | | | | | | that underlie a discovery decision." *Inline*, 2018 WL 10440735, at *4. The documents subject to this Joint Motion for Sealing were submitted in connection with Plaintiffs' Motion for Class Certification, which is considered a dispositive motion under Local Rule 7.1(c)(6)(C).  *See EpiPen Marketing, Sales Practices and Antitrust Litig*., ECF No. 2025 at 3  (finding that similar information in the MDL action "doesn't qualify for sealing because it is important to the court's analysis when deciding the class certification motion" and as a result "the public's interest in access to that information outweighs the confidentiality concerns"). Moreover, the public's interest is particularly strong in this case because of Defendants' "fiduciary misconduct." ECF No. 658 at 60. Under ERISA, Defendants had a fiduciary obligation to disclose to participants material information about their benefits. For example, |
|---|---|---|---|---|---|---|

| | | | | | | the public has a substantial interest in documents concerning the existence of rebates and fees, the amounts of rebates and fees Defendants received, the impact of rebates and fees on participants' out-of-pocket payments for EpiPen, and any agreements regarding the disclosure thereof. *See, e.g.*, ECF No. 518 at 66. (This objection is hereinafter referred to as "**Plaintiffs assert a strong public interest in unsealing.**") |
| | | | | | | Plaintiffs assert that any temporary redaction applied based on documents outlined below that should properly be unsealed should also be removed. In addition, temporary redactions of information characterizing underlying events should be removed. "[C]haracterization of the events underlying the present litigation, which an individual reader . . . is not obligated to accept . . . does not warrant continued sealing." *Inline*, 2018 WL 10440735, at *9. Plaintiffs also assert that expert |

| | | | | | | assumptions or interpretations should be unsealed. "Similarly," an expert's "interpretation of information he considered in preparing his expert report . . . do not merit continued sealing." *Id.* (This objection is hereinafter referred to as "**Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed**.")<br><br>Additionally, Defendants and Mylan failed to timely propose or justify their temporary redactions. "[T]he explicit purpose of LR 5.6 [is] to <u>reduce</u> the amount of information being filed under seal on the Court's docket." *Inline*, 2018 WL 10440735, at \*9 (emphasis in original); *see also* 2017 Advisory Committee Note to Rule 5.6 ("[P]arties have been filing too much information under seal in civil cases[.]"). To that end, attorneys for parties must "exercise their professional control and discretion and consider . . . whether . . . |
|---|---|---|---|---|---|---|

| | | | | | documents need be filed under seal and, if so, whether they also can be submitted in redacted form." *Inline*, 2018 WL 10440735, at *5. It is the "responsibility" of a party seeking to justify the continued sealing of a document "to provide a proposed redacted version of [the document] in a timely fashion." *Id.* at *12 (finding proposed redactions "should have occurred prior to Inline filing the document"). Defendants and Mylan have failed to propose redactions, let alone in a timely fashion. (This objection is hereinafter referred to as "**Plaintiffs assert Defendants and Mylan failed to timely propose redactions**.")<br><br>Finally, Defendants' assertion of competitive harm is unfounded. While Defendants assert this document contains "highly competitive" information, Defendants proposed to Plaintiffs an amendment to the operative protective order that would allow in-house employees of the |

| | | | | | Defendants—who purport to be fierce competitors—to view specifically the information they now assert is competitively sensitive. If Defendants are willing to allow their purported competitors access to this information, there is no reason to deny access to the public. (This objection is hereinafter referred to as "**Plaintiffs assert Defendants' claim of highly competitive information is unfounded**.") Re: Defendants' "Appendix A": At 11AM on Friday, July 31, Defendants for the first time provided a draft Appendix A with extensive substantive arguments related to the joint motions for sealing that they had not previously provided to Plaintiffs, despite multiple requests in advance of several interim deadlines. Initially, Defendants indicated that they intended to file such as a separate document, labeled Appendix A. Not only is such a pleading is not permitted under Local Rule 5.6, |
|---|---|---|---|---|---|

|  |  |  |  |  | the commentary makes clear that it is expressly prohibited. Specifically, the 2017 Advisory Committee Note on LR5.6 states: "The joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website. **That form is the only document that may be filed; no other filings, including the filings contemplated by LR 7.1, are required or permitted** in connection with the joint motion" (emphasis added).  As a result, Plaintiffs informed Defendants they would not file any Appendix A and did not believe that any additional commentary from Defendants is permitted or appropriate in connection with the joint motion due today.  Defendants then indicated they intended to include these arguments in this column, notwithstanding the fact that LR5.6(d)(2)(a)(iii) requires parties to "briefly" explain their position and their last-minute, 2400-word, addition in this column is by no definition |

| | | | | | "brief." See also LR 5.6 2017 Advisory Committee Notes (expressly stating that "if the parties disagree, the parties should *briefly* explain each party's position" on sealing a particular document (emphasis in original)). |
|---|---|---|---|---|---|
| | | | | | Plaintiffs believe that such arguments are inappropriate, untimely, and have been waived based on the failure to provide them within a reasonable time period, despite a generous extension of time from the Court to comply with the joint-motion procedure required by LR5.6.  Defendants have had since May 7, when Plaintiffs first sent a draft of this joint sealing motion, to provide substantive arguments defending their position that documents should remain under seal.  Prior to July 31 at 11AM, Defendants provided only boilerplate assertions of the exact sort the Court previously rejected in this case. *See generally* ECF No. 195.  Defendants also never |

| | | | | | indicated to Plaintiffs, during either of two meet and confers or dozens of exchanged emails, that Plaintiffs' objections to Defendants' imprecise, boilerplate assertions for documents they sought to keep sealed were inappropriate or too lengthy. Plaintiffs diligently and timely created a key and used shorthand to attempt to keep their objections brief for consideration by Defendants and ultimately the Court; in addition, there is a substantial difference between providing edits on a timetable mutually agreed to provide sufficient notice (*see* ECF No. 780) compared with springing them on an opposing party halfway through the day the filing is due.  It is sandbagging and unfair to Plaintiffs that Defendants have failed to timely provide this information, and this manner of presenting their arguments to the Court violates both LR5.6(d)(2)(a)(iii)'s brevity requirement and LR7.1's meet and confer requirement.  Consequently, the |
|---|---|---|---|---|---|

| | | | | | Court should reject the arguments propounded in Appendix A. In the alternative, the Court should reject Defendants' requests for sealing in their entirety, which will provide Defendants an opportunity to present the arguments they raised at the eleventh hour in a procedurally appropriate and fair way: through a motion for further consideration specifically provided for in LR5.6(d)(2)(C) and described in under LR 5.6(d)(3). Only in this way will Plaintiffs have a meaningful opportunity to substantively respond to these newly raised, voluminous arguments, given Defendants' failure to raise them in a manner that complies with the Local Rules. |
| 521 | | Sealed Index of Sealed Exhibits in Support of Plaintiffs' Motion for Class Certification | The parties agree that this document may be unsealed. | Mylan designated some of the underlying documents as Confidential or Highly Confidential. | Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that the index contains no confidential |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information and should be unsealed. |
| 521-1 | | PX1: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000000137–146**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00038319. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. |

| | | | | | | Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Boilerplate assertions that contracts or other negotiation or commercial information are confidential are insufficient. *Inline*, 2018 WL 10440735, at *14 (finding "standard indemnification agreement . . . does not warrant continued sealing); *20 (finding "boilerplate language" in an |

agreement does not merit continued sealing). (This objection is hereinafter referred to as "**Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts.**")

Additionally, Defendants and Mylan rely on standard contract language.  Specifically, Defendants and Mylan rely on boilerplate assertions of confidentiality or proprietary secrets. Alleging a document "contain[s] non-public information concerning . . . proprietary design details,' the public disclosure of which . . . 'would likely harm [a party] . . . is insufficient to justify with the specificity required continued sealing pursuant to LR 5.6." *Inline*, 2018 WL 10440735, at *20. (This objection is hereinafter referred to as "**Defendants and Mylan improperly rely on boilerplate assertions**.")  Additionally, as in *Inline*, "the bidding process and the specific bids therein are at the

|  |  |  |  |  |  | heart of the present litigation." Therefore, "the public's interest in having access to information that has been filed on the Court's docket regarding that bidding process and those bids is strong." *Id.* at *16. (This objection is hereinafter referred to as "**Plaintiffs assert a strong public interest in unsealing bids and negotiations**.") |

Plaintiffs also assert that this document should be unsealed because it contains information that is stale. "[E]mails contain[ing] specific information . . . about contract negotiations and terms," do not merit continued sealing when, for example, they are "6 years and 6 months old." *Inline,* 2018 WL 10440735, at *14; *16 (finding emails more than 6 years old stale because no indication they reflect "current practices and procedures") (emphasis in original); *see also EpiPen Marketing, Sales Practices and Antitrust Litig.*, ECF No. 2025 at 3. Nor are contracts where there

| | | | | | |
|---|---|---|---|---|---|
| | | | | | is no indication they "are still in effect." *Id.* (This objection is hereinafter referred to as "**Plaintiffs assert that this document is stale**."). |
| 521-2 | | PX2: This document was produced by the third party Mylan Specialty L.P. ("Mylan") in this litigation and is bates-stamped **MYERISA-00056879–903**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only. | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email |

| | | | | | correspondence with PBMs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Defendants and Mylan improperly rely on boilerplate |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-3 | | PX3: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00288923–924**. | The CVS Caremark and Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only. | The CVS Caremark Defendants and the Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. In addition, the document was designated as Highly Confidential – Attorneys' Eyes Only by non-party Mylan. The CVS Caremark Defendants and the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document contains competitive strategy information with regards to the EpiPen Auto-Injector.  The documents contain non-public |

| | | | | | strategic analysis on the product's growth, and strategy with regards to competitor products. This information would put Mylan at a competitive disadvantage if Mylan's competitors were to have access to Mylan's strategic analysis with regards to competition, and its disclosure would harm Mylan's business standing.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |
| 521-4 | | PX4: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000239650–653**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The Express Scripts Defendants have |

| | | | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms offered in negotiation of Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants improperly rely on boilerplate assertions. |
| 521-5 | | PX5: This document was produced by Defendant Prime Therapeutics, LLC ("Prime") in this litigation and is bates- | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive |

| | | | | |
|---|---|---|---|---|
| | | stamped **Prime0615129–131**. | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | information of Prime's business and specific information about Prime's contracting requirements.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants improperly rely on boilerplate assertions. |
| 521-6 | | PX6: This document was produced by Express Scripts in this litigation | The Express Scripts Defendants assert that the proposed | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, |

| | | and is bates-stamped **ES_000133406–412**. | redacted portions (highlighted in yellow or green) of the document attached to this joint motion as **Exhibit 1** should remain under seal for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs agree that the proposed redactions highlighted in yellow (except where noted) may remain under seal.  Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. | | proprietary, and/or commercially sensitive information, including confidential, proprietary information about its SmartShare Rx program.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  Additionally, the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential contractual terms offered in connection with Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants improperly rely on boilerplate assertions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | In addition, this document appears to have been prepared to be shared outside of ESI and therefore not entitled to be sealed. |
| 521-7 | | PX7: This document was produced by Prime in this litigation and is bates-stamped **Prime0613749–751**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and point-of-sale offering.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions. |
| 521-8 | | PX8: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000239496**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms offered in connection with the negotiation of Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions. |
| 521-9 | | PX9: This Email was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000302184–187**. | The CVS Caremark Defendants assert that the proposed redacted portions (in red boxes or green highlights) of the document attached to this joint motion as **Exhibit 2** should remain under seal for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs agree that the proposed red box redactions may remain under seal.  Plaintiffs assert that the proposed redactions highlighted in green | | The CVS Caremark Defendants assert that the redacted portions of this document should remain under seal because they reference non-public, highly competitive, proprietary, and/or commercially sensitive information, including regarding its point-of-sale rebates program.  The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued |

| | | | should be filed publicly. | | sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions. |
|---|---|---|---|---|---|
| 521-10 | | PX10: This Email was produced by the CVS Caremark Defendants in this litigation and is bates-stamped **CM-000323919–920**. | The CVS Caremark Defendants assert that the proposed redacted portions (in red boxes or green highlights) of the document attached to this joint motion as **Exhibit 3** should remain under seal for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs agree that the proposed red box redactions may remain under seal.  Plaintiffs assert that the proposed redactions | | The CVS Caremark Defendants assert that the redacted portions of this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information, including regarding its point-of-sale rebates program.  The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Client Agreements (as defined and explained in Appendix A, Section i). |

| | | | highlighted in green should be filed publicly | | Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert that this document is stale. |
| 521-11 | | PX11: This Email was produced by Prime in this litigation and is bates-stamped **Prime0609877–879**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and point-of-sale offering.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | disputing the highly competitive nature of the information.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions. |
| 521-12 | | PX12: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000000001–42**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this |

| | | | | | |
|---|---|---|---|---|---|
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email correspondence with PBMs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions. |
| 521-13 | | PX13: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00025740–754**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  In addition, the document was designated as Highly Confidential – Attorneys' Eyes Only by non-party Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into.  Each one is a non-public |

| | | | | | document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-14 | | PX14: This document was produced by Express Scripts in this litigation | The Express Scripts Defendants assert that this document | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, |

| | | | | |
|---|---|---|---|---|
| | | and is bates-stamped **ES_000021491–498**. | should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00186097. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-15 | | PX15: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00020409– 425**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only. | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  In addition, the document was designated as Highly Confidential – Attorneys' Eyes Only by non-party Mylan. The Express Scripts Defendants |

| | | | remain under seal in its entirety. | | incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan asserts that this document is a contract or amendment to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A attached to this motion, including because this document is a Mylan Agreement (as defined and |

| | | | | | explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 521-16 | | PX16: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000000043–52**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the |

| | | | remain under seal in its entirety. | | additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00034059. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. |
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-17 | | PX17: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00038129–149**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  In addition, the document was designated as Highly Confidential – Attorneys' Eyes Only by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to |

| | | | filed publicly in its entirety. | | contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-18 | | PX18: This document was produced by Express Scripts in this litigation | The Express Scripts Defendants assert that this document | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, |

| | | and is bates-stamped **ES_000227692–694**. | should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | proprietary, and/or commercially sensitive information. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms offered in connection with the negotiation of of Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |

| 521-19 | | PX19: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000232349–351**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms offered in connection with the negotiation of Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants improperly rely on boilerplate assertions. |
| 521-20 | | PX20: This Email was produced by Express Scripts in this litigation and is bates-stamped **ES_000130929–931**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and proposed contractual terms between one of the Express Scripts Defendants and Mylan. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects the negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email correspondence with PBMs. Each one is a non-public document, the |

| | | | | | contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-21 | | PX21: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000000106–116**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00329933.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-22 | | PX22: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000000069–86**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the |

| | | | because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00140962. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-23 | | PX23: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000000087–105**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |

| | | | therefore, the document should be filed publicly in its entirety. | | Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-041438. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
|---|---|---|---|---|---|

| 521-24 | | PX24: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000000129–136**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00034051. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements |

| | | | | | and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 521-25 | | PX25: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00280162–169**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as |

| | | | because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Highly Confidential – Attorneys' Eyes Only by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-26 | | PX26: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00021031–039**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.

Plaintiffs assert Defendants have not met their burden for sealing any portion | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  In addition, the document was designated as Highly Confidential – Attorneys' Eyes Only by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |

| | | | of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | contracts. Plaintiffs assert that this document is stale. |
| 521-27 | | PX27: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000000001–30**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-28 | | PX28: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CVSCM_EPI_000200555–576**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-29 | | PX29: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00037638– 642**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was |

| | | | document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. |

| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-30 | | PX30: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00037664–679**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the |

| | | | | | |
|---|---|---|---|---|---|
| | | | remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-31 | | PX31: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00223123–124**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan |

| | | | therefore, the document should be filed publicly in its entirety. | | Agreement (as defined and explained in Appendix A, Section ii).

Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-32 | | PX32: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00223176–178**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to |

| | | | | | contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|

| 521-33 | | PX33: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00037707–720**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. <br><br> Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). <br><br> Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made |
|---|---|---|---|---|---|

|  |  |  |  |  | public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-34 |  | PX34: This document was produced by Mylan in this litigation and is bates-stamped | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons | Mylan designated this document as Highly Confidential – | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive |

| | | MYERISA-00223172–175. | provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Attorneys' Eyes Only | information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-35 | | PX35: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000233802–811**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-36 | | PX36: This document was produced by Mylan in this litigation and is | The CVS Caremark Defendants assert that this document | Mylan designated this document as Highly | The CVS Caremark Defendants assert that this document should remain under seal because it |

| | | bates-stamped **MYERISA-00037702– 706**. | should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Confidential – Attorneys' Eyes Only | contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-37 | | PX37: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000220417–431**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The CVS Caremark Defendants have designated this document as Highly Confidential |

| | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-38 | | PX38: This document was produced by Mylan in this litigation and is bates-stamped | The CVS Caremark Defendants assert that this document should remain | Mylan designated this document as Highly Confidential – | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly |

| | | **MYERISA-00033573–579**. | entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Attorneys' Eyes Only | competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email correspondence with PBMs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong |

| | | | | | advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 521-39 | | PX39: This Email was produced by Mylan in this litigation and is bates-stamped | The CVS Caremark Defendants assert that this document should remain entirely under seal, | Mylan designated this document as Highly Confidential – | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or |

| | | MYERISA-00123823–825. | for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Attorneys' Eyes Only | commercially sensitive information of CVS and/or its subsidiaries, and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).

Mylan asserts that this document discusses and summarizes Mylan's negotiations for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | having information on Mylan's past negotiations, including Mylan's employees' internal thoughts on the terms and what Mylan might be able to agree to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-40 | | PX40: This Email was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000038393–398**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The CVS Caremark |

| | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-41 | | PX41: This document was produced by Mylan in this litigation and is | The CVS Caremark Defendants assert that this document | Mylan designated this document as Highly | The CVS Caremark Defendants assert that this document should remain under seal because it |

| | | bates-stamped **MYERISA-00027991– 994**. | should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Confidential – Attorneys' Eyes Only | contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to |
|---|---|---|---|---|---|

| | | | | | agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose  redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-42 | | PX42: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00037647–657**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its |

| | | | because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-43 | | PX43: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00037658–663**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS |

| | | | | | |
|---|---|---|---|---|---|
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-44 | | PX44: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000233841–844**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-45 | | PX45: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00037692– 701**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was |

| | | | document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-46 | | PX46: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00007108–148**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).

Mylan asserts that this document contains invoices relating to formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain account numbers which cannot be made public without harm to the companies involved, and details of the negotiations between Mylan and the PBMs. Some include, as attachments, contracts that Mylan and the PBMs entered into. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the invoices, negotiations between Mylan and PBMs, and the final contracts agreed to by these companies. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-47 | | PX47: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00223146–148**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as |

| | | | | | |
|---|---|---|---|---|---|
| | | | remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-48 | | PX48: This Email was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000214879–880**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information, including regarding negotiations between the CVS Caremark Defendants and non-party Sanofi. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because confidential negotiations between |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | the CVS Caremark Defendants and Sanofi are analogous to confidential negotiations concerning Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts.  Plaintiffs assert that this document is stale. |
| 521-49 | | PX49: This document was produced by OptumRx, Inc. ("OptumRx") in this litigation and is bates- | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual |

| | | stamped **EPI-0000029–44**. | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | terms between OptumRx and non-party Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 521-50 | | PX50: This document was produced by OptumRx in this litigation and is bates-stamped **EPI-0000001–28**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and non-party Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-51 | | PX51: This document was produced by OptumRx in this litigation and is bates-stamped **EPI-0000054– 68**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and non-party Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-52 | | PX52: This document was produced by OptumRx in this litigation and is bates-stamped **EPI-0000045–53**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and non-party Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this |

| | | | therefore, the document should be filed publicly in its entirety. | | motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-53 | | PX53: This document was produced by OptumRx in this litigation and is bates-stamped **EPI-0000069– 80**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and non-party |

| | | | | column and in Appendix A.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 521-54 | | PX54: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00035795–797**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and non-party Mylan.  Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-55 | | PX55: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00035798–806**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and non-party Mylan.  Mylan, which produced the document, has |

| | | | because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-56 | | PX56: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00035807–822**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.

Plaintiffs assert Defendants have not met their burden for sealing any portion | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and non-party Mylan.  Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement |

| | | | of the document, and therefore, the document should be filed publicly in its entirety. | | (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants |

| 521-57 | | PX57: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00040310–338**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | and Mylan fail to justify the confidentiality of contracts.

The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and non-party Mylan.  Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).

Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-58 | | PX58: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00186064– 071**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and |

| | | | column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | non-party Mylan.  Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. |

| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-59 | | PX59: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00011561–612**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects the confidential terms of Mylan |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Agreements (as defined and explained in Appendix A, Section ii).

Mylan asserts that this document contains invoices relating to formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain account numbers which cannot be made public without harm to the companies involved, and details of the negotiations between Mylan and the PBMs. Some include, as attachments, contracts that Mylan and the PBMs entered into. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the invoices, negotiations between Mylan and PBMs, and the final contracts agreed to by these companies. |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-60 | | PX60: This document was produced by Prime in this litigation and is bates-stamped **Prime0000001–18**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in |

| | | | therefore, the document should be filed publicly in its entirety. | | Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-61 | | PX61: This document was produced by Prime in this litigation and is bates-stamped **Prime0000022–30**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Mylan.  Prime has |

| | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 521-62 | | PX62: This document was produced by Prime in this litigation and is bates-stamped **Prime0000031–40**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-63 | | PX63: This Email was produced by Prime in this litigation and is bates-stamped **Prime0017326–328**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contractual terms with Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects the negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-64 | | PX64: This Email was produced by Prime in this litigation and is bates-stamped **Prime0022848–849**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contractual terms with Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects the negotiation of Mylan Agreements (as defined |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-65 | | PX65: This Email was produced by Prime in this litigation and is bates-stamped **Prime0072876–879**. | Prime agrees that this document can be publicly filed. | | Prime agrees that this document can be publicly filed. |
| 521-66 | | PX66: This document was produced by Prime in this litigation and is bates-stamped **Prime0000019–21**. | Prime asserts that this document should remain entirely under seal, for the reasons | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive |

| | | | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | information of Prime and contractual terms between Prime and non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A attached to this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | contracts. Plaintiffs assert that this document is stale. |
| 521-67 | | PX67: This document was produced by Prime in this litigation and is bates-stamped **Prime0000041–44**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-68 | | PX68: This document was produced by Prime in this litigation and is bates-stamped **Prime0000045–47**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-69 | | PX69: This document was produced by Prime in this litigation and is bates-stamped **Prime0000048–51**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement |

| | | | filed publicly in its entirety. | | (as defined and explained in Appendix A, Section ii). Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
|---|---|---|---|---|---|
| 521-70 | | PX70: This document was produced by Prime in this litigation and is bates-stamped **Prime0022111–116**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-71 | | PX71: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00288188– 208**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and financial and contractual terms |

| | | | Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | between Prime and non-party Mylan.  Mylan has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects the confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document contains invoices relating to formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain account numbers which cannot be made public without harm to the companies involved, and details of the negotiations between Mylan and the PBMs. Some include, as attachments, contracts that Mylan and the PBMs entered into. Companies seeking to negotiate |

| | | | | | with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the invoices, negotiations between Mylan and PBMs, and the final contracts agreed to by these companies. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-72 | | PX72: This document was produced by Mylan in this litigation and is bates-stamped | The Express Scripts Defendants assert that this document should remain | Mylan designated this document as Highly Confidential – | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially |

| | | **MYERISA-00025759–763**. | entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Attorneys' Eyes Only | sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as Highly Confidential by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the |

| | | | | | full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 521-73 | | PX73: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00280110–117**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as Highly Confidential by non-party Mylan.  The Express Scripts Defendants incorporate by reference the additional |

| | | | | | |
|---|---|---|---|---|---|
| | | | remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-74 | | PX74: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00280103–109**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as Highly Confidential by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. |

| | | | filed publicly in its entirety. | | Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 521-75 | | PX75: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00025727–732**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as Highly Confidential by non-party Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-76 | | PX76: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00021040– 048**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as Highly Confidential by non-party |

| | | | | has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in |

| | | | | |
|---|---|---|---|---|
| | | | | unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-77 | | PX77: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000000053–054**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |

| | | | therefore, the document should be filed publicly in its entirety. | | Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00194911. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
|---|---|---|---|---|---|

| | | | | | Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 521-78 | | PX78: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00046278–281**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as Highly Confidential by non-party Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public.  Companies seeking to negotiate with Mylan for future |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-79 | | PX79: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00038110– 113**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the |

| | | | Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | document was designated as Highly Confidential by non-party Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-80 | | PX80: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00223114– 116**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |
|---|---|---|---|---|---|
| | | | | | Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. |
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-81 | | PX81: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000063261–268**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-82 | | PX82: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CVSCM_EPI_0000354 50–463**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. |

| | | | of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-83 | | PX83: This document was produced by the CVS Defendants in this litigation and is bates-stamped | The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive |

| | | CVSCM_EPI_0001129 31–936. | attached to this motion.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | information. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects the confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |
| 521-84 | | PX84: This document was produced by Mylan in this litigation and is | The Express Scripts Defendants assert that this document | Mylan designated this document as Highly | The Express Scripts Defendants assert that the document contains non-public, highly competitive, |

| | | bates-stamped **MYERISA-00025758**. | should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Confidential – Attorneys' Eyes Only | proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. In addition, the document was designated as Highly Confidential by non-party Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the |

| | | | | | full set of terms agreed to by Mylan. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 521-85 | | PX85: This document was produced by Mylan in this litigation that is bates-stamped **MYERISA-00013512–532**. | The Express Scripts Defendants and Prime assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants and Prime assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information regarding contractual terms between the Express Scripts Defendants and Mylan, and between Prime and Mylan. In addition, the document was designated as Highly Confidential by non-party Mylan. The Express Scripts Defendants |

| | | | | | |
|---|---|---|---|---|---|
| | | | remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | and Prime incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-86 | | PX86: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00038194**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Privileged & Confidential | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information between the Express Scripts Defendants and Mylan.  In addition, the document was designated as Highly Confidential by non-party Mylan.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A |

| | | | | | |
|---|---|---|---|---|---|
| | | | remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

|  |  |  |  |  | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-87 |  | PX87: This Email was produced by Prime in this litigation and is bates-stamped **Prime0002282**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be |  | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contractual terms.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii). |

| | | | filed publicly in its entirety. | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 521-88 | | PX88: This Email was produced by Prime in this litigation and is bates-stamped **Prime0008247–259**. | Prime asserts that this document can be filed publicly with a limited redactions, which is shown in the attached **Exhibit 4** hereto.<br><br>Plaintiffs believe the entire document should be filed publicly. | | Prime asserts this document can be filed publicly with a limited redaction of non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business. Prime has designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions. |
|---|---|---|---|---|---|
| 521-89 | | PX89: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00012934–937**. | The OptumRx/United Defendants and Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants and the Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information between the OptumRx/United Defendants and the Express Scripts Defendants and Mylan.  In addition, the document was designated as Highly Confidential by non-party Mylan.  The OptumRx/United Defendants and the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-90 | | PX90: This document was produced by OptumRx in this litigation and is bates-stamped **OPTUMRX-EPI 00493968–021**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as |

| | | | filed publicly in its entirety. | | defined and explained in Appendix A, Section ii). Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |
| 521-91 | | PX91: This document was produced by Express Scripts in this litigation and is bates-stamped **ES_000098962–973**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information.  Express Scripts asserts that this document reflects confidential information concerning its formulary decision-making process and draft correspondence with clients. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants |

| | | | therefore, the document should be filed publicly in its entirety. | | incorporate by reference the additional arguments made in Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert that this document is stale. |
| 521-92 | | PX92: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00056878**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the |

| | | | column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-93 | | PX93: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00013972– 973**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to |

| | | | because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses and summarizes Mylan's negotiations for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and having information on Mylan's past negotiations, including Mylan's employees' internal thoughts on the terms and what Mylan might be able to agree to. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-94 | | PX94: This Email was produced by the CVS Defendants in this litigation and is bates-stamped **CM-000106606–607**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii) and analogous negotiations with non-party Sanofi.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is  unfounded. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert that this document is stale. |
| 521-95 | | PX95: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00232129–131**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its |

| | | | column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | subsidiaries, and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses and summarizes Mylan's negotiations for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and having information on Mylan's past negotiations, including |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Mylan's employees' internal thoughts on the terms and what Mylan might be able to agree to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose  redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-96 | | PX96: This document was produced by Prime in this litigation and is bates-stamped **Prime0557062–065**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting.  Prime has designated this document as |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information.. |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose  redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |

| | | | | |
|---|---|---|---|---|
| 521-97 | | PX97: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00013448–450**. | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Mylan has not met its burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-98 | | PX98: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00276570–571**. | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. In addition, the document was designated as Highly Confidential by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's |

| | | | filed publicly in its entirety. | | competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-99 | | PX99: This document was produced by Mylan in this litigation and is bates-stamped **MYERISA-00037726**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's |

competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-100 | | PX100: An excerpt from a spreadsheet produced by Mylan in this litigation that is bates-stamped **MYERISA-00040309**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this excerpted document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms and negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's |

| | | | | | competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.  Plaintiffs assert that this document is stale.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 521-101 | | PX101: This document was produced by the CVS Defendants in this litigation and is bates-stamped **CVSCM_EPI_00020005 41–546**. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 521-102 | | PX102: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00018208**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | (as defined and explained in Appendix A, Section ii).

Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-103 | | PX103: This Email was produced by OptumRx in this litigation and is bates-stamped **OPTUMRX-EPI 00054031–032**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, sensitive and/or proprietary information. OptumRx has designated the document Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that this document is stale. |
| 521-104 | | PX104: This Email was produced by Mylan in this litigation and is bates-stamped **MYERISA-00057327–338**. | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii). |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email correspondence with PBMs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 521-105 | | PX105: This Email was produced by Prime in this litigation and is bates-stamped **Prime0017547–550**. | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms. Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 523 | | Expert Report of Stephan M. Levy, PhD Regarding Class Certification | The parties agree that a redacted version of this document may be filed publicly.  Defendants have proposed redactions (in yellow and green) to this report, attached as **Exhibit 5**.  Plaintiffs agree that the proposed redactions | Mylan designated some of the underlying documents as Confidential or Highly Confidential | All Defendants assert that proposed redacted portions of this report contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan.  Defendants incorporate |

| | | | | highlighted in yellow may remain under seal.  Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. | | by reference the additional arguments made in Appendix A included in this motion, including because this report references Mylan Agreements and Data Information (as defined and explained in Appendix A, Sections ii-iii).

Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose  redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
|---|---|---|---|---|---|---|

| 525 | | Expert Report of Dr. Stephen W. Schondelmeyer | The parties agree that a redacted version of this document may be filed publicly.<br><br>Defendants have proposed redactions to this report, attached as **Exhibit 6**.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated some of the underlying documents as Confidential or Highly Confidential | All Defendants assert that proposed redacted portions of this report contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated as Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan. Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Mylan Agreements and Data Information (as defined and explained in Appendix A, Sections ii-iii).<br><br>Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information. |

| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 572 – Filed in Error<br><br>618 – Refiled | 622 | Defendants' Combined Memorandum of Law Opposing Plaintiffs' Motion for Class Certification | Defendants assert that the redacted portions of the brief should remain under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | Mylan designated some of the underlying documents as Confidential or Highly Confidential | All Defendants assert that the unredacted version of this document should remain under seal because the redacted portions of the brief contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated as Highly Confidential by Defendants pursuant to the Protective Order. In addition, some of the underlying documents referred to or quoted were designated as |

| | | | filed publicly in its entirety. | | Highly Confidential and/or Confidential Health Information by non-parties Mylan, TriNet, Blue Sea Capital, Delta Air Lines, and Walgreens. Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Client Agreements, Mylan Agreements and Data Information (as defined and explained in Appendix A). Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed. Plaintiffs assert Defendants and Mylan failed to |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 576 | | Expert Report of Leemore S. Dafny | The parties agree that a redacted version of this document may be filed publicly.  Prime has proposed redactions to this report, attached as **Exhibit 7**.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated some of the underlying documents as Confidential or Highly Confidential | Prime asserts that this proposed redactions to this report contain references or quotations to non-public, highly competitive, proprietary and/or commercially sensitive information contained in documents that have been marked Highly Confidential pursuant to the Protective Order.<br><br>Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 577 | | DX41: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000244906.** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. <br><br> Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i). <br><br> Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 577-01 | | DX42: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00179538.** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and a non-party.  United has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).  Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-02 | | DX43: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00178938** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. | Mylan designated this document Highly Confidential – Attorneys' Eyes Only. | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects |

| | | | | | |
|---|---|---|---|---|---|
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 577-03 | | DX44: This document was produced by CVS in this litigation and is bates stamped **CM-000245553** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate |

| | | | filed publicly in its entirety. | | by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-04 | | DX45: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000242376.** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of |

| | | | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of |

| | | | | | contracts. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 577-05 | | DX46: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00070452.** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses and summarizes Mylan's negotiations for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. |

| | | | | | Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and having information on Mylan's past negotiations, including Mylan's employees' internal thoughts on the terms and what Mylan might be able to agree to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|

| 577-06 | | DX47: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00733167.** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and a non-party. OptumRx has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-07 | | DX48: This document was produced by CVS in this litigation and is bates stamped **CM-000244114.** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-08 | | DX49: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000260039.** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-09 | | DX50: This document was produced by CVS in | The CVS Caremark Defendants assert that this document should remain | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly |

| | | this litigation and is bates stamped **CM-000324414** | entirely under seal, for the reasons provided in the last column and in Appendix A.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-10 | | DX52: This document was produced by CVS in this litigation and is bates stamped **CM-000324369** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and |

| | | | | | explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-11 | | DX53: This document was produced by CVS in this litigation and is bates stamped **CM-000324474** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 577-12 | | DX55: This document was produced by CVS in | The CVS Caremark Defendants assert that this document | | The CVS Caremark Defendants assert that this document should remain under seal because it |

| | | this litigation and is bates stamped **CM-000233974** | should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and Aetna that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 581 | | Class Certification Report, David Dranove, Ph.D. | The Express Scripts Defendants assert that the proposed redacted portions of the report attached to this joint motion as **Exhibit 8** should remain under seal, for the reasons provided in the last column and in Appendix A, and because it references the confidential information of  non-parties.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | Mylan designated some of the underlying documents as Confidential or Highly Confidential | The Express Scripts Defendants assert that proposed redacted portions should remain under seal because they contain non-public, highly competitive, proprietary, and/or commercially sensitive information of the Express Script Defendants and of non-parties. The Express Scripts Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Client Agreements, Mylan Agreements, and Data Information (as defined and explained in Appendix A). |

| | | | document should be filed publicly in its entirety. | | Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 582 | | Sealed Index of Sealed Exhibits in Support Defendants' Combined Memorandum of Law Opposing Plaintiffs' Motion for Class Certification | The parties agree that this document may be unsealed. | Mylan designated some of the underlying documents as Confidential or Highly Confidential. | Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that the index contains no confidential information and should be unsealed. |

| 582-01 | | DX2: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **EPI-0000215** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and a non-party.  United has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that this document is stale. |
| 582-02 | | DX3: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00177699** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains a non-party's non-public, sensitive and/or proprietary information. United has designated the document Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Mylan improperly rely on boilerplate assertions. Plaintiffs assert that this document is stale. |
| 582-03 | | DX5: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00180111** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains a non-party's non-public, sensitive and/or proprietary information. United has designated the document Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |

| 582-04 | | DX6: This document was produced by Delta Air Lines, Inc. in this litigation and is bates stamped **DELTA-EPI 00000001** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has designated this document as confidential. | Delta designated this document Confidential. | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, sensitive and/or proprietary information and non-party Delta, which produced the document, has designated it Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion. |
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions. |
| 582-05 | | DX7: This document contains excerpts from the transcript of the deposition of Adam | Prime does not agree that this transcript contains all non-public, proprietary, | Blue Sea designated this | Prime does not agree that this transcript contains all non-public, proprietary, and/or commercially sensitive information, but notes |

223

| | | | | |
|---|---|---|---|---|
| | | Klein in his capacity as corporate representative for Blue Sea Capital, taken December 17, 2019. | and/or commercially sensitive information, but notes that it has been designated as such by Blue Sea Capital.<br><br>Plaintiffs do not object to this document remaining under seal. | document Confidential | that it has been designated as such by Blue Sea Capital .<br><br>BSC asserts that the deposition transcript excerpts contain non-public, proprietary, and/or commercially sensitive information concerning the business operations of BSC and have been designated Confidential pursuant to the Amended Protective Order [Doc. No. 461]. In addition, the deposition exhibits and testimony related thereto within the excerpts were designated as Confidential by BSC and/or other third parties, including TriNet and Paychex. |
| 582-06 | | DX8: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00727708** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and a non-party. OptumRx has designated the document Highly Confidential pursuant to the Protective Order. |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions. |
| 582-07 | | DX9: This document was produced by CVS in this litigation and is bates stamped **CM-000249170** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its |

| | | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.   Plaintiffs assert that Defendants and Mylan fail to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-08 | | DX10: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000328740** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-09 | | DX11: This document was produced by Prime in this litigation and is bates stamped **Prime 0491321** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Twin City Sprinkler Fitters Health Care Plan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i). Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-10 | | DX12: This document was produced by OptumRx in this litigation and is bates stamped **OPTRUMRX-EPI 00731836** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and a non-party. OptumRx has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement |

| | | | filed publicly in its entirety. | | (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-11 | | DX13: This document was produced by CVS in this litigation and is bates stamped **CM-000244031** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-12 | | DX14: This document was produced by Express Scripts in this litigation | The Express Scripts Defendants assert that this document | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, |

| | | and is bates stamped **ES_000242105** | should remain entirely under seal, for the reasons provided in the last column and in Appendix A.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that this document is stale. |
| 582-13 | | DX15: This document was produced by Prime in this litigation and is bate stamped **Prime 0042994** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Blue Cross and Blue Shield of Florida.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-14 | | DX16: This document is a copy of United HealthCare Services, Inc.'s Amended Responses to Interrogatory 5, served on December 13, 2019 | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. United has designated the document  Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion.  Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 582-15 | | DX17: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00289623** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. United has designated the document  Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 582-16 | | DX18: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00179623** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and a non-party.  United has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-17 | | DX19: This document was produced by OptumRx in this litigation and is bates stamped **EPI-0000344** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and OptumRx.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.   The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i). |

|  |  |  |  |  | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 582-18 |  | DX20: A compilation exhibit that includes cover pages for various contracts with the following bates numbers: **CM-000246928, CM-000247473, CM-000247878, CM-000249169, CM-000249585, CM-000249650, CM-000249820, CM-000249933, CM-000249967, CM-000250119, CM-** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and |  | The CVS Caremark Defendants assert that this compilation exhibit should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement.  The CVS Caremark Defendants have designated this document as |

| | | 000250159, CM-000250181, CM-000250196 | therefore, the document should be filed publicly in its entirety. | | Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains excerpts of Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 584 | 585 | Declaration of Wendy Boyce in Support of Express Scripts, Inc., Express Scripts Holding Co., and Medco Health Solutions, Inc.'s Memorandum of Law in | The Express Scripts Defendants assert that the redacted portions of the document should remain under seal, for the reasons | | The Express Scripts Defendants assert that the unredacted version of this document should remain under seal because the redacted portions of the document contain non-public, highly competitive, proprietary, and/or commercially |

| | | Opposition to Plaintiffs' Motion to Certify the Class | provided in the last column and in Appendix A.

Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | sensitive information.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiation of, and confidential terms of, Client Agreements (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that |
|---|---|---|---|---|---|
| 584-1 | | Exhibit B-2 | The Express Scripts Defendants assert that the proposed redacted portions of the document attached to this joint motion as **Exhibit 9** should remain under | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information, including confidential, proprietary information about its SmartShare Rx program.  The Express Scripts |

| | | | | | |
|---|---|---|---|---|---|
| | | | seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Defendants have designated the document as Highly Confidential pursuant to the Protective Order. Additionally, the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential contractual terms offered in connection with Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 584-2 | | Exhibit B-3 | The Express Scripts Defendants assert that the proposed redacted portions of the document attached to this joint | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information, including confidential, proprietary |

| | | | | | |
|---|---|---|---|---|---|
| | | | motion as **Exhibit 10** should remain under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | information about its SmartShare Rx program.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. Additionally, the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential contractual terms offered in connection with Client Agreements (as defined and explained in Appendix A, Section i).<br><br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose  redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 584-3 | | Exhibit B-4 | The Express Scripts Defendants assert that the proposed | | The Express Scripts Defendants asserts that the proposed redacted portions of this document |

| | | | redacted portions of the document attached to this joint motion as **Exhibit 11** should remain under seal, for the reasons provided in the last column and Appendix A.<br><br>Plaintiffs agree that the proposed redactions highlighted in yellow may remain under seal. Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. | | contain non-public, highly competitive, proprietary, and/or commercially sensitive information, including confidential and proprietary information concerning its point-of-sale rebates programs. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. Additionally, the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential contractual terms offered in connection with Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. |
| 586 | | Thomas M. Donlon Expert Report | Prime asserts that the proposed redacted portions (highlighted in yellow, green, and blue) of the document attached to this joint motion as **Exhibit 12** should remain under seal, for the reasons provided in the last column and in Appendix A, and because it references the confidential information of non-parties.

Plaintiffs agree that the proposed redactions highlighted in yellow may remain under seal.  Plaintiffs assert that the proposed redactions highlighted in green | | Prime asserts proposed redacted portions of this report contain references or quotations to non-public, highly competitive, proprietary and/or commercially sensitive information contained in documents that have been marked Highly Confidential pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this report references Data Information (as defined and explained in Appendix A).

For the green highlighted portions, Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | should be filed publicly.  Plaintiffs take no position on the proposed redactions highlighted in blue. Plaintiffs assert that the portions in orange should also be redacted. | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
|---|---|---|---|---|---|
| 591 | | Class-Certification Expert Report of Dr. Daniel P. Kessler | The Optum/Rx Defendants assert that the proposed redacted portions of the document attached to this joint motion as **Exhibit 13** should remain under seal, for the reasons provided in the last column and in Appendix A, and because it references the confidential information of  non-parties.<br><br>Plaintiffs agree that the proposed | Mylan designated some of the underlying documents as Confidential or Highly Confidential | The OptumRx/United Defendants assert that proposed redacted portions of this report should remain under seal because they reference, rely on, and include quotations to non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been marked Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to and relied on were designated as Highly Confidential by non-party Mylan.  The OptumRx/United Defendants incorporate by reference the additional |

| | | | redactions highlighted in yellow may remain under seal.  Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. Plaintiffs take no position on the proposed redactions highlighted in blue. | | arguments made in Appendix A included in this motion, including because this report references Client Agreements, Mylan Agreements and Data Information (as defined and explained in Appendix A). Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 592 | | DX21: A compilation exhibit that includes cover pages for contracts | The Express Scripts Defendants assert that this document | | The Express Scripts Defendants assert that the compilation exhibit includes pages of documents that |

| | | between U.S. Bancorp and the Express Scripts Defendants with the following bates numbers: **ES_000328740, ES_000328681, ES_000328578, ES_000328604, ES_000328569, ES_000328575, ES_000328573, ES_000328598, ES_000328560, ES_000328595, ES_000328721, ES_000328715, ES_000328571, ES_000328580, ES_000328652, ES_000328563, ES_000328620, ES_000328559, ES_000329287, ES_000328959, ES_000329287, ES_000328959, ES_000328786, ES_000328610, ES_000328630** | should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | all contain non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated all of the documents included in the compilation exhibit as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this contains excerpts of Client Agreements (as defined and explained in Appendix A, Section i). Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to |
|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 592-1 | | DX22: This document was produced by Prime in this litigation and is bates stamped **Prime0042686** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Blue Cross and Blue Shield of Florida.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 592-2 | | DX23: This document was produced by Prime in this litigation and is bates stamped **Prime0578187** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Blue Cross and Blue Shield of Florida.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in |

| | | | document should be filed publicly in its entirety. | | Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 592-3 | | DX24: This document was produced by Prime in this litigation and is bates stamped **Prime0051226** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and |

| | | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | contractual terms between Prime and non-party Blue Cross and Blue Shield of Florida. Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
|---|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that this document is stale. |
| 592-4 | | DX25: This document was produced by Prime in this litigation and is bates stamped **Prime0494302** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Blue Cross and Blue Shield of Florida.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealed.  Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.   Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 592-5 | | DX26: This document was produced by Prime in this litigation and is bates stamped **Prime0044276** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Blue Cross and Blue Shield of Florida.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).  Plaintiffs assert that Defendants failed to justify continued |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.   Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 592-6 | | DX27: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00732596** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and a non-party.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this |

| | | | document should be filed publicly in its entirety. | | document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 592-7 | | DX28: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00732270** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and a non-party. OptumRx has designated the document Highly |

| | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose  redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 592-8 | | DX29: This document was produced by CVS in | The CVS Caremark Defendants assert that this document | | The CVS Caremark Defendants assert that this document should remain under seal because it |

| | | this litigation and is bates stamped **CM-000250134** | should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 592-9 | | DX30: This document was produced by CVS in this litigation and is bates stamped **CM-000250177** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 592-10 | | DX31: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000243873** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 592-11 | | DX32: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000245481** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 592-12 | | DX33: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00295415** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and a non-party.  United has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).  Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts.  Plaintiffs assert that this document is stale. |
| 592-13 | | DX34: A compilation exhibit that includes excerpts from an agreement and an amendment with the following bates numbers: **Prime0026051, Prime0578127** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | | Prime asserts these documents should remain under seal because they contain non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Health Care Service Corporation.  Prime has designated these documents as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the |

| | | | therefore, the document should be filed publicly in its entirety. | | additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.   Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 592-14 | | DX35: This document was produced by CVS in this litigation and is bates stamped **CM-000305940** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants improperly rely on boilerplate |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assertions.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 592-15 | | DX36: This is an excerpt of a document that was produced by Express Scripts in this litigation and is bates stamped **ES_000243466** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 592-16 | | DX37: A compilation exhibit that includes excerpts from an agreement and an amendment with the following bates numbers: **Prime0057574, Prime0057899** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts these documents should remain under seal because they contain non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Horizon Healthcare Services, Inc.  Prime has designated these documents as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document contains excerpts of Client Agreements (as defined |

| | | | | | and explained in Appendix A, Section i). Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 592-17 | | DX38: A compilation exhibit that includes excerpts from an agreement and an amendment with the following bates numbers: **Prime0064892, Prime0065054** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | Prime asserts these documents should remain under seal because they contain non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Blue Cross and Blue Shield of Alabama.  Prime |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | has designated these documents as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document contains excerpts of Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that this document is stale. |
| 592-18 | | DX39: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00295262** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and a non-party.  United has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 592-19 | | DX40: This document was produced by CVS in this litigation and is bates stamped **CM-000247468** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | because this document is a Client Agreement (as defined and explained in Appendix A, Section i). Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 593 | | Expert Report of Eric M. Gaier, Ph.D. | The CVS Caremark assert that the proposed redacted portions (in red box or green highlights) of the document attached to this joint motion as **Exhibit 14** should remain | Mylan designated some of the underlying documents as Confidential or Highly Confidential | The CVS Caremark Defendants assert that the proposed redacted portions of this report should remain under seal because they reference, rely on, and include quotations to non-public, highly competitive, proprietary, and/or commercially sensitive information contained in |

| | | | | under seal, for the reasons provided in the last column and in Appendix A, and because it references the confidential information of non-parties.

Plaintiffs agree that the proposed red box redactions may remain under seal.  Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. | | documents that have been marked Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to and relied on were designated as Highly Confidential by non-party Mylan.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Client Agreements, Mylan Agreements and Data Information (as defined and explained in Appendix A).

Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 594 | | Declaration of Ashley Gergen | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and claim processing system.  Prime has designated this document as Confidential pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 597 | | Declaration of Kent Rogers | The OptumRx/United Defendants assert that the proposed redacted portions of the document attached to this joint motion as **Exhibit 15** should remain under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | | The OptumRx/United Defendants assert that the proposed redacted portions of this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The OptumRx has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document references Client Agreements.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | document should be filed publicly in its entirety. | | continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 599 | | Declaration of Erika Holmes | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business. Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.   Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of PBM Agreements (as defined and explained in Appendix A, Section ii). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 600 | | Declaration of David A. Harvey | The OptumRx/United Defendants assert that the proposed redacted portions of the document attached to this joint motion as **Exhibit 16** should remain under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not | | The OptumRx/United Defendants assert that the proposed redacted portions of this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. United has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | document references Client Agreements.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 604 | | Expert Report of Ernst R. Berndt, Ph.D. | The CVS Caremark Defendants, the Express Scripts Defendants, and the OptumRx/United Defendants assert that the proposed redacted portions (highlighted in yellow or green) of the document attached to this joint motion as **Exhibit 17** should remain | Mylan designated some of the underlying documents as Confidential or Highly Confidential | The CVS Caremark Defendants, the Express Scripts Defendants, and the OptumRx/United Defendants assert that proposed redacted portions of this report contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated as Highly Confidential pursuant to the Protective Order. In addition, |

| | | | | | |
|---|---|---|---|---|---|
| | | | under seal, for the reasons provided in the last column and in Appendix A, and because it references the confidential information of non-parties.<br><br>Plaintiffs agree that the proposed redactions highlighted in yellow may remain under seal.  Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. | | some of the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan. The CVS Caremark Defendants, the Express Scripts Defendants, and the OptumRx/United Defendant incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Client Agreements, Mylan Agreements and Data Information (as defined and explained in Appendix A).<br><br>Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 605 | | DX56: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000000162** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email |

| | | | | | correspondence with PBMs and was produced by Mylan at MYERISA-00050775. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan |
|---|---|---|---|---|---|

| | | | | | improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
|---|---|---|---|---|---|
| 605-1 | | DX58: This document was produced by Express Scripts in this litigation and is bates stamped **ES-000244339** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 605-2 | | DX59: This document was produced by CVS in this litigation and is bates stamped **CM-000243984** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-3 | | DX60: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00323935** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and a non-party.  United has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-4 | | DX61: This document was produced by CVS in this litigation and is bates stamped **CM-000246576** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its |

| | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that this document is stale. |
| 605-5 | | DX62: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000259169** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-6 | | DX63: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000264017** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-7 | | DX64: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000242414** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose   redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 605-8 | | DX65: A compilation exhibit that includes excerpts from an agreement and an agreement schedule with the following bates numbers:<br>**Prime0045151, Prime0057889** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | | Prime asserts these documents should remain under seal because they contain non-public, highly competitive, proprietary and/or commercially sensitive information of Prime and contractual terms between Prime and non-party Blue Cross and Blue Shield of Alabama.  Prime has designated these documents as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in |

| | | | | | |
|---|---|---|---|---|---|
| | | | document should be filed publicly in its entirety. | | Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-9 | | DX66: This document was produced by CVS in this litigation and is bates stamped **CM-000249713** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that |

| | | | | | |
|---|---|---|---|---|---|
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |

| 605-10 | | DX67: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000263692** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.   The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-11 | | DX68: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00727783** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and a non-party.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 605-12 | | DX69: This document was produced by CVS in this litigation and is bates stamped **CM-000244459** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 605-13 | | DX70: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00295346** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between United and a non-party.  United has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this |

| | | | of the document, and therefore, the document should be filed publicly in its entirety. | | motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts.  Plaintiffs assert that this document is stale. |
| 605-14 | | DX71: This document was produced by CVS in this litigation and is bates stamped **CM-000245149** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |

| 605-15 | | DX72: This document was produced by CVS in this litigation and is bates stamped **CM-000245628** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-16 | | DX73: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00731367** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and a non-party. OptumRx has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 605-17 | | DX74: This document was produced by CVS in this litigation and is bates stamped **CM-000244782** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate |

| | | | filed publicly in its entirety. | | by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i). |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 605-18 | | DX75: This document was produced by CVS in this litigation and is bates stamped **CM-000245817** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that |

| | | | | | |
|---|---|---|---|---|---|
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 605-19 | | DX76: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000246333** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 605-20 | | DX77: This document was produced by CVS in this litigation and is bates stamped **CM-000246791** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and  contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-21 | | DX78: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000243263** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement |

| | | | filed publicly in its entirety. | | (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 605-22 | | DX79: This document is a February 5, 2020 letter from Daniel Dockery, counsel for the CVS Caremark Defendants, to counsel for Plaintiffs regarding data | The CVS Caremark Defendants assert that the proposed redacted portions of the document attached to this joint motion as **Exhibit 18** should remain under seal for the reasons provided in the last column and in Appendix A. | | The CVS Caremark Defendants assert that the proposed redacted portions of this document should remain under seal because they contain references to non-public, highly competitive, proprietary, and/or commercially sensitive information.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because the redacted portions of |

| | | | | | |
|---|---|---|---|---|---|
| | | | Plaintiffs agree that the proposed red box redactions may remain under seal. | | this document contain Data Information (as defined and explained in Appendix A, Section iii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 607 | | DX54: This document is a combined transcript of the two-day deposition of Stephen W. Schondelmeyer, taken January 31, 2020 and February 1, 2020 | The Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion | This document refers to documents produced by Mylan and designated by Mylan as Highly Confidential – Attorneys' Eyes Only | All Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and references and quotations to contractual terms between Defendants and Mylan. Defendants designated the document as Highly Confidential pursuant to the Protective Order. Defendants incorporate by reference the additional arguments made in Appendix A |

| | | | | | |
|---|---|---|---|---|---|
| | | | of the document, and therefore, the document should be filed publicly in its entirety. | | included in this motion, including because this transcript references Client Agreements, Mylan Agreements, and Data Information (as defined and explained in Appendix A).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 610 | | DX80: This document was produced by CVS in this litigation and is bates stamped **CM-000243747** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 610-1 | | DX81: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000246952** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| | | | | | Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
|---|---|---|---|---|---|
| 610-2 | | DX83: This document contains excerpts from the transcript of the deposition of Susan Illis, taken January 15, 2020 | The parties agree that a redacted version of this document may be filed publicly. Proposed redactions to this document are attached as **Exhibit 19**. | | The OptumRx/United Defendants assert that this document may be filed publicly, with limited redaction of non-public, highly competitive, proprietary, and/or commercially sensitive information, as well as private medical, confidential health information.<br><br>Plaintiffs agree that the private medical and confidential health information for Plaintiff Susan Illis' minor child should remain under seal. |
| 610-3 | | DX84: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00017268** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the |

| | | | | | |
|---|---|---|---|---|---|
| | | | remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | additional arguments made in Appendix A including because this document reflects negotiation and confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email correspondence with PBMs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

|  |  |  |  |  | continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-4 |  | DX85: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224220** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan at a competitive disadvantage.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-5 | | DX86: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00167511** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether | Mylan designated this document as Confidential | Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for |

| | | | the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |

| 610-6 | | DX87: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00219681** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document contains competitive strategy information with regards to the EpiPen Auto-Injector. The documents contain non-public strategic analysis on the product's growth, and strategy with regards to competitor products. This information would put Mylan at a competitive disadvantage if Mylan's competitors were to have access to Mylan's strategic analysis with regards to competition, and its disclosure would harm Mylan's business standing.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert that this document is stale. |

| 610-7 | | DX88: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00087789** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document is a spreadsheet that contains pricing data and competitive strategy information for Mylan Specialty's products, including the EpiPen Auto-Injector. The document contains non-public financial information and internal strategy for Mylan's products, including strategy with regards to competitor products. This information would put Mylan at a competitive disadvantage if its competitors were to have access to this document, and its disclosure would harm Mylan's business standing.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate |

| | | | | |
|---|---|---|---|---|
| | | | | assertions. Plaintiffs assert that this document is stale. |
| 610-8 | | DX89: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224136** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-9 | | DX90: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224146** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a |

| | | | | | non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing |

| | | | | | bids and negotiations.  Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 610-10 | | DX91: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224219** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.  Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.  Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-11 | | DX92: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224216** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-12 | | DX93: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224229** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage. |

| | | | filed publicly in its entirety. | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-13 | | DX94: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224230** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's |

| | | | Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-14 | | DX95: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224233** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. |

| | | | the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-15 | | DX96: This document was produced by Mylan in this litigation and is | The OptumRx/United Defendants assert | Mylan designated this document as Highly | The OptumRx/United Defendants assert that this document should remain under seal because it |

| | | bates stamped **MYERISA-00018208** | that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Confidential – Attorneys' Eyes Only | contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-16 | | DX97: This document was produced by Mylan in this litigation and is | The OptumRx/United Defendants assert that this document should remain | Mylan designated this document as Highly Confidential – | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or |

| | | bates stamped **MYERISA-00308564** | entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Attorneys' Eyes Only | commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 610-17 | | DX98: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00674906** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual |

| | | | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | terms between OptumRx and/or its affiliates and non-party Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | contracts. Plaintiffs assert that this document is stale. |
| 610-18 | | DX99: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00674934** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and non-party Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 611 | | DX82: This document is a combined transcript of the two-day deposition of Stephan M. Levy, taken January 28, 2020 and January 29, 2020 | The Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | This document refers to documents produced by Mylan and designated by Mylan as Highly Confidential – Attorneys' Eyes Only | All Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information, and references and quotations to contractual terms between Defendants and Mylan. Defendants designated the document as Highly Confidential pursuant to the Protective Order. Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this transcript references PBM Agreements, Mylan Agreements, and Data Information (as defined and explained in Appendix A). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |
| 612 | | DX100: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00037638** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public.  Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 612-1 | | DX101: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00223123** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 612-2 | | DX102: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00027991** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan.  This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 612-3 | | DX103: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00037647** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons | Mylan designated this document as Highly Confidential – | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive |

| | | | provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Attorneys' Eyes Only | information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that this document is stale. |
| 612-4 | | DX104: This document was produced by CVS in this litigation and is bates stamped **CM-000233802** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

342

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 612-5 | | DX105: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00223176** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and |

| | | | filed publicly in its entirety. | | explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 612-6 | | DX106: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00037707** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. |

| | | | | | Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 612-7 | | DX107: This document was produced by Mylan | The CVS Caremark Defendants assert | Mylan designated this document as | The CVS Caremark Defendants assert that this document should |

| | | in this litigation and is bates stamped **MYERISA-00037658** | that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Highly Confidential – Attorneys' Eyes Only | remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 612-8 | | DX108: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00037702** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |

| | | | | | Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan. |
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |

| | | | | | Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 612-9 | | DX109: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00061891** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 612-10 | | DX110: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00135424** | The CVS Caremark and Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The CVS Caremark Defendants and the Express Scripts Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. This document was produced by non-party Mylan, which has designated it as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants and the Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential |

| | | | of the document, and therefore, the document should be filed publicly in its entirety. | | terms of Mylan Agreements (as defined and explained in Appendix A, Section ii). Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 612-11 | | DX111: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00016238** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. In addition, the document was designated as Highly Confidential by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii). |

| | | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email correspondence with PBMs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 612-12 | | DX112: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00290524** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 612-13 | | DX113: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00011205** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage. |

| | | | therefore, the document should be filed publicly in its entirety. | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 612-14 | | DX114: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00264112** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' |

| | | | Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 612-15 | | DX115: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224536** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if |

| | | | position on whether the document should remain under seal.

Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |

| 612-16 | | DX116: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224570** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 612-17 | | DX117: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00224656** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document relates to the strategy, proposals, and ultimate votes of Mylan's pricing committee. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. They contain details of Mylan's internal decision-making processes with regards to price, including individual executives' notes on the issue, and if Mylan's competitors were to have access to this information it would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | competitive information is unfounded.  Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 612-18 | | DX118: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00018175** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects the negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses and summarizes |

| | | | document should be filed publicly in its entirety. | | Mylan's negotiations for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and having information on Mylan's past negotiations, including Mylan's employees' internal thoughts on the terms and what Mylan might be able to agree to.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 612-19 | | DX119: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00674950** | The OptumRx/United assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and non-party Mylan. OptumRx has designated the document Highly Confidential pursuant to the Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs |

| | | | | | assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. mPlaintiffs assert that this document is stale. |
| 612-20 | | DX120: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00157152** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order. |

| | | | | remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan asserts that this document discusses strategy for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert this document is stale. |
| 614 | | DX121: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00674974** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and non-party Mylan.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-1 | | DX122: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000021460** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the |

| | | | | | |
|---|---|---|---|---|---|
| | | | because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00186084. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-2 | | DX123: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000021430** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety. Plaintiffs assert Defendants have not met their burden for | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00186093. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-3 | | DX124: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000029661** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party asserted that this document should remain under seal.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and non-party Sanofi-Aventis U.S. LLC ("**Sanofi**"). The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  In addition, non-party Sanofi has confirmed that the document contains Sanofi's confidential information and should remain under seal. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is rebate agreement and therefore should remain under seal for the same reasons as for the Mylan Agreements (as |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-4 | | DX125: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000030143** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The |

| | | | column and in Appendix A. <br><br> Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii). <br><br> Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-5 | | DX126: This document was produced by Express | The Express Scripts Defendants assert | | The Express Scripts Defendants assert that the document contains |

| | | Scripts in this litigation and is bates stamped **ES_000021437** | that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and Mylan. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document is a contract or amendments to contracts that Mylan entered into that was produced by Mylan at MYERISA-00038110. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan for future agreements and amendments to agreements would be at a strong advantage |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | over Mylan if they had the benefit of being able to review these documents and the full set of terms agreed to by Mylan.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-6 | | DX127: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00004096** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. In addition, the document was designated as Highly Confidential by non-party Mylan. The Express Scripts Defendants incorporate by reference the additional arguments made in |

| | | | document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Appendix A included in this motion, including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses strategy for formulary placement.  Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 614-7 | | DX128: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000012211** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information, specifically because it includes information about Express Scripts' formulary decisions.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in |

| | | | therefore, the document should be filed publicly in its entirety. | | Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-8 | | DX129: This document was produced by Express Scripts in this litigation | The Express Scripts Defendants assert that this document should remain entirely under seal, | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information, |

| | | and is bates stamped **ES_000009611** | for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | specifically because it includes confidential information about Express Scripts' formulary decisions. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |

| 614-9 | | DX130: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000007721** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document reflects the neogtiation of confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-10 | | DX131: This document was produced by Prime in this litigation and is bates stamped **Prime0030375** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii). Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-11 | | DX132: This document was produced by Prime in this litigation and is bates stamped **Prime0057365** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 614-12 | | DX133: This document was produced by Prime in this litigation and is bates stamped **Prime0466980** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and its formulary structure. Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | of contracts. Plaintiffs assert that this document is stale. |
| 614-13 | | DX134: This document was produced by Prime in this litigation and is bates stamped **Prime0118763** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with Sanofi.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document is comparable to the discussion of terms regarding a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-14 | | DX135: This document was produced by Prime in this litigation and is bates stamped **Prime0021613** | Prime asserts that this document can be filed publicly with a limited redactions, which is shown in the attached **Exhibit 20** hereto.<br><br>Plaintiffs assert Prime has not met its burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document can be filed publicly with a limited redaction of non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-15 | | DX136: This document was produced by Prime in this litigation and is bates stamped **Prime0056841** | Prime asserts that this document can be filed publicly with a limited redactions, which is shown in the attached **Exhibit 21** hereto.  Plaintiffs assert Prime has not met its burden for sealing any portion of the document, and therefore, the document should be | | Prime asserts this document can be filed publicly with a limited redaction of non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs |

| | | | filed publicly in its entirety. | | assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-16 | | DX137: This document was produced by Prime in this litigation and is bates stamped **Prime0014316** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. Plaintiffs assert Defendants have not met their burden for sealing any portion | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and non-party Mylan. Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Prime incorporates by reference the |

| | | | of the document, and therefore, the document should be filed publicly in its entirety. | | additional arguments made in Appendix A included in this motion, including because this document reflects negotiations of Mylan Agreements (as defined and explained in Appendix A, Section ii). Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 614-17 | | DX138: This document was produced by Prime in this litigation and is bates stamped **Prime0022147** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiations of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-18 | | DX139: This document was produced by Prime in this litigation and is bates stamped **Prime0022153** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiations of Mylan Agreements (as defined |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-19 | | DX140: This document was produced by Prime in this litigation and is bates stamped **Prime0022403** | Prime asserts that this document can be filed publicly with a limited redactions, which is shown in | | Prime asserts this document can be filed publicly with a limited redaction of non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non- |

| | | | the attached **Exhibit 22** hereto.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | party Mylan.  Prime has designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 614-20 | | DX141: This document was produced by Prime in this litigation and is | Prime asserts that this document should remain entirely under seal, for the reasons | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or |

| | | bates stamped **Prime00009810** | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiations of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 614-21 | | DX142: This document was produced by Prime in this litigation and is bates stamped **Prime0021517** | Prime agrees that this document can be publicly filed. | | Prime agrees this document can be publicly filed. |
| 614-22 | | DX143: This document was produced by CVS in this litigation and is bates stamped **CM-000218186** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this |

| | | | | | document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-23 | | DX144: This document was produced by CVS in this litigation and is bates stamped | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive |

| | | CVSCM_EPI_0001903 02 | provided in the last column and in Appendix A. | | information regarding formulary strategy and decision-making. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-24 | | DX145: This document was produced by CVS in this litigation and is bates | The parties agree that this document should remain under seal. | | The CVS Caremark Defendants assert that this excerpted document should remain under seal because it contains non-public, highly competitive, |

| | | stamped **CM-000202185 (excerpt)** | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | proprietary, and/or commercially sensitive information. This is an excerpted page from a deposition transcript in *In re EpiPen Marketing, Sales Practices and Antitrust Litig.*, Case No. 2:17-md-02785 (D. Kan.) that was designated as Highly Confidential by the parties to that action; further dissemination of the document is restricted by the Protective Order in place in that matter. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order in this matter.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 614-25 | | DX146: This document was produced by CVS in this litigation and is bates stamped **CM-000063184** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 614-26 | | DX148: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000076719** | The parties agree that this document may be unsealed. | | The Express Scripts Defendants do not oppose unsealing this document. |
| 614-27 | | DX149: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000078725** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. Specifically, this document contains internal deliberation |

| | | | | column and in Appendix A. | | about formulary management strategy and communications with clients.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including regarding the alleged public interest in unsealing and Plaintiffs' assertion disputing the highly competitive nature of the information |
| | | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 615 | | DX150: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00013873** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects negotiation of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts this document contains negotiations for formulary placement, including bid grids, drafts of rebate agreements, and Mylan's email correspondence with PBMs. Each one is a non-public document, the contents of which would harm |

| | | | | | | Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review the negotiations between Mylan and PBMs, the terms originally offered to Mylan, and the terms that Mylan agreed to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |

| 615-1 | | DX151: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00129832** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A, and because a non-party has asserted that this document should remain under seal in its entirety.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and non-party Mylan, which produced the document, has designated it as Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A including because this document reflects confidential terms of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Mylan asserts that this document discusses and summarizes Mylan's negotiations for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | placement for current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and having information on Mylan's past negotiations, including Mylan's employees' internal thoughts on the terms and what Mylan might be able to agree to.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 615-2 | | DX152: This document contains excerpts from the transcript of the | The OptumRx/United Defendants assert | | The OptumRx/United Defendants assert that this document should remain under seal because it |

| | | deposition of Kent Rogers, taken in another matter on December 19, 2019 | that the proposed redacted portions of the document attached to this joint motion as **Exhibit 23** should remain under seal, for the reasons provided in the last column.<br><br>Plaintiffs agree that the redactions highlighted in yellow should remain under seal. | | contains non-public, highly competitive, proprietary, and/or commercially sensitive information.  The transcript in its entirety has been designated Highly Confidential.<br><br>Plaintiffs assert that outside of the redacted portions, Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. |
|---|---|---|---|---|---|
| 615-3 | | DX153: This document was produced by Prime in this litigation and is bates stamped **Prime0009362** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in |

| | | | document should be filed publicly in its entirety. | | Appendix A included in this motion, including because this document reflects confidential terms and negotiations of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 615-4 | | DX154: This document was produced by Prime in this litigation and is | Prime asserts that this document should remain | | Prime asserts this document should remain under seal because it contains references to or |

| | | bates stamped **Prime0015341** | entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiations of Mylan Agreements (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 615-5 | | DX155: This document was produced by Prime in this litigation and is bates stamped **Prime0009834** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and contracting terms with non-party Mylan.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document reflects negotiations of Mylan Agreements (as defined and explained in Appendix A, Section ii). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants and Mylan fail to justify the confidentiality of contracts. |
| 615-6 | | DX156: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00185776** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal. | Mylan designated this document as Highly Confidential | Mylan asserts that this document is a PowerPoint presentation that contains financial projections for the EpiPen Auto-Injector. It contains non-public financial information and internal projections about EpiPen profitability. This information would put Mylan at a competitive disadvantage if its competitors were to have access to Mylan's |

| | | | Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | internal projections and analysis, and its disclosure would harm Mylan's business standing.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 615-7 | | DX157: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00142967** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for formulary placement. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. Companies seeking to negotiate with Mylan over formulary placement for |

| | | | | | |
|---|---|---|---|---|---|
| | | | the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | current and future products would be at a strong advantage over Mylan if they had the benefit of being able to review these documents and gain insight into Mylan's negotiations and the terms it may agree to with PBMs, including Mylan's employees' internal thoughts on potential terms and overall strategy for approaching formulary negotiations.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |

| 615-8 | | DX158: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00215807** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for Mylan's patient assistance programs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. If Mylan's competitors were to gain information on Mylan's internal strategy for patient assistance programs, they would be able to plan their own strategy for similar programs accordingly, including marketing for their patient assistance programs over Mylan's. This would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan |

| | | | | | improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
|---|---|---|---|---|---|
| 615-9 | | DX159: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00215248** | The parties agree that this document may be unsealed. | Mylan designated this document as Confidential | Mylan does not object to the unsealing of this document. |
| 615-10 | | DX160: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00343489** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.  Plaintiffs assert Defendants Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for Mylan's patient assistance programs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. If Mylan's competitors were to gain information on Mylan's internal strategy for patient assistance programs, they would be able to plan their own strategy for similar programs accordingly, including marketing for their patient assistance programs over Mylan's. This would put Mylan at a competitive disadvantage.  Plaintiffs assert that Defendants and Mylan failed to justify |

| | | | | | |
|---|---|---|---|---|---|
| | | | filed publicly in its entirety. | | continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 615-11 | | DX161: This document is an email and attachment produced by Mylan in this litigation with bates numbers **MYERISA-00243381 & MYERISA-00243382** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met its burden for sealing | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for Mylan's patient assistance programs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. If Mylan's competitors were to gain information on Mylan's internal strategy for patient assistance programs, they would be able to plan their own strategy for similar programs accordingly, including marketing for their patient assistance programs over |

| | | | any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan's. This would put Mylan at a competitive disadvantage. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 615-12 | | DX162: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00100243** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for Mylan's patient assistance programs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. If Mylan's competitors were to gain information on Mylan's internal strategy for patient assistance programs, they would be able to |

| | | | Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | plan their own strategy for similar programs accordingly, including marketing for their patient assistance programs over Mylan's. This would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 615-13 | | DX163: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00090252** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for Mylan's patient assistance programs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. If |

| | | | position on whether the document should remain under seal.

Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Mylan's competitors were to gain information on Mylan's internal strategy for patient assistance programs, they would be able to plan their own strategy for similar programs accordingly, including marketing for their patient assistance programs over Mylan's. This would put Mylan at a competitive disadvantage.

Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |

| 615-14 | | DX164: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00107886** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document discusses strategy for Mylan's patient assistance programs. Each one is a non-public document, the contents of which would harm Mylan's competitive standing if they were to be made public. If Mylan's competitors were to gain information on Mylan's internal strategy for patient assistance programs, they would be able to plan their own strategy for similar programs accordingly, including marketing for their patient assistance programs over Mylan's. This would put Mylan at a competitive disadvantage.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that this document is stale. |
| 615-15 | | DX165: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00234175** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan asserts that this document is an internal email chain that discusses strategy for responding to a media inquiry. It contains a draft statement to the media and the thoughts of Mylan's executives of how to address these topics. Mylan's competitors would be at a competitive advantage if they were permitted to review Mylan's executive's thoughts and strategy for responding to inquiries from the press, and this document cannot be disclosed without harm to Mylan's business standing.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | information is unfounded. Additionally, Defendants and Mylan rely on standard contract language. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
|---|---|---|---|---|---|
| 615-16 | | DX167: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00149101** | Mylan, the designating entity, asserts that this document should remain entirely under seal. Defendants take no position on whether the document should remain under seal.<br><br>Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Mylan designated as Confidential | Mylan asserts that this document contains discussion of competitive strategy for the EpiPen Auto-Injector. The document contains non-public strategic analysis on marketing of the product and competition with other EAI devices. Mylan's competitors would be at a competitive advantage if they were permitted to review strategic analyses on this topic, and this document cannot be disclosed without harm to Mylan's business standing.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. |

| | | | | | Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |
|---|---|---|---|---|---|
| 615-17 | | DX168: This document was produced by Mylan in this litigation and is bates stamped **MYERISA-00288606** | The parties agree that this document may be unsealed. | Mylan designated this document as Highly Confidential – Attorneys' Eyes Only | Mylan does not object to the unsealing of this document. |
| 615-18 | | DX169: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000020167** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information.  In addition, the Express Scripts Defendants assert that the document contains private medical, confidential health information for Plaintiff Leah Weaver and for non-parties.  The Express Scripts Defendants have designated the document as Confidential Health Information pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in |

| | | | filed publicly in its entirety. | | Appendix A included in this motion, including because this document is contains Data Information (as defined and explained in Appendix A, Section iii).<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants and Mylan rely on standard contract language.  Defendants and Mylan improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 615-19 | | DX170: This document was produced by Walgreen Boots Alliance, Inc. in this litigation and is bates | The parties agree that a redacted version of this document may be filed publicly.  Proposed redactions to this document are | Walgreen Boots Alliance, Inc. designated this document as Highly Confidential – Attorneys' Eyes | Plaintiffs assert that this document contains private medical, confidential health information and financial information for the minor child of Leah Weaver. |

| | | stamped **ES_WLGS_0000004** | attached as **Exhibit 24**. | Only, Confidential Health Information | |
|---|---|---|---|---|---|
| 615-20 | | DX171: This document contains excerpts from the transcript of the deposition of Adam Klein in his personal capacity, taken December 17, 2019 | The parties agree that a redacted version of this document may be filed publicly. Plaintiffs have proposed redactions to this document are attached as **Exhibit 25**, although Prime does not agree with some of the redactions (which are indicated in yellow). Plaintiffs assert that the redactions highlighted in yellow should remain under seal because they concern information deemed confidential by non-party Blue Sea Capital. | | Plaintiffs assert that this document contains private medical, confidential health information and financial information for Plaintiff Klein.

Prime does not agree with all of Plaintiffs' proposed redactions, as they go beyond redacting private medical, confidential health information and financial information of Plaintiff Klein, and otherwise is not non-public, proprietary, or competitively sensitive information. |
| 615-21 | | DX172: This document contains excerpts from the transcript of the | The parties agree that a redacted version of this | | Plaintiffs assert that this document contains private medical, confidential health |

| | | deposition of Elan Klein in her personal capacity, taken December 18, 2019 | document may be filed publicly. Proposed redactions to this document are attached as **Exhibit 26**. | | information and financial information for Plaintiff Klein. |
|---|---|---|---|---|---|
| 615-22 | | DX173: This document was produced by Prime in this litigation and is bates stamped **Prime0481267** | The parties agree that this document should remain under seal as there is no non-confidential information to redact. | | Prime asserts this document should remain under seal because it contains references or quotations to confidential health information of Plaintiffs Kleins. |
| 615-23 | | DX174: This document was Exhibit 1 to the December 17, 2019 deposition of Adam Klein. It was originally produced by Plaintiffs and is bates stamped **PL_KLEIN_00001247** | The parties agree that a redacted version of this document may be filed publicly. Proposed redactions to this document are attached as **Exhibit 27**. | | Plaintiffs assert that this document contains private medical, confidential health information and financial information for Plaintiff Klein.<br><br>Prime agrees the proposed redacted portions should remain under seal because they contain references or quotations to confidential health information of Plaintiffs Kleins |
| 615-24 | | DX175: This document was Exhibit 2 to the December 17, 2019 deposition of Adam Klein. It was originally | The parties agree that a redacted version of this document may be filed publicly. | | Plaintiffs assert that this document contains private medical, confidential health information and financial information for Plaintiff Klein. |

| | | produced by Plaintiffs and is bates stamped **PL_KLEIN_00000789** | Proposed redactions to this document are attached as **Exhibit 28**. | | Prime agrees the proposed redacted portions should remain under seal because they contain references or quotations to confidential health information of Plaintiffs Kleins. |
|---|---|---|---|---|---|
| 615-25 | | DX177: This document was produced by the Plaintiffs in this litigation and is bates stamped **PL_Weaver_00000191** | The parties agree that this document may be filed publicly in its entirety. | | Plaintiffs assert that this document contains private medical information for Plaintiff Weaver.  Plaintiffs designated this information confidential. |
| 615-26 | | DX178: This document was produced by CVS in this litigation and is bates stamped **CM-000244793** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS |

| | | | filed publicly in its entirety. | | Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i). Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |

| 615-27 | | DX179: This document was produced by CVS in this litigation and is bates stamped **CM-000246847** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 616 | | DX181: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000246835** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this |

| | | | filed publicly in its entirety. | | document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 616-1 | | DX182; This document was produced by Prime in this litigation and is bates stamped **Prime0101144** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business with non-party Florida Blue.  Prime has designated this |

| | | | | | |
|---|---|---|---|---|---|
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document relates to services provided under a PBM Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |

| 616-2 | | DX184: This document was produced by CVS in this litigation and is bates stamped **CVSCM_EPI_0002005 55** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and non-party Mylan. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Mylan Agreement (as defined and explained in Appendix A, Section ii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 616-3 | | DX185: This document was produced by OptumRx in this litigation and is bates stamped **OPTUMRX-EPI 00731306** | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between OptumRx and/or its affiliates and a non-party.  OptumRx has designated the document Highly Confidential pursuant to the Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 616-4 | | DX186: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000259811** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party. The Express Scripts Defendants have designated the document as |

| | | | Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |

| 616-5 | | DX187: This document is an excerpt from a January 30, 2020 email from Deborah Sohn, counsel for Express Scripts, to counsel for Plaintiffs regarding data | The Express Scripts Defendants assert that the proposed redacted portions of the document attached to this joint motion as **Exhibit 29** should remain under seal for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains Data Information (as defined and explained in Appendix A, Section iii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | fail to justify the confidentiality of contracts.<br><br>Plaintiffs assert correspondence between the parties' counsel do not merit sealing. Correspondence regarding the scope of discovery responses are not confidential. The Express Scripts Defendants do not dispute this, as even they have not designated the correspondence as confidential under the operative protective order. |
| 616-6 | | DX188: This document was produced by Express Scripts in this litigation and is bates stamped **ES_000242729** | The Express Scripts Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains confidential terms of a Client Agreement (as |

| | | | filed publicly in its entirety. | | defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 616-7 | | DX189: This document was produced by CVS in this litigation and is bates stamped **CM-000243790** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The |

| | | | sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions. Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | of contracts. Plaintiffs assert that this document is stale. |
| 616-8 | | DX190: This document was produced by CVS in this litigation and is bates stamped **CM-000249793** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 616-9 | | DX191: This document was produced by CVS in this litigation and its bates stamped **CM-000245849** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to |

| | | | document should be filed publicly in its entirety. | | the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).

Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 616-10 | | DX192: This document was produced by Express Scripts in this litigation | The Express Scripts Defendants assert that this document | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, |

| | | and is bates stamped **ES_000243080** | should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | proprietary, and/or commercially sensitive information and contractual terms between one of the Express Scripts Defendants and a non-party.  The Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 616-11 | | DX193: This document was produced by CVS in this litigation and is bates stamped **CM-000244570** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, andcontractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. Plaintiffs assert that this document is stale. |
| 616-12 | | DX194: This document was produced by CVS in this litigation and is bates stamped **CM-000246634** | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.  Plaintiffs assert Defendants have not | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information of CVS and/or its subsidiaries, and contractual terms between CVS and/or its subsidiaries and a non-party that have been designated as confidential under a |

| | | | met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | nondisclosure agreement. The CVS Caremark Defendants have designated this document as Highly Confidential pursuant to the Protective Order.  The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document is a Client Agreement (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | of contracts. Plaintiffs assert that this document is stale. |
| 616-13 | | DX195: This document was produced by Prime in this litigation and is bates stamped **Prime0611793** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and point-of-sale offering.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Additionally, Defendants rely on standard contract language.  Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations.  Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert that Defendants fail to justify the confidentiality of contracts. |
| 616-14 | | DX196: This document was produced by Prime in this litigation and is bates stamped **Prime0609726** | Prime asserts that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | | Prime asserts this document should remain under seal because it contains references to or discusses non-public, highly competitive, proprietary and/or commercially sensitive information of Prime's business and point-of-sale offering.  Prime has designated this document as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Prime incorporates by reference the additional arguments made in Appendix A included in this motion, including because this document because this document relates to Client Agreements (as defined and explained in Appendix A, Section i).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing.  Plaintiffs assert Defendants failed to timely propose redactions.  Plaintiffs assert Defendants' |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | claim of highly competitive information is unfounded. Additionally, Defendants rely on standard contract language. Defendants improperly rely on boilerplate assertions.  Plaintiffs assert a strong public interest in unsealing bids and negotiations. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 616-15 |  | DX197: This document was produced by United HealthCare Services, Inc. in this litigation and is bates stamped **UNITED-EPI 00176844** | The parties agree that this document should remain under seal. |  | The OptumRx/United Defendants assert that this document should remain under seal because it contains private medical, confidential health information for Plaintiff Illis and her minor child.  United has designated the document Confidential Health Information pursuant to the Protective Order. |
| 616-16 |  | DX198: This document was Exhibit 9 to the January 28, 2020 deposition of Stephan M. Levy | The parties agree that this document should remain under seal. |  | Prime agrees this document should remain under seal because it contains references or quotations to confidential health information of Plaintiffs Kleins. |
| 616-17 |  | DX199: This document is a September 4, 2019 letter from Justin Bernick, counsel for | Mylan, the designating entity, asserts that this document should | Mylan designated this document as Highly Confidential – | Mylan asserts that this document is a Highly Confidential letter from counsel for Mylan to counsel for ESI. It contains non- |

| | | Mylan, to Jonathan Cooper, counsel for Express Scripts, regarding production of data by Mylan. | remain entirely under seal. Defendants take no position on whether the document should remain under seal. Plaintiffs assert Defendants and Mylan have not met their burden for sealing any portion of the document, and therefore, the document should be filed publicly in its entirety. | Attorneys' Eyes Only | public information regarding litigation strategy and Mylan's patient assistance programs. This information cannot be revealed to Mylan's competitors or any counsel that is not involved in the ERISA litigation without serious competitive harm to Mylan. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |
| 616-18 | | DX200: This is a document titled "OptumRx Rebate Data Scope and Process Summary" which was provided by OptumRx to Plaintiffs' counsel on November 2, 2019 | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. OptumRx has designated the document Highly Confidential pursuant to the |

| | | | column and in Appendix A. | | Protective Order.  The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains Data Information (as defined and explained in Appendix A, Section iii). |
| | | | Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety. | | |
| | | | | | Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions. |
| 616-19 | | DX201: This document is a copy of OptumRx's Amended Objections and Responses to Interrogatories 3 and 5, served December 12, 2019 | The OptumRx/United Defendants assert that this document should remain entirely under seal, for the reasons provided in the last | | The OptumRx/United Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. OptumRx has designated the document  Highly Confidential pursuant to the |

| | | | column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety. | | Protective Order. The OptumRx/United Defendants incorporate by reference the additional arguments made in Appendix A included in this motion.<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants improperly rely on boilerplate assertions. |
| 616-20 | | DX202: This document contains excerpts from the transcript of the deposition of F. Emil Jalonen, taken January 21, 2020. | The parties agree that a redacted version of this document may be filed publicly. Proposed redactions to this document are attached as **Exhibit 30**. | | Plaintiffs assert that this document contains the private medical information of Plaintiff Weaver and her minor child. |
| 616-21 | | DX203: This document is a copy of Plaintiff F. Emil Jalonen's Answers | The parties agree that this document may be filed | | Plaintiffs assert that this document contains the private |

| | | and Objections to Express Scripts Holding Company, Express Scripts, Inc., Medco Health Solutions, Inc., CVS Health Corporation, Caremark, L.L.C., Caremark Rx, L.L.C. and CaremarkPCS Health, L.L.C.'s First Set of Interrogatories to Plaintiff F. Emil Jalonen as Representative of the Estate of Leah Weaver dated January 21, 2020. | publicly in its entirety. | | medical information of Plaintiff Weaver. |
|---|---|---|---|---|---|
| 616-22 | | DX204: This document was Exhibit 28 to the December 17, 2019 30(b)(6) deposition of Adam Klein. The document is bates stamped **TRI00003857** | The parties agree that this document should remain under seal. | Blue Sea designated this document Confidential | BSC asserts that the document contains non-public, proprietary, and/or commercially sensitive information concerning the business operations of BSC and has been designated Confidential pursuant to the Amended Protective Order [Doc. No. 461]. |
| 616-23 | | DX205: This document was Exhibit 9 to the December 17, 2019 30(b)(6) deposition of Adam Klein | The parties agree that this document should remain under seal. | Blue Sea designated this document Confidential | BSC asserts that the document contains non-public, proprietary, and/or commercially sensitive information concerning the business operations of BSC in addition to Confidential Health Information of eligible |

| | | | | | employee(s)/ dependents and has been designated Confidential pursuant to the Amended Protective Order [Doc. No. 461]. |
|---|---|---|---|---|---|
| 618 | 622 | Defendants' Corrected Combined Memorandum of Law Opposing Plaintiffs' Motion for Class Certification | Defendants assert that the redacted portions of the brief should remain under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety. | Mylan designated some of the underlying documents as Confidential or Highly Confidential | All Defendants assert that the unredacted version of this document should remain under seal because the redacted portions of the brief contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-parties Mylan, TriNet, Blue Sea Capital, Delta Air Lines, and Walgreens.  Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this brief references Client Agreements, Mylan Agreements, |

| | | | | | and Data Information (as defined and explained in Appendix A). Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information. Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 658 | 659 | Plaintiffs' Reply Brief In Support of Class Certification | Defendants assert that the redacted portions of the brief should remain under seal, for the reasons | Mylan designated some of the underlying documents as Confidential or | All Defendants assert that the unredacted version of this document should remain under seal because the redacted portions of the brief contain |

| | | | | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety. | Highly Confidential | references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan. Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this brief references Client Agreements, Mylan Agreements, and Data Information (as defined and explained in Appendix A).<br><br>Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Plaintiffs assert that Defendants fail to justify the confidentiality of contracts. |
| 661 | | Sealed Index of Exhibits in Support of Plaintiffs' Reply Brief in Support of Class Certification | The parties agree that this document may be unsealed. | Mylan designated some of the underlying documents as Confidential or Highly Confidential | Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that the index contains no confidential information and should be unsealed. |
| 661-1 | | PX107: Letter from counsel for Express Scripts to counsel for Plaintiffs, dated October 15, 2019. | The Parties agree that this document may remain under seal. | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The Express Scripts Defendants have designated the document as |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Highly Confidential pursuant to the Protective Order.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains Data information (as defined and explained in Appendix A, Section iii). |
| 661-2 | | PX108: Letter from counsel for Plaintiffs to counsel for Express Scripts, dated March 6, 2020. | The Express Scripts Defendants assert that the proposed redacted portions of the document attached to this joint motion as **Exhibit 31** should remain under seal for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the | | The Express Scripts Defendants assert that the document references non-public, highly competitive, proprietary, and/or commercially sensitive information.  The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains Data information (as defined and explained in Appendix A, Section iii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and |

| | | | memorandum should be filed publicly in its entirety. | | Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert correspondence between the parties' counsel do not merit sealing. Correspondence regarding the scope of discovery responses are not confidential. Plaintiffs assert that a version of this document that was sent to Prime was filed publicly at PX109 and that this document is not confidential. Plaintiffs assert a strong public interest in unsealing bids and negotiations. |
| 661-3 | | PX110: Letter from counsel for Plaintiffs to counsel for CVS, dated March 7, 2020. | The CVS Caremark Defendants assert that this document should remain entirely under seal, for the reasons provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not | | The CVS Caremark Defendants assert that this document should remain under seal because it contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The CVS Caremark Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains |

| | | | met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety. | | Data Information (as defined and explained in Appendix A, Section iii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded.  Defendants and Mylan improperly rely on boilerplate assertions. Plaintiffs assert correspondence between the parties' counsel do not merit sealing. Correspondence regarding the scope of discovery responses are not confidential. |
| 661-4 | | PX111: Letter from counsel for Plaintiffs to counsel for OptumRx, dated March 7, 2020. | The parties agree that this document may be unsealed. | | The OptumRx/United Defendants do not oppose unsealing this document in its entirety. |
| 661-5 | | PX118: Excerpts from the transcript of the Deposition of Anthony Grillo, taken February 25, 2020. | The Express Scripts Defendants assert that the document should remain under seal for the reasons | | The Express Scripts Defendants assert that the document contains non-public, highly competitive, proprietary, and/or commercially sensitive information. The |

| | | | provided in the last column and in Appendix A.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety. | | Express Scripts Defendants have designated the document as Highly Confidential pursuant to the Protective Order. The Express Scripts Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this document contains Data information (as defined and explained in Appendix A, Section iii).<br><br>Plaintiffs assert that Defendants failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. Defendants and Mylan improperly rely on boilerplate assertions. |
| 661-6 | | PX119: This document was produced by third party Blue Sea Capital, LLC and is Bates stamped: Blue Sea Subp | The parties agree that this document should remain under seal. | Blue Sea designated this document Confidential | Prime agrees this document should remain under seal because it contains references or quotations to confidential health |

| | | | | |
|---|---|---|---|---|
| | | Response Bates No. 001287. | | | and financial information of Blue Sea Capital.<br><br>BSC asserts that the document contains non-public, proprietary, and/or commercially sensitive information concerning the business operations of BSC in addition to Confidential Health Information of eligible employee(s)/ dependents and has been designated Confidential pursuant to the Amended Protective Order [Doc. No. 461]. |
| 661-7 | | PX122: Excerpts from the transcript of the Deposition of F. Emil Jalonen, taken January 21, 2020. | The parties agree that this document may be filed publicly in its entirety. | | Plaintiffs assert that this document contains private medical information for Plaintiff Weaver. |
| 663 | | Sealed Rebuttal Report of Stephan M. Levy, PHD | The Defendants assert that the proposed redacted portions (highlighted in yellow or green) of the report attached to this joint motion as **Exhibit 32** should remain under seal, for the reasons provided in | Mylan and ConnectiveRx designated some of the underlying documents as Confidential or Highly Confidential | All Defendants assert that proposed redacted portions of this report contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order. In addition, some of the |

| | | | the last column and in Appendix A, and because it references the confidential information of non-parties.<br><br>Plaintiffs agree that the proposed redactions highlighted in yellow (except where noted) may remain under seal. Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. | | underlying documents referred to or quoted were designated as Highly Confidential by non-parties Mylan and ConnectiveRx. Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Client Agreements, Mylan Agreements and Data Information (as defined and explained in Appendix A).<br><br>ConnectiveRx asserts that the sealed report contains references to non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been marked Confidential or Highly Confidential pursuant to the Amended Protective Order [Doc. No. 461]. In addition, the underlying documents referred to were designated as Confidential or Highly Confidential by Mylan.<br><br>Mylan objects to the unsealing of any documents that cite to, quote |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants, ConnectiveRx and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 665 | | Sealed Rebuttal Expert Report of Dr. Stephen W. Schondelmeyer | The Defendants assert that the proposed redacted portions (highlighted in yellow or green) of the report attached to this joint motion as **Exhibit 33** should remain under seal, for the reasons provided in the last column and | Mylan designated some of the underlying documents as Confidential or Highly Confidential | All Defendants assert that proposed redacted portions of this report contain references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to |

| | | | | | |
|---|---|---|---|---|---|
| | | | in Appendix A, and because it references the confidential information of non-parties.<br><br>Plaintiffs agree that the proposed redactions highlighted in yellow (except where noted) may remain under seal. Plaintiffs assert that the proposed redactions highlighted in green should be filed publicly. | | or quoted were designated as Highly Confidential by non-party Mylan. Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Mylan Agreements and Data Information (as defined and explained in Appendix A).<br><br>Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |

| 677 | | Sealed Corrected Rebuttal Report of Stephan M. Levy, PhD | The Defendants assert that the document should remain under seal, for the reasons provided in the last column and in Appendix A, and because Defendants have proposed redactions to the original version of this report, at Dkt. 663.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety.  Also, Plaintiffs assert that should one version of the document be filed publicly, it be this controlling docket entry, which | Mylan and Connective Rx designated some of the underlying documents as Confidential or Highly Confidential | All Defendants assert that this report contains references or quotations to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-parties Mylan and ConnectiveRx. Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Client Agreements, Mylan Agreements and Data Information (as defined and explained in Appendix A).<br><br>ConnectiveRx asserts that the sealed report contains references to non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been |

| | | | is this Corrected Report. | | marked Confidential or Highly Confidential pursuant to the Amended Protective Order [Doc. No. 461]. In addition, the underlying documents referred to were designated as Confidential or Highly Confidential by Mylan.<br><br>Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants, ConnectiveRx and Mylan failed to justify continued sealing. Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that characterization of underlying events and expert assumptions or interpretations should be unsealed. Plaintiffs assert Defendants and Mylan failed to timely propose redactions. Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
| 679 | | Sealed Corrected Rebuttal Expert Report | The Defendants assert that the | Mylan designated some of the | All Defendants assert this report contains references or quotations |

| | | of Dr. Stephen W. Schondelmeyer | document should remain under seal, for the reasons provided in the last column and in Appendix A, and because Defendants have proposed redactions to the original version of this report, at Dkt. 665.<br><br>Plaintiffs assert Defendants have not met their burden for sealing any portions of the memorandum and, therefore, the memorandum should be filed publicly in its entirety. Also, Plaintiffs assert that should one version of the document be filed publicly, it be this controlling docket entry, which is this Corrected Report. | underlying documents as Confidential or Highly Confidential | to limited excerpts of non-public, highly competitive, proprietary, and/or commercially sensitive information contained in documents that have been designated Highly Confidential pursuant to the Protective Order. In addition, some of the underlying documents referred to or quoted were designated as Highly Confidential by non-party Mylan.  Defendants incorporate by reference the additional arguments made in Appendix A included in this motion, including because this report references Mylan Agreements and Data Information (as defined and explained in Appendix A).<br><br>Mylan objects to the unsealing of any documents that cite to, quote from, or otherwise reference Mylan's confidential information.<br><br>Plaintiffs assert that Defendants and Mylan failed to justify continued sealing.  Plaintiffs assert a strong public interest in unsealing. Plaintiffs assert that |

| | | | | | characterization of underlying events and expert assumptions or interpretations should be unsealed.  Plaintiffs assert Defendants and Mylan failed to timely propose redactions.  Plaintiffs assert Defendants' claim of highly competitive information is unfounded. |
|---|---|---|---|---|---|

Dated July 31, 2020

LOCKRIDGE GRINDAL NAUEN PLLP

/s/ Kate M. Baxter-Kauf
Kate M. Baxter-Kauf, #392037
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4007
kmbaxter-kauf@locklaw.com

***Plaintiffs' Interim Liaison Counsel***

KELLER ROHRBACK L.L.P.

Cari Campen Laufenberg (*Pro Hac Vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Email: claufenberg@kellerrohrback.com

***Plaintiffs' Interim Lead Class Counsel***

LOCKRIDGE GRINDAL NAUEN PLLP

Karen Hanson Riebel, #219770
David W. Asp, #344850
Kristen G. Marttila, #346007
Arielle S. Wagner, #398332
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
dwasp@locklawcom
kgmarttila@locklaw.com
aswagner@locklaw.com

KELLER ROHRBACK L.L.P.

Lynn Lincoln Sarko (*Pro Hac Vice*)
Gretchen Freeman Cappio (*Pro Hac Vice*)
Gretchen S. Obrist (*Pro Hac Vice*)
Matthew Gerend (*Pro Hac Vice*)
Garrett Heilman (*Pro Hac Vice*)
Erin M. Riley (*Pro Hac Vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
gobrist@kellerrohrback.com
mgerend@kellerrohrback.com
gheilman@kellerrohrback.com
eriley@kellerrohrback.com

Ron Kilgard (*Pro Hac Vice*)
3101 North Central Avenue
Suite 1400
Phoenix, AZ 85012
rkilgard@kellerrohrback.com

i

ROBBINS GELLER RUDMAN & DOWD
LLP

Stuart A. Davidson (*Pro Hac Vice*)
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
sdavidson@rgrdlaw.com

***Plaintiffs' Interim Steering Committee
Member***

BERMAN TABACCO

Kathleen M. Donovan-Maher (*Pro Hac
Vice*)
1 Liberty Square, 8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
kdonovanmaher@bermantabacco.com

***Plaintiffs' Interim Steering Committee
Member***

ROBBINS GELLER RUDMAN & DOWD
LLP

Paul J. Geller (*Pro Hac Vice*)
Christopher Gold (*Pro Hac Vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
pgeller@rgrdlaw.com
cgold@rgrdlaw.com

Brian O. O'Mara (*Pro Hac Vice*)
Arthur L. Shingler, III (*Pro Hac Vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
bomara@rgrdlaw.com
ashingler@rgrdlaw.com

BERMAN TABACCO

Justin N. Saif (*Pro Hac Vice*)
Steven L. Groopman (*Pro Hac Vice*)
Marc J. Greenspon (*Pro Hac Vice*)
Norman Berman (*Pro Hac Vice*)
Nicole A. Maruzzi (*Pro Hac Vice*)
1 Liberty Square, 8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
jsaif@bermantabacco.com
sgroopman@bermantabacco.com
mgreenspon@bermantabacco.com
nberman@bermantabacco.com
nmaruzzi@bermantabacco.com

Christopher Heffelfinger (*Pro Hac Vice*)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
cheffelfinger@bermantabacco.com

SHARP BARTON, LLP.

Rex A. Sharp (*Pro Hac Vice*)
5301 W. 75th Street
Prairie Village, KS 66208
Telephone: (913) 901-0505
rsharp@sharpbarton.com

***Plaintiffs' Interim Steering Committee Member***

THE LANIER LAW FIRM, PLLC

William Mark Lanier (*Pro Hac Vice*)
6810 F.M. 1960 West
Houston, TX 77069
Telephone: (713) 659-5200
wml@lanierlawfirm.com

***Plaintiffs' Interim Steering Committee Member***

BURNS CHAREST LLP

Warren T. Burns (*Pro Hac Vice*)
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Email: wburns@burnscharest.com

***Plaintiffs' Interim Steering Committee Member***

THE MAUL FIRM PC

Anthony F. Maul (*Pro Hac Vice*)
68 Jay Street, Suite 201
Brooklyn, NY 11201
Telephone: (718) 395-4918
afmaul@maulfirm.com

***Plaintiffs' Interim Steering Committee Member***

Dated:  July 31, 2020

SPENCER FANE LLP

By: */s/ Jessica J. Nelson*
    Donald G. Heeman, #286023
    Jessica J. Nelson, #347358
    Randi J. Winter, #0391354
    100 South Fifth Street, Suite 2500
    Minneapolis, MN  55402
    Telephone:  (612) 268-7000
    Facsimile:  (612) 268-7001
    dheeman@spencerfane.com
    jnelson@spencerfane.com
    rwinter@spencerfane.com

STEPTOE & JOHNSON LLP
    Paul J. Ondrasik, Jr. (*pro hac vice*)
    Eric G. Serron, #169778
    1330 Connecticut Avenue NW
    Washington, DC 20036
    Telephone: (202) 429-3000
    pondrasik@steptoe.com
    eserron@steptoe.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
    Michael Lyle (*pro hac vice*)
    Eric C. Lyttle (*pro hac vice*)
    Jonathan Cooper (*pro hac vice*)
    Deborah Sohn (*pro hac vice*)
    Carolyn L. Hart (*pro hac vice*)
    1300 I Street, NW, Suite 900
    Washington, D.C. 20005
    Telephone:  (202) 538-8000
    Facsimile:  (202) 538-8100
    mikelyle@quinnemanuel.com
    ericlyttle@quinnemanuel.com
    jonathancooper@quinnemanuel.com
    deborahsohn@quinnemanuel.com
    carolynhart@quinnemanuel.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
    Andrew S. Corkhill (*pro hac vice*)
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Telephone:  (212) 849-7000
    Facsimile:  (212) 849-7100
    andrewcorkhill@quinnemanuel.com

***Attorneys for Defendants Express Scripts Holding Co., Express Scripts, Inc.,
and Medco Health Solutions, Inc.***

Dated:  July 31, 2020

FAEGRE DRINKER BIDDLE & REATH LLP

By: _ /s/ John W. Ursu _
    Deborah A. Ellingboe, #26216X
    John W. Ursu, #032257X
    Isaac B. Hall, #0395398
    2200 Wells Fargo Center
    90 South Seventh Street
    Minneapolis, MN 55402
    Telephone:  (612) 766-7000
    Facsimile:  (612) 766-1600
    debbie.ellingboe@faegredrinker.com
    john.ursu@faegredrinker.com
    isaac.hall@faegredrinker.com

WILLIAMS & CONNOLLY LLP
Enu Mainigi (*pro hac vice*)
Richmond T. Moore (*pro hac vice*)
Daniel M. Dockery (*pro hac vice*)
Paul E. Boehm (*pro hac vice*)
Christopher Berg (*pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
emainigi@wc.com
rmoore@wc.com
ddockery@wc.com
pboehm@wc.com
cberg@wc.com

***Attorneys for Defendants CVS Health Corp., Caremark, L.L.C.,
Caremark Rx, L.L.C., and CaremarkPCS Health, L.L.C.***

Dated:  July 31, 2020

STINSON LLP

By:   _/s/ Kadee J. Anderson_____
     Kadee J. Anderson, #0389902
     Andrew Glasnovich, #0398366
     50 South Sixth Street, Suite 2600
     Minneapolis, MN 55402
     Telephone: (612) 335-1500
     kadee.anderson@stinson.com
     drew.glasnovich@stinson.com

ALSTON & BIRD LLP
     Brian D. Boone (*pro hac vice*)
     Brandon Springer (*pro hac vice*)
     Bank of America Plaza
     101 South Tryon Street, Suite 4000
     Charlotte, NC 29280-400
     Telephone: (704) 444-1000
     brian.boone@alston.com
     brandon.springer@alston.com

     John Snyder (*pro hac vice*)
     Kaelyn Wietelman (*pro hac vice*)
     950 F Street NW
     Washington, DC 20004
     Telephone: (202) 239-3960
     john.snyder@alston.com
     kaelyne.wietelman@alston.com

     William H. Jordan (*pro hac vice*)
     Elizabeth Broadway Brown (*pro hac vice*)
     Jahnisa Loadholt (*pro hac vice*)
     Jordan Elise Edwards (*pro hac vice*)
     D. Andrew Hatchett (*pro hac vice*)
     Bradley D. Harder (*pro hac vice*)
     One Atlantic Center
     1201 West Peachtree Street
     Atlanta, GA 30309-3424
     Telephone: (404) 881-7000
     bill.jordan@alston.com
     liz.brown@alston.com
     jahnisa.loadholt@alston.com
     jordan.edwards@alston.com
     andrew.hatchett@alston.com
     bradley.harder@alston.com

***Attorneys for Defendants UnitedHealthCare Services, Inc., UnitedHealth Group, Inc., Optum, Inc., OptumRx Holdings, L.L.C., and OptumRx, Inc.***

Dated:  July 31, 2020

DORSEY & WHITNEY LLP

By: ___/s/ Katie C. Pfeifer_____
      Alan Iverson, #0399747
      Anna K. B. Finstrom, #0397323
      Stephen P. Lucke, #0154210
      Jamie Stilson, #0392913
      Katie C. Pfeifer, #0309709
      Nicholas J. Bullard, #0397400
      Paul W. Heiring, #0175808
      Vanessa Szalapski, #0396739
      50 South Sixth Street, Suite 1500
      Minneapolis, MN 55402
      Telephone: (612) 340-2600
      Facsimile: (612) 340-2868
      iverson.alan@dorsey.com
      finstrom.anna@dorsey.com
      lucke.steve@dorsey.com
      stilson.jaime@dorsey.com
      pfeifer.katie@dorsey.com
      bullard.nick@dorsey.com
      heiring.paul@doresey.com
      szalapski.vanessa@dorsey.com

*Attorneys for Defendant Prime Therapeutics, LLC*